1  ANDREW D. CASTRICONE
   acastricone@grsm.com
2  GORDON&REES SCULLY MANSUKHANI, LLP
   275 Battery Street, Suite 2000
3  San Francisco, CA 94111
   Telephone:    (415) 986-5900
4  Facsimile:    (415) 262-3726

5  Attorneys for Defendants FLUENT, LLC,
   served and f/k/a FLUENT, INC.; REWARD ZONE
6  USA, LLC; REWARDSFLOW LLC; AMERICAN PRIZE
   CENTER, LLC; and MOHIT SINGLA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIRA BLANCHARD, an individual; RYAN COOPER, an individual; MARK DAVIS, an individual; CHANDRA GREENBERG, an individual; JAMES JOBE, an individual; DEBRA KOTTONG, an individual; OGEN LAMA, an individual; MARIA MARQUEZ, an individual; VANESSA POWERS, an individual; and GAIL TAYLOR, an individual;<br><br>Plaintiffs,<br><br>vs.<br><br>FLUENT, INC., a Delaware corporation; REWARD ZONE USA, LLC, a Delaware limited liability company; REWARDS FLOW, LLC, a Delaware limited liability company; AMERICAN PRIZE CENTER, LLC, a Delaware limited liability company; MOHIT SINGLA, an individual; SAUPHTWARE INC., a Nevada corporation; ADREACTION, a business of unknown formation; ANGLO IDITECH, a business of unknown formation; FORtANALYSIS8 DEVELOP, a business of unknown formation; CONCEPT NETWORK, a business of unknown formation; DIEGO RUFINO, an individual; PRISCILA AREKELIAN, an individual; ANDRES MARY, an individual; and DOES 1-1000;<br><br>Defendants. | CASE NO.<br><br>**DEFENDANTS' NOTICE OF REMOVAL OF ACTION**<br><br>Complaint filed in San Francisco County Superior Court September 16, 2016 (Case No. CGC 16-554299) |

-1-

FLUENT'S NOTICE OF REMOVAL                                             Case No. _____

TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO PLAINTIFFS AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Defendants FLUENT, LLC, served and f/k/a FLUENT, INC.; REWARD ZONE USA, LLC; REWARDSFLOW LLC; AMERICAN PRIZE CENTER, LLC; and MOHIT SINGLA ("Defendants") hereby remove the state court action entitled *Mira Blanchard, et al. v. Fluent, Inc., et al*, San Francisco County Superior Court, Case No. CGC 16-554299 ("the Action") to this Court pursuant to 28 U.S.C. sections 1332, 1441, and 1446.

This Notice is based upon the original jurisdiction of the federal district court over the parties under 28 U.S.C. section 1332 based upon complete diversity of citizenship between plaintiffs and the "properly joined defendants." As set forth herein, Defendant Andres Mary is an improper defendant, fraudulently joined to defeat diversity, and his alleged citizenship (which is alleged to be in California) should not be considered.

## I.  REMOVAL JURISDICTION – Civil Local Rule 3-5(a)

1. This action may be removed to this Court by the Defendant pursuant to the provisions of 28 U.S.C. section 1332, because, as set forth below, complete diversity exists among the plaintiffs and non-fraudulently joined defendants and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## II.  RELEVANT PROCEDURAL FACTS REGARDING TIMING OF REMOVAL

2. On September 16, 2016, Plaintiffs filed their Complaint in this case in the Superior Court of California, County of San Francisco. It was not served. On December 20, 2016 plaintiffs filed a First Amended Complaint ("First Amended Complaint").

3. Defendant Fluent, LLC f/k/a Fluent, Inc. ("Fluent") was served as Fluent, Inc. by personal service on its agent for service of process, Mohit Singla, on March 6, 2017.

4. On February 14, 2017, Plaintiffs' counsel purported to serve the First Amended Complaint on Defendants Reward Zone USA, LLC, Rewards Flow, LLC, American Prize Center, LLC, and Mohit Singla, along with a Summons, ADR Information packet, Notice of Case Management Conference, and Order Continuing CMC – all served via mail pursuant to California Code of Civil Procedure Section 415.40. As a result, service was effective on said

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  defendants 10 days after mailing, on February 24, 2017.

2      5.    On March 22, 2017, Fluent timely removed this case alleging federal diversity jurisdiction (including allegations of the Plaintiffs' including of a sham defendant, Andres Mary, as a California citizen (he is actually from Argentina) presumably to avoid removal). *See Blanchard, et al. v. Fluent, Inc., et al.* Case No. 17-cv-01551-MMC, Dkt No.1. Each of the other removing defendants herein (Reward Zone USA, LLC, Rewards Flow, LLC, American Prize Center, LLC, And Mohit Singla) consented to removal at that time.[1] *Id.*, Dkt. Nos. 2-5. At the time of removal, and upon information and belief, no other defendant had been served. Based on service of the First Amended Complaint, removal was therefore timely under 28 U.S.C section 1446(b)(1).

    6.    Following removal, Fluent filed its Answer in Case No. 17-cv-01551-MMC on March 29, 2017. Case No. 17-cv-01551-MMC, Dkt No.15. The very same day, another non-Fluent served defendant, Sauphtware, Inc., filed a Motion to Dismiss. *Id.*, Dkt. No. 14. Sauphtware, Inc. later filed a Consent to Removal on April 19, 2017. *Id.*, Dkt. No. 23.

    7.    On April 3, 2017, Plaintiffs filed a Motion to Remand – solely on the grounds that Mr. Mary was a proper defendant and California citizen, and that another served defendant, Sauphtware, Inc. had not consented to removal – even though the "non-consenting" defendant had already filed a responsive pleading in federal court. *See* Case No. 17-cv-01551-MMC, Dkt No.16.

    8.    Going beyond the scope of the remand motion, the District Court then issued an Order to Show Cause re Remand ("OSC") on April 4, 2017 – directing the removing defendants to allege, by April 17, 2017, (along with an opposition to the Motion to Remand), the citizenship of *all* defendants – served and not served – to properly demonstrate that there was truly complete diversity. *See* Case No. 17-cv-01551-MMC, Dkt No. 18. Pursuant to Plaintiffs' and Fluent's Stipulation, the Court extended the deadline to May 8, 2017. *See Id.*, Dkt No.22.

    9.    On May 5, 2017, the parties filed a Stipulation for the filing of a Second Amended Complaint, which included additional plaintiffs and defendants. *See* Case No. 17-cv-

---

[1] All removing defendants are collectively referred to herein as "Fluent."

-3-

FLUENT'S NOTICE OF REMOVAL                                                             Case No. _____

1  01551-MMC, Dkt No. 24.  Due to an alleged lack of diversity given some of the new defendants,
2  the parties further contemplated that, if the Second Amended Complaint were permitted to be
3  filed in federal court, the Motion to Remand and OSC would be incomplete.  *Ibid*.  As such, on
4  May 8, 2017, the parties also filed a Stipulation to further continue the deadline for responding to
5  the motion and OSC.  *Id.*, Dkt.No. 25.

6      10.    Fluent's intent was to address the purported lack of diversity, as well as the
7  impropriety of additional parties in its responsive pleading and the opposition to any amended
8  remand motion.  *See* Declaration of Andrew D. Castricone, Esq.  ¶7.  Fluent's position that
9  additional defendants were being added simply to avoid diversity and that the amended
10 complaint should not survive.  *Ibid*., *See, e.g. Desert Empire Bank v. Insurance Co. of No.*
11 *America* 623 F.2d 1371, 1376-1377 (9th Cir. 1980); *Clinco v. Roberts* 41 F.Supp.2d 1080, 1086
12 (CD Cal.1999); and *Winner's Circle of Las Vegas, Inc. v. AMI-Franchising, Inc.* (D NV 1996)
13 916 F.Supp. 1024, 1025 (D NV 1996).

14     11.    However, on May 11, 2017, the Court denied to enter an order on the stipulations,
15 finding that diversity jurisdiction "is determined (and must exist) as of the time the complaint is
16 filed and removal is effected."  *See* Case No. 17-cv-01551-MMC, Dkt No. 26.  However, the
17 Court recognized Fluent's likely reliance on the stipulation, and further extended Fluent's
18 responses to the motion and OSC until May 18, 2017.  *Ibid*.

19     12.    Despite the District Court's indication that it did not want to address any possible
20 changes to the pleadings pending a determination of jurisdiction, Plaintiffs nevertheless filed
21 ***three motions*** on May 12, 2017 - a Motion to Substitute Name of Defendant, a Motion to
22 Correct Name of Doe Defendants, and an Amended Motion to Remand.  *See* Case No. 17-cv-
23 01551-MMC, Dkt Nos. 27, 28, 29.   On the very same day, the Court entered an Order denying
24 all of the motions, without prejudice, until jurisdiction had been resolved.  *Id.*, Dkt. No. 30.

25     13.    In an almost immediate response, on May 15, 2017, and to clearly skirt the
26 Court's ruling, Plaintiffs' counsel then filed a separate action in the California Superior Court in
27 and for the County of San Francisco, *Duncan, et al. v. Fluent, LLC, et al.* ("*Duncan*"), SFSC
28 Case No. CGC-17-558932, naming the very same plaintiffs and defendants they had

-4-

FLUENT'S NOTICE OF REMOVAL     Case No. _____

*Gordon Rees Scully Mansukhani, LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA 94111*

1  unsuccessfully tried to add to the operative complaint in the District Court just three days earlier.
2  *See* Castricone Decl., Ex. "B." To date, the *Duncan* matter has not been served, Plaintiffs'
3  counsel has never discussed the Duncan case with Fluent's counsel. *Id.* at ¶7. The only thing the
4  *Duncan* plaintiffs have done is to file a Request for Dismissal, without prejudice, of one of the
5  named plaintiffs, Bunny Segal. *Id.* at ¶7-8; Ex. "C." The Request for Dismissal, the reason for
6  which is unknown, was filed on June 26, 2017. *Ibid*.

7  14.  On May 18, 2017, Fluent filed a lengthy Opposition and Response to the OSC.
8  *See* Case No. 17-cv-01551-MMC, Dkt Nos. 31-35. In addition to submitting evidence regarding
9  Mr. Mary, the Sauphtware, Inc. consent issue, and further information on the citizenship of the
10 served defendants, the papers included voluminous evidence of Fluent's investigation of the
11 ***named but non-served*** defendants and the domain names at issue, and identified various
12 connected non-parties (including Experions.com, LLC) to establish complete diversity. *Ibid.*
13 With respect to Experions.com, LLC, Fluent noted that it had, at the time, been unable to
14 confirm the citizenship of Experions.com, LLC's individual members (and requested more time
15 to so so). *Ibid.*

16 15.  In their May 25, 2017 reply papers, Plaintiffs focused on Mr. Mary, Sauphtware,
17 Inc., and Fluent's arguably vague description of unserved defendant, AdReaction's, relationship
18 to a Canadian corporation. *See* Case No. 17-cv-01551-MMC, Dkt Nos. 37-38.

19 16.  The matter was taken under submission without oral argument. The Court
20 remanded the action on June 8, 2017 on narrow issues regarding the failure to completely
21 address Experions.com, LLC's citizenship and, in a footnote, the vague allegation related to
22 AdReaction. Case No. 17-cv-01551-MMC, Dkt No.47. Again, the Court expressly noted that,
23 within 30 days of receipt of evidence of complete diversity, Fluent could seek to remove again.
24 *Ibid*. *See* Castricone Decl., Ex. "A."

25 17.  Since the time of the Order, Fluent and its counsel have been seeking additional
26 evidence regarding the narrow scope of the basis for remand. In doing so, after securing
27 evidence between July 28, 2017 and August 7, 2017, and as set forth in the supporting
28 declarations filed concurrently herein, as well as the evidence submitted in Case No. 17-cv-

-5-

FLUENT'S NOTICE OF REMOVAL                                    Case No. _____

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

01551-MMC, it is respectfully requested that Fluent has established complete diversity of citizenship.

18. Plaintiffs are presently seeking to amend the operative complaint in this matter to add the parties in the already pending and separate *Duncan* matter – presumably in an effort to destroy diversity here.

### III. A PROPER BASIS EXISTS FOR REMOVAL

#### A. There is Complete Diversity Among the Properly Joined Defendants

19. The removing Defendant is informed and believes, based upon Plaintiffs' operative First Amended Complaint, that Plaintiffs were, and still are, citizens of the State of California. *See* First Amended Complaint, attached hereto as part of Ex. "A".

20. All of the defendants, other than Andres Mary, are alleged to be non-California citizens. Mr. Mary is alleged to have sent at least 6 emails at issue and is also alleged to be a California citizen, based solely on an alleged virtual mailbox purportedly connected with his name located in San Francisco, California. However, upon information and belief, Mr. Mary was and is, at all relevant times, a developer, whose citizenship, residency, and principal place of business is located within Argentina. Upon information and belief, Mr. Mary, as a developer, would also not have been the person/entity sending the email from the domains alleged in the First Amended Complaint. As such, for purposes of removal, Andres Mary's citizenship should be disregarded. Mr. Mary's citizenship was fully addressed in Fluent's Opposition/Response to the Motion to Remand and Order to Show Cause in Case No. CGC-17-558932, Dkt. Nos. 31-35.

21. Served defendant Sauphtware, Inc., which consented to federal jurisdiction previously, provided Fluent with a renewed consent to removal on August 4, 2017; the consent is being filed concurrently herein.

22. Upon information and belief, the remaining defendants other than the Fluent have been not served and/or have not yet appeared or filed any papers in the state court action. Upon service, if effectuated, consent to removal of the other defendants will be requested.

#### B. The Amount in Controversy Exceeds $75,000, Exclusive of Interest and Costs

23. The First Amended Complaint's prayer for relief seeks damages of at least

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1 $1,265,000.

## IV.    ALL PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

24.    The Summons on First Amended Complaint, First Amended Complaint, ADR Information Packet, Notice of Case Management Conference, and Order Continuing Case Management Conference (as well as a recently received second Order Continuing Case Management Conference) were served on Fluent, LLC via personal service on March 6, 2017, and on the remaining Fluent defendants in this matter via mail on February 14, 2017 pursuant to California Code of Civil Procedure section 415.40, which makes service effective February 24, 2017 as to those defendants.

25.    Following service, no defendants have filed any responsive pleading in the state court action.  Fluent filed an Answer in Case No. CGC-17-558932 on March 29, 2017.  Sauphtware, Inc. filed a Motion to Dismiss on the same date.  The motion was never ruled upon.

26.    Per the June 8, 2017 Order in Case No. CGC-17-558932, this notice is filed within 30 days after receipt of "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." Thus, removal is timely and proper pursuant to 28 U.S.C. section 1446(b).

27.    As required by 28 U.S.C. section 1446(a), copies of "all process, pleadings, and orders served upon such defendant[s]" regarding the state court action are attached to this Notice of Removal (along with the operative complaint) as Exhibit "A."  The documents comprising Exhibit "A" are:  Complaint; Summons on First Amended Complaint; First Amended Complaint; ADR Information packet; Notice of Case Management Conference; Order Continuing CMC; the second Order Continuing Case Management Conference; Proofs of Service of Summons on First Amended Complaint; Order Taking CMC Off Calendar; Fluent's Opposition to Plaintiffs' Motion to Amend; USDC 06-09-2017 Letter to San Francisco Court re Remand; Plaintiffs' Motion to Amend the Complaint; Corrected Motion to Amend Documents; Fluent's opposition to the Motion to Amend the Complaint; and Plaintiffs' Reply re the Motion to Amend.  The documents are attached as Exhibit A, Parts 1-4.

28.    A copy of this Notice of Removal, without exhibits, is being filed with the Clerk

1  of the Superior Court of the State of California in and for the County of San Francisco.

2      29.    A copy of this Notice of Removal, without exhibits, and copies of each consent to

3  removal and supporting declarations are being served on Plaintiffs' counsel.

**V.  INTRADISTRICT ASSIGNMENT**

5      30.    Pursuant to Civil Local Rule 3-5(b), this identifies the basis for assignment to a

6  particular location or division of the Court pursuant to Civil Local Rule 3-2 (c).  Pursuant to

7  Civil Local Rule 3-2 (c), all civil actions shall be assigned to a courthouse serving the County in

8  which the action arises.  Under Civil Local Rule 3-2 (d), actions such as this, arising in the

9  County of Alameda, may be assigned to San Francisco or Oakland.  This matter should therefore

10  be assigned to the San Francisco or Oakland Division pursuant to Civil Local Rule 3-2(c), (d).

**VI.  CONCLUSION/PRAYER**

12  For the reasons describe above, Plaintiffs' claims are properly removable under

13  28 U.S.C.  sections 1332, 1441.

14  WHEREFORE, Defendant prays that the State Court Action be removed to this Court

15  and this Court accept jurisdiction of this action in its entirety and henceforth that this action be

16  placed on the docket of this Court for further proceedings, the same as if this action had been

17  originally filed in this Court.

18  Defendant requests a jury trial.

19  Dated:  August 7, 2017        GORDON & REES SCULLY MANSUKHANI, LLP

By _____
Andrew D. Castricone
Attorneys for Defendants FLUENT, LLC, served and f/k/a FLUENT, INC.; REWARD ZONE USA, LLC; REWARDSFLOW LLC; AMERICAN PRIZE CENTER, LLC; and MOHIT SINGLA

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1126421/33908394v.1