1

ANDREW D. CASTRICONE
acastricone@grsm.com

2

GORDON&REES SCULLY MANSUKHANI, LLP
275 Battery Street, Suite 2000

3

San Francisco, CA 94111
Telephone:     (415) 986-5900

4

Facsimile:     (415) 262-3726

5

Attorneys for Defendants FLUENT, LLC,

6

served and f/k/a FLUENT, INC.; REWARD ZONE
USA, LLC; REWARDSFLOW LLC; AMERICAN PRIZE

7

CENTER, LLC; and MOHIT SINGLA

8

UNITED STATES DISTRICT COURT

9

NORTHERN DISTRICT OF CALIFORNIA

10

11

MIRA BLANCHARD, an individual; RYAN

12

COOPER, an individual; MARK DAVIS, an
individual; CHANDRA GREENBERG, an

13

individual; JAMES JOBE, an individual;
DEBRA KOTTONG, an individual; OGEN

14

LAMA, an individual; MARIA MARQUEZ, an
individual; VANESSA POWERS, an

15

individual; and GAIL TAYLOR, an individual;

16

Plaintiffs,

17

vs.

18

FLUENT, INC., a Delaware corporation;
REWARD ZONE USA, LLC, a Delaware

19

limited liability company; REWARDS FLOW,
LLC, a Delaware limited liability company;

20

AMERICAN PRIZE CENTER, LLC, a
Delaware limited liability company; MOHIT

21

SINGLA, an individual; SAUPHTWARE INC.,
a Nevada corporation; ADREACTION, a

22

business of unknown formation; ANGLO
IDITECH, a business of unknown formation;

23

FORtANALYSIS8 DEVELOP, a business of
unknown formation; CONCEPT NETWORK, a

24

business of unknown formation; DIEGO
RUFINO, an individual; PRISCILA

25

AREKELIAN, an individual; ANDRES MARY,
an individual; and DOES 1-1000;

26

Defendants.

CASE NO.

**EXHIBIT A FOR DEFENDANTS'
NOTICE OF REMOVAL OF ACTION –**

# PART 1

Complaint filed in San Francisco County
Superior Court September 16, 2016 (Case
No. CGC 16-554299)

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

27

28

1126421/34051176v.1

EXHIBIT A – PART 1 FOR FLUENT'S NOTICE OF REMOVAL          Case No. _____

Jacob Harker (State Bar No. 261262)
LAW OFFICES OF JACOB HARKER
582 Market Street, Suite 1007
San Francisco, CA 94104
Tel: (415) 624-7602
Fax: (415) 684-7757
Email: jacob@harkercounsel.com

Daniel L. Balsam (State Bar No. 260423)
THE LAW OFFICES OF DANIEL BALSAM
2601C Blanding Avenue #271
Alameda, CA 94501
Tel: (415) 869-2873
Fax: (415) 869-2873
Email: legal@danbalsam.com

Attorneys for Plaintiffs

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF SAN FRANCISCO (UNLIMITED JURISDICTION)**

| | |
|---|---|
| MIRA BLANCHARD, an individual;<br>JAMES JOBE, an individual;<br>DEBRA KOTTONG, an individual;<br>OGEN LAMA, an individual;<br>VANESSA POWERS, an individual; and<br><br>Plaintiffs,<br>v.<br><br>FLUENT, INC., a Delaware corporation;<br>REWARD ZONE USA, LLC, a Delaware<br>limited liability company;<br>REWARDSFLOW, LLC, a Delaware limited<br>liability company;<br>AMERICAN PRIZE CENTER, LLC, a<br>Delaware limited liability company;<br>MOHIT SINGLA, an individual;<br>PANDA MAIL, a business of unknown<br>formation;<br>ADREACTION, a business of unknown<br>formation;<br>ANGLO IDITECH, a business of unknown<br>formation; | Case No.: **CGC 16-554299**<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **VIOLATIONS OF CALIFORNIA<br>RESTRICTIONS ON UNSOLICITED<br>COMMERCIAL E-MAIL (Cal. Bus. &<br>Prof. Code § 17529.5)** |

**FILED**
San Francisco County Superior Court
SEP 16 2016
CLERK OF THE COURT
BY: _____
Deputy Clerk

1
COMPLAINT

FORTANALYSIS8 DEVELOP, a business of )
unknown formation;                     )
CONCEPT NETWORK, a business of         )
unknown formation;                     )
DIEGO RUFINO, an individual;           )
PRISCILA AREKELIAN, an individual;     )
ANDRES MARY, an individual; and        )
DOES 1-1,000;                          )
                                       )
            Defendants.                )

COME NOW PLAINTIFFS MIRA BLANCHARD *et al* and file this Complaint for one cause of action against Defendants FLUENT, INC. *et al* and allege as follows:

## I. <u>INTRODUCTION AND SUMMARY OF THE COMPLAINT</u>

1.      Plaintiffs MIRA BLANCHARD *et al* bring this Action against professional spammers FLUENT, INC. and related companies, and their third party advertising networks and affiliates (aka "publishers"), for sending almost 600 unlawful unsolicited commercial emails ("spams") to Plaintiffs.  A representative sample appears on the next page.

2.      No Plaintiff gave direct consent to receive commercial email advertisements from, or had a preexisting or current business relationship with, the entities advertised in the spams.

3.      The spams all materially violated California Business & Professions Code § 17529.5 ("Section 17529.5") due to: a) materially false and deceptive information contained in or accompanying the email headers (i.e. From Name, Sender Email Address, and Subject Line); b) Subject Lines misleading relative to the contents of the emails; and/or c) the use of third parties' domain names without permission.

4.      FLUENT, INC. and the other ADVERTISER DEFENDANTS are strictly liable for advertising in spams sent by their third party marketing agents, as are the marketing agents themselves.

5.      Spam recipients are not required to allege or prove reliance or actual damages to have standing. *See* Bus. & Prof. Code § 17529.5(b)(1)(A)(iii).  Nevertheless, Plaintiffs did suffer damages by receiving the spams. *See, e.g.,* Bus. & Prof. Code § 17529(d), (e), (g), (h). However, Plaintiffs elect to recover statutory damages only and forego recovery of any actual damages. *See* Bus. & Prof. Code § 17529.5(b)(1)(B).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31

**Subject:** Get a $100 Walmart Gift Card FREE!

**From:** SavingcenterUsa (service@mondaydress.com)

**To:**

**Date:** Wednesday, December 31, 1969 4:00 PM

## vsp0930.PLEASE READ THIS: Walmart Gift Card Pending



This advertisement was sent to you by a third party. If you are not interested in receiving future RewardZoneUsa advertisement, please Click Here. Alternatively, you can opt out by sending a letter to: RewardsFlow, LLC., 128 Court Street, 3rd FL White Plains, NY 10601 Upon completion of purchase requirements. See offer for details*

INVESTOR TIMES
If you no longer wish to receive our promotional mailings please, Unsubscribe here
or write us at: 5300 Fairfield Shopping Center # V110 Virginia Beach, Virginia 23464 US

6.     This Court should award liquidated damages of $1,000 per email as provided by Section 17529.5(b)(1)(B)(ii), and not consider any reduction in damages, because FLUENT, INC. and the other ADVERTISER DEFENDANTS, and their third party marketing agents, failed to implement reasonably effective systems to prevent advertising in unlawful spams.  The unlawful elements of these spams represent willful acts of falsity and deception, rather than clerical errors.

7.     This Court should award Plaintiffs their attorneys' fees pursuant to Section 17529.5(b)(1)(C).  *See also* Code of Civil Procedure § 1021.5, providing for attorneys fees when private parties bear the costs of litigation that confers a benefit on a large class of persons; here, by reducing the amount of false and deceptive spam received by California residents.

## II. PARTIES

### A. Plaintiffs

8.     MIRA BLANCHARD ("BLANCHARD") was domiciled in and a citizen of the State of California, when she received the spams at issue.  The spams at issue were sent to BLANCHARD's email address mira.blanchard@yahoo.com that she ordinarily accesses from California.

9.     JAMES JOBE ("JOBE") was domiciled in and a citizen of the State of California, when he received the spams at issue.  The spams at issue were sent to JOBE's email address jamesjobe14@yahoo.com that he ordinarily accesses from California.

10.     DEBRA KOTTONG ("KOTTONG") was domiciled in and a citizen of the State of California, when she received the spams at issue.  The spams at issue were sent to KOTTONG's email address fadedjeens@yahoo.com that she ordinarily accesses from California.

11.     OGEN LAMA ("LAMA") was domiciled in and a citizen of the State of California, when he received the spams at issue.  The spams at issue were sent to LAMA's email address aaturu05@yahoo.com that he ordinarily accesses from California.

12.     VANESSA POWERS ("POWERS") was domiciled in and a citizen of the State of California, when she received the spams at issue.  The spams at issue were sent to POWERS' email address vsp0930@yahoo.com that she ordinarily accesses from California.

13.     Plaintiffs' joinder in this Action is proper pursuant to Code of Civil Procedure § 378 because Plaintiffs seek relief based on the same series of transactions or occurrences: all received

1  similar spams in the same general time period advertising FLUENT, INC. and the other

2  ADVERTISER DEFENDANTS' websites, and all of those spams were sent by FLUENT, INC.,

3  the other ADVERTISER DEFENDANTS, or their marketing agents.  The same questions of law

4  (e.g., violations of Section 17529.5, strict liability) and fact (e.g., direct consent, practices and

5  procedures to prevent advertising in unlawful spam) will arise in this Action.  The fact that each

6  Plaintiff does not sue for *exactly* the same spams does not bar joinder: "It is not necessary that

7  each plaintiff be interested as to every cause of action or as to all relief prayed for.  Judgment

8  may be given for one or more of the plaintiffs according to their respective right to relief."  Code

9  Civ. Proc. § 378(b).

10  **B.  Defendants**

11       *1.  Advertiser Defendants*

12  14.    Plaintiffs are informed and believe and thereon allege that Defendant FLUENT, INC.

13  ("FLUENT") is now, and was at all relevant times, a Delaware corporation with its principal

14  place of business in New York, New York.  Plaintiffs are informed and believe and thereon

15  allege that FLUENT is responsible for advertising in some or all of the spams at issue in this

16  lawsuit.

17  15.    Plaintiffs are informed and believe and thereon allege that Defendant REWARD ZONE

18  USA, LLC ("REWARD ZONE"), is now, and was at all relevant times, a Delaware limited

19  liability company affiliated with FLUENT.  Plaintiffs are informed and believe and thereon

20  allege that REWARD ZONE is responsible for advertising in some or all of the spams at issue in

21  this lawsuit.  Plaintiffs are informed and believe and thereon allege that REWARD ZONE

22  registered the following domain names corresponding to the "landing websites" hyperlinked

23  from certain spams at issue in this Action: webpromotionsusa.com, retailusapromo.com,

24  promotionsusaweb.com, promotionalretail.com, and electronicpromotionscenter.com.

25  16.    Plaintiffs are informed and believe and thereon allege that Defendant REWARDSFLOW,

26  LLC ("REWARDSFLOW"), is now, and was at all relevant times, a Delaware limited liability

27  company affiliated with FLUENT.  Plaintiffs are informed and believe and thereon allege that

28  REWARDSFLOW is responsible for advertising in some or all of the spams at issue in this

29  lawsuit.

30  17.    Plaintiffs are informed and believe and thereon allege that Defendant AMERICAN

31  PRIZE CENTER, LLC ("AMERICAN PRIZE CENTER"), is now, and was at all relevant times,

1   a Delaware limited liability company affiliated with FLUENT. Plaintiffs are informed and

2   believe and thereon allege that AMERICAN PRIZE CENTER is responsible for advertising in

3   some or all of the spams at issue in this lawsuit. Plaintiffs are informed and believe and thereon

4   allege that AMERICAN PRIZE CENTER registered the following domain names corresponding

5   to the "landing websites" hyperlinked from certain spams at issue in this Action:

6   surveysandpromotionsonline.com, electronics-sweepstakes.com, and

7   retailpromotionsonline.com.

8   18.     Plaintiffs are informed and believe and thereon allege that Defendant MOHIT SINGLA

9   ("SINGLA"), is now, and was at all relevant times, an individual who resides in New York State

10   and who is affiliated with FLUENT, REWARD ZONE, REWARDSFLOW, and/or AMERICAN

11   PRIZE CENTER. Plaintiffs are informed and believe and thereon allege that SINGLA is

12   responsible for advertising in some or all of the spams at issue in this Action. Plaintiffs are

13   informed and believe and thereon allege that SINGLA personally registered the following

14   domain names corresponding to the "landing websites" hyperlinked from certain spams at issue

15   in this Action: restaurantpromotionsusa.com, onlineretailpromotion.com,

16   onlinepromotionscenter.com, promotionalsurveys.com, electronicpromotion.com,

17   nationalconsumercenter.com, retailpromotionusa.com, consumersrvycnter.com,

18   surveysandpromotions.com.

19   19.     Plaintiffs are informed and believe and thereon allege that FLUENT, REWARD ZONE,

20   REWARDSFLOW, and AMERICAN PRIZE CENTER are interrelated entities. Plaintiffs do

21   not know the exact nature of the relationship between these entities. Plaintiffs are also informed

22   and believe and thereon allege that there is an interrelationship between SINGLA and FLUENT,

23   REWARD ZONE, REWARDSFLOW, and AMERICAN PRIZE CENTER. Plaintiffs

24   hereinafter refer to FLUENT, REWARD ZONE, REWARDSFLOW, AMERICAN PRIZE

25   CENTER, and SINGLA collectively as "ADVERTISER DEFENDANTS."

26        **2. Publisher Defendants**

27   20.     Plaintiffs are informed and believe and thereon allege that Defendant PANDA MAIL

28   ("PANDA") is now, and was at all relevant times, a business of unknown formation with its

29   principal place of business in Las Vegas, Nevada. Plaintiffs are informed and believe and

30   thereon allege that PANDA sent at least 40 of the spams at issue in this Action using the

31   following domain names: badbizbulletin.com, bangappletime.com, beggarsblog.com,

1  blogconnections.com, blogdater.com, bloggaro.com, hothotclick2.com, hitinternet.com,

2  homechurchblog.com, liquidbulletin.com, meetingsitevisit.com, newsbookonline.com,

3  propertysupersite.com, quickclickweb.com, sendbookbasket.com, sendnewsrelease.com,

4  softarinoclick.com, superemailnews.com, superglobalnews.com, and usamoblog.com.

5  21.  Plaintiffs are informed and believe and thereon allege that Defendant ADREACTION is

6  now, and was at all relevant times, a business of unknown formation with a principal place of

7  business in Dubai, United Arab Emirates.  Plaintiffs are informed and believe and thereon allege

8  that ADREACTION sent at least 39 of the spams at issue in this Action using the following

9  domain names: aluckeec.com, aneuil.com, balkalike.com, booshidr.com, cheesteh.com,

10  chivoods.com, cleotidxzz.com, culrehoz.com, deeftung.com, eengimpy.com, eglolels.com,

11  ezzytophosts.com, launcedb.com, megaduoponet.com, odensyxa.com, oghadsyf.com,

12  oolroard.com, oossugne.com, othatcha.com, pitulationa.com, porequill.com, psunsird.com,

13  tregill.com, uchussux.com, urimpygh.com, voaptads.com, weapoll.com, woopsamt.com,

14  xoogleem.com, ychempac.com, and zaltyboa.com.

15  22.  Plaintiffs are informed and believe and thereon allege that Defendant ANGLO IDITECH

16  ("ANGLO") is now, and was at all relevant times, a business of unknown formation, with a

17  principal place of business in Bloomfield, New Jersey.  Plaintiffs are informed and believe and

18  thereon allege that ANGLO is neither registered with the New Jersey Secretary of State nor *any*

19  Secretary of State (or its equivalent) in the United States.  Plaintiffs are informed and believe and

20  thereon allege that ANGLO uses the address 590 Bloomfield Ave. #376, Bloomfield, New Jersey

21  7003 to register its domain names used in spamming.  Plaintiffs are informed and believe and

22  thereon allege that ANGLO's address is a box at a branch of The UPS Store and that ANGLO

23  does not actually conduct any business from that address.  Plaintiffs are informed and believe

24  and thereon allege that ANGLO uses a UPS Store box as its address for the specific purpose of

25  being "untraceable" by recipients of its spam emails.  Plaintiffs are informed and believe and

26  thereon allege that ANGLO sent at least 16 of the spams at issue in this Action using the

27  following domain name: apdantag.com.

28  23.  Plaintiffs are informed and believe and thereon allege that Defendant FORTANALYSIS8

29  DEVELOP ("FORTANALYSIS8") is now, and was at all relevant times, a business of unknown

30  formation, with a principal place of business in Slidell, Louisiana.  Plaintiffs are informed and

31  believe and thereon allege that FORTANALYSIS8 is neither registered with the Louisiana

1   Secretary of State nor *any* Secretary of State (or its equivalent) in the United States. Plaintiffs

2   are informed and believe and thereon allege that FORTANALYSIS8 uses the address 857

3   Brownswitch Road. #308, Slidell, Louisiana 70458 to register its domain names used in

4   spamming. Plaintiffs are informed and believe and thereon allege that FORTANALYSIS8's

5   address is a box at a branch of The UPS Store and that FORTANALYSIS8 does not actually

6   conduct any business from that address. Plaintiffs are informed and believe and thereon allege

7   that FORTANALYSIS8 uses a UPS Store box as its address for the specific purpose of being

8   "untraceable" by recipients of its spam emails. Plaintiffs are informed and believe and thereon

9   allege that FORTANALYSIS8 sent at least 13 of the spams at issue in this Action using the

10   following domain name: cleachowlicort.com.

11   24.     Plaintiffs are informed and believe and thereon allege that Defendant CONCEPT

12   NETWORK ("CONCEPT") is now, and was at all relevant times, a business of unknown

13   formation, with a principal place of business in Seattle, Washington. Plaintiffs are informed and

14   believe and thereon allege that CONCEPT is neither registered with the Washington Secretary of

15   State nor *any* Secretary of State (or its equivalent) in the United States. Plaintiffs are informed

16   and believe and thereon allege that CONCEPT NETWORK uses the address 228 Park Avenue S.

17   #31190, Seattle, Washington 98104-2818 to register its domain names used in spamming.

18   Plaintiffs are informed and believe and thereon allege that CONCEPT's alleged address is

19   nonexistent. Plaintiffs are informed and believe and thereon allege that CONCEPT uses a

20   nonexistent address for the specific purpose of being "untraceable" by recipients of its spam

21   emails. Plaintiffs are informed and believe and thereon allege that CONCEPT sent at least 9 of

22   the spams at issue in this Action using the following domain name: conceptnetworkgroup.com.

23   25.     Plaintiffs are informed and believe and thereon allege that Defendant DIEGO RUFINO

24   ("RUFINO"), is now, and was at all relevant times, an individual with a principal place of

25   business in Atlanta, Georgia. Plaintiffs are informed and believe and thereon allege that DIEGO

26   RUFINO uses the address P.O. Box 105603 #31190, Atlanta, Georgia 30348-5603 to register his

27   domain names used in spamming. Plaintiffs are informed and believe and thereon allege that

28   RUFINO uses a P.O. Box for the specific purpose of being "untraceable" by recipients of his

29   spam emails. Plaintiffs are informed and believe and thereon allege that RUFINO sent at least 7

30   of the spams at issue in this Action using the following domain names: aliveandsmartclub.com,

31

1  findmeonmyweb.com, findyourfavoriteteam.com, justirresistibleweb.com,

2  moreservices4less.com, myfuturebusyness.com, and visitandjustenjoy.com.

3  26.     Plaintiffs are informed and believe and thereon allege that Defendant PRISCILA

4  AREKELIAN ("AREKELIAN") is now, and was at all relevant times, an individual, with a

5  principal place of business in Las Vegas, Nevada.  Plaintiffs are informed and believe and

6  thereon allege that AREKELIAN uses the address P.O. Box 29502 #31190, Las Vegas, Nevada

7  89126-9502 to register her domain names used in spamming.  Plaintiffs are informed and believe

8  and thereon allege that AREKELIAN uses a P.O. Box for the specific purpose of being

9  "untraceable" by recipients of his spam emails.  Plaintiffs are informed and believe and thereon

10  allege that AREKELIAN sent at least 7 of the spams at issue in this Action using the following

11  domain names: espchatsocial.com and wtxeres.com.

12  27.     Plaintiffs are informed and believe and thereon allege that Defendant ANDRES MARY

13  ("MARY"), is now, and was at all relevant times, an individual with a principal place of business

14  in San Francisco, California.  Plaintiffs are informed and believe and thereon allege that MARY

15  uses the address 548 Market St. #85748, San Francisco, California 94104 to register his domain

16  names used in spamming.  Plaintiffs are informed and believe that MARY's address is a virtual

17  box at Earth Class Mail, a commercial mail receiving agency ("CMRA").  Plaintiffs are informed

18  and believe and thereon allege that MARY uses a CMRA box for the specific purpose of being

19  "untraceable" by recipients of his spam emails.  Plaintiffs are informed and believe and thereon

20  allege that MARY sent at least 6 of the spams at issue in this Action using the following domain

21  names: moreservices4less.com, onlinedatinglovers.com, superdicountcoupon.com, vocational-

22  test.com, wantcouplenow.com.

23      **3.  DOE Defendants**

24  28.     Plaintiffs do not know the true names or legal capacities of the Defendants designated

25  herein as DOES 1 through 1,000, inclusive, and therefore sue said Defendants under the

26  fictitious name of "DOE."  Plaintiffs allege that certain Defendant(s) designated herein as DOES

27  registered the following domain names used to send some of the spams at issue in a manner so as

28  to prevent email recipients from discovering those DOE Defendants' true identities:

29  99quality.net, 99tard.com, 9stylisheet.net, aassurance.net, accessrun.com, additionalbook.com,

30  adenalgy.com, advancedactivities.net, affectiveevaluation.com, agent-pays.sortcom.net,

31  alwayslivenetshop.com, anecdotalreports.net, angularea.com, antipaschool.com, areamage.com,

9
COMPLAINT

1  areassist.com, asiandate.com, asianmarkets.net, astronomyprogram.net, athework.com,

2  autopricebit.com, autosolutionprograms.com, baseaffiliteog.com, basesamum.com,

3  beamsmanager.com, beautifulmkt.com, becentre.net, bestofoperation.com, bestofsshope.com,

4  bestupmarekt.com, betamarekt.com, betax24offre.com, betharnolder.com, bharatmatrimony.com,

5  bigcentralmediamkt.com, bisnu1sion.com, bookcity.ro, booksontheknob.org, boutiqueak.com,

6  brandmake.net, broadcastoutlets.com, brunsonious.com, buildingdoorstep.com,

7  c0nsumerism.com, calmklein.net, cardcommitteeweb.com, castoffrly.com, chamarekt.com,

8  chamarekt0.com, chosend.com, chron.com, climbtap.com, company24x7.com,

9  consciouslyselecting.com, copingstrategies.net, cwjobsmail.com, dailymshop-send.eu,

10  data0ffre1.com, dataforevers.com, datamarketingcorp.com, datateama.com, datingfocus.net,

11  dazeddigital.com, dealwebzine.com, defervescentre.com, digihelpsell.com, digioffres.com,

12  dilleplasa.org, donpornogratis.com, earsorehands.com, edu.gm, efficientsolution.net, eidjc.com,

13  eiserance.net, embermight.com, emiaterc.com, emsc.net, entrepreneurialgeneration.net,

14  entrepzoom.com, epik.com, eslite.com, existingproduct.com, expressez.com, f64mail.eu,

15  fatparadox.net, filesleya.com, foroffre.com, france-discount.fr, francetvinfo.fr, fruition.net,

16  funspage.com, generationretails.com, globalmarketteam.com, grandstanddreams.com,

17  groupyorkshiretalk.com, harlemshakeoffers.com, hh.ru, hitprodu.com, hopefind.net,

18  housefarms.net, hoymanager.com, iceages.net, identicalterms.net, inboxdollars.com,

19  inboxpounds.com, indicatingericssoncalled.com, innateability.net, inquirecanyonlands.com,

20  instaoffre.com, insurancious.net, instrumentalworks.net, internalorgan.net, iranfile.ir,

21  jobenvironments.com, jobonrole.com, justoffre.com, juvela.com, kaplanced.com, keepplace.net,

22  kotak.com, kupiskidku.com, laborpractices.net, landhistory.net, leboncoin.fr, legislatiamuncii.ro,

23  lifestyleshield.com, liquidbulletin.com, loadingimages.net, logdater.com, mail-

24  cidbotanicals.com, mailsamolatina.com, mainoffre.com, majorpublication.com,

25  manageroofres.com, managerridae.com, manmemory.net, marektal.com, marektsof1.admin,

26  marektstore.com, meetic.com, mermanager.com, metalovers.com, metaoffre.com, mi-horoscopo-

27  del-dia.com, mondaydress.com, monsoon.co.uk, myplaycity.com, naruko.com, nepmanger.com,

28  nero-emea.com, nero-us.com, netmainshop.com, nightmarekt.com, nouncil.com,

29  officialmarketweb.com, offreddie.com, offresender.com, offresetter.com, offreshen.com,

30  olivegasvalues.com, onlinecardcommitteehost.com, operationindicator.com, optimusoz.com,

31  orderdelivered.net, organfeedback.com, organisationt.org, ownanyplace.com, ownbet.net,

1  particulartimes.com, patrioticfervor.com, performancetargets.net, personaldetails.net,

2  personalizedchoices.net, platediscipline.net, portalcodulmuncii.ro, positiveface.net,

3  powerrealm.com, procardcommittee.com, prod-mix.net, productreportcard.com,

4  propertysupersite.com, provedright.com, pseudocostandar.com, racked.com,

5  rainbowcontrol.com, realuses.net, regesterintel.com, registen.com, residentialcommunity.net,

6  reviewjournal.com, rootsweb.com, roughagence.com, runningaerobic.com, samoblog.com,

7  sbingo.eu, sendaze.com, senderbylite.com, senderdaita.com, sendermostosis.com,

8  shopbonton.com, shopingexperiencemedia.com, shopletterwriter.com, simpleoperations.net,

9  sknspo.com, slothasheville.net, softindeswik.com, sortcom.net, specificcompanies.com,

10  submindex.com, sysage.com, techwebreview.com, telbros.com, testmethod.net,

11  theintermrktcorp.com, thelomographer.com, thewinesociety.com, toothmegadelivery.com,

12  traditionalforms.com, u-mall.com, undertosionsc.com, usadirectdemocracy.com, utensilcad.com,

13  valuableproducts.net, vivarise.net, waytravel.net, wearn.com, webmailbyte.com,

14  webofferanalysts.com, weekendings.net, westernsuburbs.net, windowsphone.com, worq1.com,

15  xsh0pe.com, yearsuniverse.net, yearswatch.net, youoffreup.com, yourexotictravelguide.com,

16  yourintermarket.com.

17  29.    Plaintiffs are informed and believe and thereon allege that each of the Defendants

18  designated herein as a DOE is legally responsible in some manner for the matters alleged in this

19  complaint, and is legally responsible in some manner for causing the injuries and damages of

20  which Plaintiffs complain.  Plaintiffs are informed and believe and thereon allege that each of the

21  Defendants designated herein as a DOE Defendant was, at all times relevant to the matters

22  alleged within this complaint, acting in conjunction with the named Defendants, whether as a

23  director, officer, employee, agent, affiliate, customer, participant, or co-conspirator.  When the

24  identities of DOE Defendants 1-1,000 are discovered, or otherwise made available, Plaintiffs will

25  seek to amend this Complaint to allege their identity and involvement with particularity.

26  30.    Defendants' joinder in this Action is proper pursuant to Code of Civil Procedure § 379

27  because Plaintiffs seek relief jointly and severally from Defendants arising form the same series

28  of transactions and occurrences, and because common questions of law and fact as to Defendants

29  will arise in the Action.  The fact that all Defendants may not be implicated in all spams does not

30  bar joinder: "It is not necessary that each defendant be interested as to every cause of action or as

31

1    to all relief prayed for.  Judgment may be given against one or more defendants according to

2    their respective liabilities."  Code Civ. Proc. § 379.

3

4                       ### III.  JURISDICTION AND VENUE

5    **A.  Jurisdiction is Proper in a California Superior Court**

6    31.      This California Superior Court has jurisdiction over the Action because all Plaintiffs are

7    located in California, and the amount in controversy is more than $25,000.

8    **B.  Venue is Proper in San Francisco County**

9    32.      Venue is proper in San Francisco County (or indeed, *any* county in California of

10   Plaintiffs' choosing) because the ADVERTISER DEFENDANTS (other than the individual

11   SINGLA) are foreign corporations that have not designated the location and address of a

12   principal office in California or registered to do business in California with the California

13   Secretary of State.  *See Easton v. Superior Court of San Diego (Schneider Bros. Inc.)*, 12 Cal.

14   App. 3d 243, 246 (4th Dist. 1970).  Additionally, Defendant MARY resides and/or has a

15   principal place of business in San Francisco.  Code Civ. Proc. 395(a).

16

17                       ### IV.  ALMOST 600 UNLAWFUL SPAMS

18   33.      Plaintiffs allege that Defendants engaged in tortious conduct: "wrongful act[s] other than

19   a breach of contract for which relief may be obtained in the form of damages or an injunction."

20   *See* Merriam-Webster, www.merriam-webster.com/dictionary/tort (last viewed Nov. 5, 2013).

21   34.      California's False Advertising Law, Business & Professions Code § 17500

22               prohibits "not only advertising which is false, but also advertising which[,]
23               although true, is either actually misleading or which has a capacity, likelihood or
             tendency to deceive or confuse the public." . . . . [T]he UCL and the false
24           advertising law prohibit deceptive advertising even if it is not actually false.

25   *Chapman v. Skype Inc.*, 220 Cal. App. 4th 217, 226-27 (2d Dist. 2013) (citation omitted).

26   //

27   //

28   //

29   //

30   //

31   //

1  **A.  The Emails at Issue are "Spams"; Recipients and Counts**

2  35.     The emails at issue are "commercial email advertisements"[1] because they were initiated

3  for the purpose of advertising and promoting the ADVERTISER DEFENDANTS' products and

4  services.

5  36.     The emails are "unsolicited commercial email advertisements"[2] because no Plaintiff gave

6  "direct consent"[3] to, or had a "preexisting or current business relationship"[4] with any of the

7  ADVERTISER DEFENDANTS.

8  37.     Plaintiffs did not consent or acquiesce to receive the spams at issue.  Plaintiffs did not

9  waive or release any rights or claims related to the spams at issue.

10  38.     Defendants advertised in, sent, and/or conspired to send at least 577 unlawful spams that

11  Plaintiffs received at their "California email addresses"[5] as shown below:

---

[1] "'Commercial e-mail advertisement' means any electronic mail message initiated for the purpose of advertising or promoting the lease, sale, rental, gift offer, or other disposition of any property, goods, services, or extension of credit." Bus. & Prof. Code § 17529.1(c).

[2] "'Unsolicited commercial e-mail advertisement' means a commercial e-mail advertisement sent to a recipient who meets both of the following criteria: (1) The recipient has not provided direct consent to receive advertisements from the advertiser. (2) The recipient does not have a preexisting or current business relationship, as defined in subdivision (*l*), with the advertiser promoting the lease, sale, rental, gift offer, or other disposition of any property, goods, services, or extension of credit." Bus. & Prof. Code § 17529.1(o).

[3] "'Direct consent' means that the recipient has expressly consented to receive e-mail advertisements *from the advertiser*, either in response to a clear and conspicuous request for the consent or at the recipient's own initiative." Bus. & Prof. Code § 17529.1(d) (emphasis added).

[4] "'Preexisting or current business relationship,' as used in connection with the sending of a commercial e-mail advertisement, means that the recipient has made an inquiry and has provided his or her e-mail address, or has made an application, purchase, or transaction, with or without consideration, regarding products or services offered by the advertiser. []" Bus. & Prof. Code § 17529.1(*l*).

[5] "'California e-mail address' means 1) An e-mail address furnished by an electronic mail service provider that sends bills for furnishing and maintaining that e-mail address to a mailing address in this state; 2) An e-mail address ordinarily accessed from a computer located in this state; 3) An e-mail address furnished to a resident of this state." Bus. & Prof. Code § 17529.1(b).

13
COMPLAINT

| PLAINTIFF | SPAMS RECEIVED | PLAINTIFF | SPAMS RECEIVED |
|-----------|----------------|-----------|----------------|
| BLANCHARD | 66 | JOBE | 91 |
| LAMA | 111 | POWERS | 199 |
| KOTTONG | 110 | **TOTAL** | **577** |

39.     The spams are all unlawful because there is materially false and deceptive information contained in or accompanying the email headers as described in more detail below.

**B. Spams With Generic or False From Names Misrepresent *Who* is Advertising in the Spams and Violate Business & Professions Code § 17529.5(a)(2)**

40.     Section 17529.5(a)(2) prohibits falsified or misrepresented information contained in or accompanying email headers.

41.     The From Name field is part of email headers.  The From Name does *not* include the Sender Email Address.  So, for example, if an email's From Line says: "John Doe <johndoe@yahoo.com>", the From Name is *just* "John Doe."

42.     The From Name in an email's headers is, not surprisingly, supposed to identify who the email is *from*; it is not supposed to be an advertising message.  Because computers must use standard protocols in order to communicate, the Internet Engineering Task Force created a collection of "Requests for Comment" ("RFCs") that define the rules that enable email to work.  According to RFC 5322 at ¶ 3.6.2 (emphasis in original):

> The "From:" field specifies the author(s) of the message, that is, the mailbox(es) of the person(s) or system(s) responsible for the writing of the message. . . . In all cases, the "From:" field SHOULD NOT contain any mailbox that does not belong to the author(s) of the message.

43.     Plaintiffs do not insist on any *particular* label (e.g., "FLUENT," "FLUENT, INC.," "REWARD ZONE USA," etc.) in the From Name field.  Rather, Plaintiffs contend that the text, whatever it is, cannot misrepresent *who* the emails are from.

44.     The From Name is important to an email user, because in almost all email programs, the inbox view only displays a list of emails, showing the From Name, Subject Line, and Send Date.  Therefore, even *if* the body of the email identifies the advertiser, the recipient will not know that until s/he has already clicked to open the email.

45.     Indeed, empirical evidence has demonstrated that the From Name is the *most* important factor email recipients use to determine whether or not an email is spam.  *See* eMarketer, E-Mail Open Rates Hinge on 'Subject' Line, *available at* http://www.emarketer.com/Article/E-Mail-

14
COMPLAINT

Open-Rates-Hinge-on-Subject-Line/1005550 (Oct. 31, 2007). Thus, a From Name that misrepresents who a spam is from is *not* a mere technical error; rather, it is a material misrepresentation of the most important part of the email header.

**Select Criteria Used by US Internet Users to Decide Whether to Click on an E-Mail "Report Spam" or "Junk" Button without Opening the Actual Message, December 2006 (% of respondents)**

| | |
|---|---|
| "From" line | 73% |
| "Subject" line | 69% |

*Note: n=2,252 AOL, MSN/Hotmail, Yahoo!, Lycos, Excite, Gmail, Netscape or Compuserve users*
*Source: Email Sender and Provider Coalition (ESPC) and Ipsos, March 2007*
082363                                    www.eMarketer.com

46.     Although Plaintiffs do *not* sue under the federal CAN-SPAM Act, Plaintiffs note that the Federal Trade Commission has also identified the From Name as the first item in misleading header information in its guide to CAN-SPAM compliance when it stated

> 1.     Don't use false or misleading header information. Your "*From*," "To," "Reply-To," and routing information – including the originating domain name and email address – *must be accurate and identify the person or business who initiated the message.*

Federal Trade Commission, CAN-SPAM Act: A Compliance Guide for Business, available at http://www.business.ftc.gov/documents/bus61-can-spam-act-compliance-guide-business (emphasis added).

47.     In *Balsam v. Trancos Inc.*, the unlawful spams were sent from generic From Names that did not *identify* anyone. The trial court ruled, and the court of appeal affirmed in all respects, that generic From Names violate the statute because they misrepresent *who* the emails are from:

> … The seven [ ] emails do not truly reveal who sent the email . . . . The [ ] "senders" identified in the headers of the [ ] seven emails do not exist or are otherwise misrepresented, namely Paid Survey, Your Business, Christian Dating, Your Promotion, Bank Wire Transfer Available, Dating Generic, and Join Elite. . . . . Thus the sender information ("from") is misrepresented.

203 Cal. App. 4th 1083, 1088, 1090-91, 1093 (1st Dist. 2012), *petition for review denied*, 2012 Cal. LEXIS 4979 (Cal. May 23, 2012), *petition for certiori denied*, 2012 U.S. LEXIS 8423 (U.S. Oct. 29, 2012), *petition for rehearing denied*, 2013 U.S. LEXIS 243 (U.S. Jan. 7, 2013).  More specifically, *Balsam* confirmed that generic From Names that "do not exist or are otherwise misrepresented when they do not represent any real company and cannot be readily traced back to the true owner/sender" violate the statute. *Id.* at 1093.  The Court affirmed the award of $1,000 liquidated damages for the seven emails with misrepresented information in the From Name field, even though most of the spams identified the advertiser in the body. *Id.* at 1091,

1   1093.  Therefore, truthful information in the body of a spam does not cure misrepresented

2   information contained in or accompanying the headers.

3   48.      Almost all of the spams that Plaintiffs received, advertising the ADVERTISER

4   DEFENDANTS' websites, show generic text in the From Name field that misrepresents *who* the

5   spams are from, e.g. "Gift Card Rewards," "Thank You," "Congratulations," "Thank You

6   Facebook Survey Rewards," and "Promotional Survey."  These generic From Names could just

7   as easily refer to the ADVERTISER DEFENDANTS' competitors.

8   49.      Some of the spams have From Names that go beyond merely generic and are actively

9   false, claiming that the spams are from third-party companies (or products) that have nothing to

10  do with Defendants, e.g. "Sams," "Samsung Galaxy S5," "Target," and "Walmart."  On

11  information and belief, those third parties are not in any way associated with the sending of the

12  spams at issue in this action.

13  50.      These From Names, like those in *Balsam*, misrepresent *who* was advertising in the spams,

14  and therefore violate Section 17529.5(a)(2).

15  51.      Plaintiffs are informed and believe and thereon allege that Defendants knowingly choose

16  to advertise using generic From Names and unrelated third-parties names precisely so the

17  recipients will *not* know who the emails were really from when viewing the spams in the inbox

18  view.  This forces recipients to open the emails to see if the emails might actually be from

19  someone with whom the recipient has had dealings, or if the emails are in fact, as is the case

20  here, nothing but spams from for-profit entities.

21  52.      In *Rosolowski v. Guthy-Renker LLC*, the court permitted From Names that were not the

22  sender's official corporate name as long as the identity of the sender was readily ascertainable in

23  the body.  230 Cal. App. 4th 1403, 1407, 1416 (2d Dist. 2014).  However, the From Names in

24  that case (Proactiv and Wen Hair Care) were the advertiser's fanciful trademarks and well-

25  known brands with their own websites.  But here, unlike the spams in *Rosolowski,* almost of the

26  From Names are generic or false; they are not well-known trademarks and/or brands readily

27  associated with Defendants.  There is no way an ordinary consumer, looking at the emails in

28  his/her inbox, could readily associate them with Defendants.

29  53.      Moreover, in many of the spams at issue, the sender is not identified in the body of the

30  spams, so *Balsam* would control, not *Rosolowski*.

31

54.    In those instances where the sender is identified in the body of the spams, the sender is an "untraceable" entity, so the recipient doesn't actually know who sent the spam. For example, JOBE received a spam that says in the body that it was sent by ANGLO. However, as discussed above, ANGLO uses a mailbox at a UPS store as its address and it is not registered with *any* Secretary of State (or its equivalent). Therefore, the "identification" of the sender in the body of the email is merely another misrepresentation as to who actually sent the spam, because "ANGLO IDITECH" is meaningless. In another instance, KOTTONG received a spam that said it was sent from CONCEPT. However, as discussed above, CONCEPT uses a nonexistent address and is not registered with *any* Secretary of State (or its equivalent). Again, the purported "identification" of the sender in the body of the email is misleading, misrepresented, and meaningless.

## C. Spams Sent From Domain Names Registered So As To Not Be Readily Traceable to the Sender Violate Business & Professions Code § 17529.5(a)(2)

55.    Section 17529.5(a)(2) prohibits falsified, misrepresented, or forged information contained in or accompanying in email headers.

56.    Registration information for the domain names used to send spams is information contained in or accompanying email headers.

57.    "[H]eader information in a commercial e-mail is falsified or misrepresented for purposes of section 17529.5(a)(2) when it uses a sender domain name that *neither* identifies the actual sender on its face *nor* is readily traceable to the sender using a publicly available online database such as WHOIS." *Balsam*, 203 Cal. App. 4th at 1101 (emphasis in original).

58.    Many of the spams that Plaintiffs received advertising Defendants were sent from domain names that:

- Did not identify Defendants or the sender on their face, or
- Were "proxy" registered, or
- Were registered to nonexistent entities (corporations, LLC's, individuals, etc.) so as to not be readily traceable to the sender by querying the Whois database,

in violation of Section 17529.5. *Balsam,* 203 Cal. App. 4th at 1097-1101. For example, Blanchard received a spam advertising ADVERTISER DEFENDANTS' products and services from the domain name betharnholder.com. That domain name was proxy-registered when the spam was sent. The *Balsam* court held that sending a spam from a domain name that is proxy-

1  registered is a misrepresentation as to *who* the sender actually is.  The *Balsam* court held that

2  such proxy-registration is a violation of section 17529.5.  At least 167 of the 577 spams at issue

3  in this Action were sent from proxy-registered domain names.

4  59.      JOBE received an email from a domain name registered to CONCEPT, which is not

5  registered with *any* Secretary of State (or its equivalent) and uses a false and nonexistent address.

6  Like in *Balsam*, spams sent from domains registered to nonexistent entities using P.O. boxes,

7  CMRA's, and nonexistent addresses misrepresent *who* actually sent the spams.

8  60.      Plaintiffs could not identify Defendants or its spamming affiliates who sent most of the

9  spams at issue by querying the Whois database for the domain names used to send all or almost

10  all of the spams at issue.

11  **D.  Spams With False and Misrepresented Subject Lines Violate Business & Professions**
     **Code § 17529.5(a)(2)**
12

13  61.      Section 17529.5(a)(2) prohibits falsified, misrepresented, or forged information in email

14  headers.

15  62.      The Subject Line is part of email headers.

16  63.      Many of the spams that Plaintiffs received contain Subject Lines with falsified and/or

17  misrepresented information.  Plaintiffs allege that these Subject Lines are *absolutely* false and/or

18  misrepresented and violate Section 17529.5(a)(2), as opposed to misleading *relative* to the

19  contents/body of the spams, which would be a violation of Section 17529.5(a)(3).

20  64.      Example of falsified/misrepresented Subject Lines include:

21          • "Being Cleared: $350 Check" is false because no such check exists.

22          • "You Won $100 From CVS Pharmacy" is false because the recipient, LAMA, did

23             *not* win $100 from CVS Pharmacy.

24          • "Congratulations, Here's Your $1,000 Walmart Gift Card" is false because there

25             was no Walmart gift card.

26  **E.  Spams With Subject Lines Misleading Relative to the Contents of the Spams Violate**
     **Business & Professions Code § 17529.5(a)(3)**
27

28  65.      Section 17529.5(a)(3) prohibits Subject Lines misleading relative to the contents or

29  subject matter of the emails.

30  66.      Some of the spams that Plaintiffs received contain Subject Lines misleading relative to

     the contents of subject matter of the emails, which violate Section 17529.5(a)(3).
31

     67.      Examples of misleading Subject Lines include:

---

18

COMPLAINT

- "Get A $100 Walmart Gift Card Free!" is misleading because the body says, "Get a $100 Walmart Gift Card . . . upon completion of purchase requirements." So, the Subject Line would lead the recipient to believe a free gift card is available, which is belied by the body disclosing that there is no free gift card available.

- "Ogen, Your Name Was Drawn April 6th For A Kohl's Gift Card" is misleading because it implies that there is a Kohl's gift card available for LAMA, but the body says ". . . enter your zip for availability . . . " implying that there is *not* a Kohl's gift card available and that LAMA's name could not have been drawn because the body admits that it is questionable whether he is even eligible to receive the gift card, based on his ZIP code.

**F. Spams Containing a Third Party's Domain Name Without Permission Violate Business & Professions Code § 17529.5(a)(1)**

68.    Section 17529.5(a)(1) prohibits spams containing or accompanied by a third party's domain name without the permission of the third party.

69.    Plaintiffs are informed and believe and thereon allege that at least 140 of the spams at issue in this Action contain third parties' domain names without permission of the third parties. For example, some of the domain names appearing in the sending email addresses are: *sephora.com, toysrus.com, walgreens.com, ebay.com, ebates.com, osh.com, olivegarden.com, clubmed.com, lancome.com, pfizer.com, nissanusa.com, amazon.co.uk, dell.com, nytimes.com, nfl.com, shopbonton.com.*

70.    Such unauthorized use of third parties' domain names is materially false and deceptive. There can be no dispute that these spams were *not* sent from eBay, The New York Times Company, etc. Plaintiffs are informed and believe and thereon allege that the ADVERTISER DEFENDANTS and/or their marketing agents forged the Sender Email Addresses to include domain names belonging to legitimate third party businesses in order to:

- Falsely lend an air of legitimacy to the spams by leveraging the brand equity of legitimate advertisers, making the recipients believe that eBay, The New York Times Company, etc. endorse the ADVERTISER DEFENDANTS, and

- Trick spam filters as to the source of the spams. If the ADVERTISER DEFENDANTS and their marketing agents used their *own* domain names, it would be more likely that spam filters would be able to automatically identify the

domain names as being associated with spammers, and block the spams. On the
other hand, emails purportedly sent by *ebay.com*, *nytimes.com*, etc. are more
likely to be treated as legitimate emails and not spams.

71.     Furthermore, assuming that these spams were *not* actually sent from the domain names
that appear in the Sender Email Addresses, which Plaintiffs are informed and believe and thereon
allege to be the case, then the spams also contained falsified and forged information, which
violates Section 17529.5(a)(2).

## G. The ADVERTISER DEFENDANTS are Strictly Liable for Spams Sent By Their Marketing Agents

72.     Plaintiffs are informed and believe and thereon allege that the ADVERTISER
DEFENDANTS contracted with third party advertising networks and affiliates, including but not
limited to the other named Defendants, to advertise their websites for the purpose of selling
products and services for a profit.

73.     No one forced the ADVERTISER DEFENDANTS to outsource any of their advertising
to third party spam networks and spammers.

74.     Advertisers are liable for advertising in spams, even if third parties hit the Send button.

> There is a need to regulate the advertisers who use spam, as well as the actual
> spammers because the actual spammers can be difficult to track down due to
> some return addresses that show up on the display as "unknown" and many others
> being obvious fakes and they are often located offshore.
>
> The true beneficiaries of spam are the advertisers who benefit from the marketing
> derived from the advertisements.

Bus. & Prof. Code § 17529(j)(k).

> It is unlawful [ ] *to advertise in* a commercial email advertisement [ ] under any of
> the following circumstances…

Bus. & Prof. Code § 17529.5 (emphasis added).  Of course, the ADVERTISER DEFENDANTS'
agents are also liable for sending unlawful spams. *See Balsam*, generally.

75.     In fact, in *Hypertouch Inc. v. ValueClick Inc. et al*, the court of appeal held that
advertisers are *strictly liable* for advertising in false and deceptive spams, even if the spams were
sent by third parties.

> *[S]ection 17529.5* makes it unlawful for a person or entity "to advertise in a
> commercial e-mail advertisement" that contains any of the deceptive statements
> described in *subdivisions (a)(1)-(3)*. Thus, by its plain terms, the statute is not

1
2
    limited to entities that actually send or initiate a deceptive commercial e-mail, but applies more broadly to any entity that advertises in those e-mails.

3
4
5
6
    Thus, like other California statutes prohibiting false or misleading business practices, the statute makes an entity *strictly liable* for advertising in a commercial e-mail that violates the substantive provisions described in section 17529.5, subdivision (a) *regardless of whether the entity knew that such e-mails had been sent* or had any intent to deceive the recipient.

7
8
9
192 Cal. App. 4th 805, 820-21 (2d Dist. 2011) (emphasis added).  The court did not find that this was an arbitrary requirement; rather, the court identified sound policy reasons behind the Legislature's decision to create a strict liability statute.  *Id.* at 829.

10
11
**H.  Plaintiffs Sue for Statutory Liquidated Damages; No Proof of Reliance or Actual Damages is Necessary**

12
13
76.    The California Legislature defined liquidated damages to be $1,000 per spam.  Bus. & Prof. Code § 17529.5(b)(1)(B)(ii).

14
15
16
77.    Plaintiffs are informed and believe and thereon allege that the $1,000 per spam figure is comparable with damages in other areas of consumer protection law, e.g., $500-$1,500 statutory damages per junk fax, pursuant to Business & Professions Code § 17538.43(b).

17
18
78.    Plaintiffs' rightful and lawful demand for liquidated damages in the amount of $1,000 per email is necessary to further the California Legislature's objective of protecting California residents from unlawful spam.

19
20
21
22
23
24
79.    Section 17529.5 does not require Plaintiffs to quantify their actual damages, allege or prove reliance on the advertisements contained in the spams, or purchase the goods and services advertised in the spams.  *Recipients* of unlawful spam have standing to sue and recover liquidated damages.  Bus. & Prof. Code § 17529.5(b)(1)(A)(iii); *Hypertouch*, 192 Cal. App. 4th at 820, 822-23, 828.

25
26
27
80.    However, Plaintiffs did suffer damages by receiving the unlawful spams advertising Defendant's products and services in the state of California, at their California email addresses.  Bus. & Prof. Code § 17529(d), (e), (g), (h).  Regardless, Plaintiffs do not seek actual damages in this Action, only liquidated damages.  Bus. & Prof. Code § 17529.5(b)(1)(B).

28
29
**I.  Defendants' Actions Were Willful and Preclude any Reduction in Statutory Damages**

30
31
81.    Section 17529.5 authorizes this Court to reduce the statutory damages to $100 per spam.  Bus. & Prof. Code § 17529.5(b)(2).  But, to secure the reduction, Defendants have the burden of proof to demonstrate not only that *established* practices and procedures to prevent unlawful

spamming, but also that they *implemented* those practices and procedures, and that the practices and procedures are *effective*.

82.     Plaintiffs are informed and believe and thereon allege that Defendants have not established and implemented, with due care, practices and procedures reasonably designed to effectively prevent unsolicited commercial e-mail advertisements that are in violation of Section 17529.5.

83.     Even if Defendants had established any practices and procedures to prevent advertising in unlawful spam, such practices and procedures were not reasonably designed so as to be effective.

84.     Even if Defendants reasonably designed practices and procedures to prevent advertising in unlawful spam, such practices and procedures were not implemented so as to be effective.

85.     Moreover, Plaintiffs are informed and believe and thereon allege that Defendants intended to deceive recipients of their spam messages through the use of falsified and/or misrepresented information in From Names, domain name registrations, and Subject Lines, and use of third parties' domain names without permission, as described herein.

86.     Subject Lines and From Names do not write themselves.  Domain names do not register themselves.  Third parties' domain names (e.g. nytimes.com) do not insert themselves into spams on their own.  The false and misrepresented information contained in and accompanying the email headers are not "clerical errors."  Plaintiffs are informed and believe and thereon allege that Defendants went to great lengths to create falsified and misrepresented information contained in and accompanying the email headers in order to deceive recipients, Internet Service Providers, and spam filters.

87.     Plaintiffs are informed and believe and thereon allege that Defendants intended to profit, actually profited, and continue to profit, and were unjustly enriched by, their wrongful conduct as described herein.

## FIRST CAUSE OF ACTION

### [Violations of California Restrictions on Unsolicited Commercial Email, California Business & Professions Code § 17529.5] (Against All Defendants)

88.     Plaintiffs hereby incorporate the foregoing paragraphs as though set forth in full herein.

89.     Plaintiffs received all of the spams at issue within one year prior to filing this Complaint.

22
COMPLAINT

90.     Defendants advertised in, sent, and/or caused to be sent at least 577 unsolicited commercial email advertisements to Plaintiffs' California electronic mail addresses that had materially falsified and/or misrepresented information contained in or accompanying the email headers, contained Subject Lines that were misleading in relation to the bodies of the emails, and/or contained third parties' domain names without permission, in violation of Section 17529.5.  The unlawful elements of these spams represent willful acts of falsity and deception, rather than clerical errors.

91.     The California Legislature set liquidated damages at One Thousand Dollars ($1,000) per email.

92.     Defendants have not established and implemented, with due care, practices and procedures to effectively prevent advertising in unlawful spams that violate Section 17529.5 that would entitle them to a reduction in statutory damages.

93.     Plaintiffs seek reimbursement of attorneys' fees and costs as authorized by Section 17529.5(b)(1)(C).

94.     The attorneys' fees provision for a prevailing spam recipient is typical of consumer protection statutes and supported by Code of Civil Procedure § 1021.5.  By prosecuting this action, Plaintiffs expect to enforce an important right affecting the public interest and thereby confer a significant benefit on the general public or a large class of persons.  The necessity and financial burden of private enforcement is such as to make the award appropriate, and the attorneys' fees should not, in the interest of justice, be paid out of the recovery of damages.

WHEREFORE, Plaintiffs pray for judgment against Defendants as hereinafter set forth.

## **PRAYER FOR RELIEF**

### **(Against All Defendants)**

A.      An Order from this Court declaring that Defendants violated California Business & Professions Code § 17529.5 by advertising in and sending unlawful spams.

B.      Liquidated damages against Defendants in the amount of $1,000 for each of at least 577 unlawful spams, as authorized by Section 17529.5(b)(1)(B)(ii), for a total of at least $577,000, as set forth below:

| PLAINTIFF | DAMAGES SOUGHT | PLAINTIFF | DAMAGES SOUGHT |
|---|---|---|---|
| BLANCHARD | $66,000 | JOBE | $91,000 |
| LAMA | $111,000 | POWERS | $199,000 |
| KOTTONG | $110,000 | **TOTAL** | **$577,000** |

C.  Liquidated damages against each of the ADVERTISER DEFENDANTS, jointly and severally, in the amount of $577,000 based on 577 unlawful spams that they sent, hired others to send, or otherwise conspired with others to send to Plaintiffs, according to proof.

D.  Liquidated damages against PANDA MAIL, jointly and severally with each of the ADVERTISER DEFENDANTS, in the amount of $1,000 for each of 40 unlawful spams it sent, hired others to send, or otherwise conspired to send to Plaintiffs, according to proof.

E.  Liquidated damages against ADREACTION, jointly and severally with each of the ADVERTISER DEFENDANTS, in the amount of $1,000 for each of 39 unlawful spams it sent, hired others to send, or otherwise conspired to send to Plaintiffs, according to proof.

F.  Liquidated damages against ANGLO, jointly and severally with each of the ADVERTISER DEFENDANTS, in the amount of $1,000 for each of 16 unlawful spams it sent, hired others to send, or otherwise conspired to send to Plaintiffs, according to proof.

G.  Liquidated damages against FORTANALYSIS8, jointly and severally with each of the ADVERTISER DEFENDANTS, in the amount of $1,000 for each of 13 unlawful spams it sent, hired others to send, or otherwise conspired to send to Plaintiffs, according to proof.

H.  Liquidated damages against CONCEPT, jointly and severally with each of the ADVERTISER DEFENDANTS, in the amount of $1,000 for each of 9 unlawful spams it sent, hired others to send, or otherwise conspired to send to Plaintiffs, according to proof.

I.  Liquidated damages against RUFINO, jointly and severally with each of the ADVERTISER DEFENDANTS, in the amount of $1,000 for each of 7 unlawful spams he sent, hired others to send, or otherwise conspired to send to Plaintiffs, according to proof.

J.     Liquidated damages against AREKELIAN, jointly and severally with each of the ADVERTISER DEFENDANTS, in the amount of $1,000 for each of 7 unlawful spams she sent, hired others to send, or otherwise conspired to send to Plaintiffs, according to proof.

K.     Liquidated damages against MARY, jointly and severally with each of the ADVERTISER DEFENDANTS, in the amount of $1,000 for each of 6 unlawful spams he sent, hired others to send, or otherwise conspired to send to Plaintiffs, according to proof.

L.     Liquidated damages against each DOE 1-1,000 (when their true names are learned), jointly and severally with each of the ADVERTISER DEFENDANTS, in the amount of $1,000 for each of the unlawful spams it sent, hired others to send, or otherwise conspired to send to Plaintiffs, according to proof.

M.     Attorneys' fees as authorized by Section 17529.5(b)(1)(C) and Code of Civil Procedure § 1021.5 for violations of Section 17529.5.

N.     Costs of suit.

O.     Such other and further relief as the Court deems proper.

THE LAW OFFICES OF JACOB HARKER

Date: _____September 16, 2016_____     BY: _____

JACOB HARKER
Attorneys for Plaintiffs

25
COMPLAINT

**SUM-100**

# SUMMONS ON FIRST AMENDED
## (CITACION JUDICIAL) COMPLAINT

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**

FLUENT, INC., a Delaware Corporation
(Additional Parties Attachment is Attached)

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

MIRA BLANCHARD, an individual
(Additional Parties Attachment is Attached)

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is: (El nombre y dirección de la corte es): San Francisco Superior Court | CASE NUMBER: (Número del Caso): CGC-16-554299 |
|---|---|

400 McAllister
San Francisco, CA 94102

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Daniel L. Balsam (SBN 260423), 2601C Blanding Ave #271, Alameda, CA 94501, 415-869-2873

| DATE: (Fecha) JAN 2 7 2017 | CLERK OF THE COURT Clerk, by | EDNALEEN J. ALEGRE | , Deputy |
|---|---|---|---|
| | (Secretario) | | (Adjunto) |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☒ on behalf of (specify): REWARD ZONE USA, LLC, a Delaware limited liability company

under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)    ☒ CCP 416.90 (authorized person)
☒ other (specify): Corp. Code § 17061 (LLC)

4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

**SUM-200(A)**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Blanchard v. Fluent | CGC-16-554299 |

### INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List **additional parties** (*Check only one box. Use a separate page for each type of party.*):

[✓] Plaintiff   [ ] Defendant   [ ] Cross-Complainant   [ ] Cross-Defendant

RYAN COOPER, an individual;

MARK DAVIS, an individual;

CHANDRA GREENBERG, an individual;

JAMES JOBE, an individual;

DEBRA KOTTONG, an individual;

OGEN LAMA, an individual;

MARIA MARQUEZ, an individual;

VANESSA POWERS, an individual; and

GAIL TAYLOR, an individual;

Plaintiffs

Page __2__ of __3__

Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
Attachment to Summons

American LegalNet, Inc.
www.FormsWorkflow.com

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Blanchard v. Fluent | CGC-16-554299 |

### INSTRUCTIONS FOR USE

➔ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➔ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.)*:

[ ] Plaintiff    [✓] Defendant    [ ] Cross-Complainant    [ ] Cross-Defendant

REWARD ZONE USA, LLC, a Delaware limited liability company;

REWARDSFLOW, LLC, a Delaware limited liability company;

AMERICAN PRIZE CENTER, LLC, a Delaware limited liability company;

MOHIT SINGLA, an individual;

SAUPHTWARE INC., a Nevada corporation;

ADREACTION, a business entity of unknown formation;

ANGLO IDITECH, a business entity of unknown formation;

FORTANALYSIS8 DEVELOP, a business entity of unknown formation;

CONCEPT NETWORK, a business entity of unknown formation;

DIEGO RUFINO, an individual;

PRISCILA AREKELIAN, an individual;

ANDRES MARY, an individual; and

DOES 1-1,000;

Page ___3___ of ___3___

Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
Attachment to Summons

American LegalNet, Inc.
www.FormsWorkflow.com



# Superior Court of California, County of San Francisco
## Alternative Dispute Resolution
## Program Information Package



> The plaintiff must serve a copy of the ADR information package
> on each defendant along with the complaint.  (CRC 3.221(c))

## WHAT IS ADR?

Alternative Dispute Resolution (ADR) is the term used to describe the various options available for settling a dispute without a trial.  There are many different ADR processes, the most common forms of which are mediation, arbitration and settlement conferences.  In ADR, trained, impartial people decide disputes or help parties decide disputes themselves. They can help parties resolve disputes without having to go to court.

## WHY CHOOSE ADR?

"It is the policy of the Superior Court that every noncriminal, nonjuvenile case participate either in an early settlement conference, mediation, arbitration, early neutral evaluation or some other alternative dispute resolution process prior to trial." (Local Rule 4)

ADR can have a number of advantages over traditional litigation:

- **ADR can save time.**  A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.
- **ADR can save money,** including court costs, attorney fees, and expert fees.
- **ADR encourages participation.**  The parties may have more opportunities to tell their story than in court and may have more control over the outcome of the case.
- **ADR is more satisfying.**  For all the above reasons, many people participating in ADR have reported a high degree of satisfaction.

## HOW DO I PARTICIPATE IN ADR?

Litigants may elect to participate in ADR at any point in a case.  General civil cases may voluntarily enter into the court's ADR programs by any of the following means:

- Filing a Stipulation to ADR: Complete and file the Stipulation form (attached to this packet) ·
- Indicating your ADR preference on the Case Management Statement (also attached to this packet); or
- Contacting the court's ADR office (see below) or the Bar Association of San Francisco's ADR Services at 415-782-8905 or www.sfbar.org/adr for more information.

For more information about ADR programs or dispute resolution alternatives, contact:

Superior Court Alternative Dispute Resolution
400 McAllister Street, Room 103, San Francisco, CA  94102
415-551-3869

*Or, visit the court ADR website at www.sfsuperiorcourt.org*

The San Francisco Superior Court offers different types of ADR processes for general civil matters: each ADR program is described in the subsections below:

## 1) SETTLEMENT CONFERENCES

The goal of settlement conferences is to provide participants an opportunity to reach a mutually acceptable settlement that resolves all or part of a dispute early in the litigation process.

**(A) THE BAR ASSOCIATION OF SAN FRANCISCO (BASF) EARLY SETTLEMENT PROGRAM (ESP):** ESP remains as one of the Court's ADR programs (see Local Rule 4.3) but parties must select the program – the Court no longer will order parties into ESP.

**Operation:** Panels of pre-screened attorneys (one plaintiff, one defense counsel) each with at least 10 years' trial experience provide a minimum of two hours of settlement conference time, including evaluation of strengths and weakness of a case and potential case value. On occasion, a panelist with extensive experience in both plaintiff and defense roles serves as a sole panelist. BASF handles notification to all parties, conflict checks with the panelists, and full case management. The success rate for the program is 78% and the satisfaction rate is 97%. Full procedures are at: www.sfbar.org/esp.

**Cost:** BASF charges an administrative fee of $295 per party with a cap of $590 for parties represented by the same counsel. Waivers are available to those who qualify. For more information, call Marilyn King at 415-782-8905, email adr@sfbar.org or see enclosed brochure.

**(B) MANDATORY SETTLEMENT CONFERENCES:** Parties may elect to apply to the Presiding Judge's department for a specially-set mandatory settlement conference. See Local Rule 5.0 for further instructions. Upon approval of the Presiding Judge, the court will schedule the conference and assign the case for a settlement conference.

## 2) MEDIATION

Mediation is a voluntary, flexible, and confidential process in which a neutral third party facilitates negotiations. The goal of mediation is to reach a mutually satisfactory agreement that resolves all or part of a dispute after exploring the interests, needs, and priorities of the parties in light of relevant evidence and the law.

**(A) MEDIATION SERVICES OF THE BAR ASSOCIATION OF SAN FRANCISCO,** in cooperation with the Superior Court, is designed to help civil litigants resolve disputes before they incur substantial costs in litigation. While it is best to utilize the program at the outset of litigation, parties may use the program at any time while a case is pending.

**Operation:** Experienced professional mediators, screened and approved, provide one hour of preparation time and the first two hours of mediation time. Mediation time beyond that is charged at the mediator's hourly rate. BASF pre-screens all mediators based upon strict educational and experience requirements. Parties can select their mediator from the panels at www.sfbar.org/mediation or BASF can assist with mediator selection. The BASF website contains photographs, biographies, and videos of the mediators as well as testimonials to assist with the selection process. BASF staff handles conflict checks and full case management. Mediators work with parties to arrive at a mutually agreeable solution. The success rate for the program is 64% and the satisfaction rate is 99%.

Cost: BASF charges an administrative fee of $295 per party. The hourly mediator fee beyond the first three hours will vary depending on the mediator selected. Waivers of the administrative fee are available to those who qualify. For more information, call Marilyn King at 415-782-8905, email adr@sfbar.org or see the enclosed brochure.

(B) JUDICIAL MEDIATION provides mediation with a San Francisco Superior Court judge for civil cases, which include but are not limited to, personal injury, construction defect, employment, professional malpractice, insurance coverage, toxic torts and industrial accidents. Parties may utilize this program at anytime throughout the litigation process.

Operation: Parties interested in judicial mediation should file a Stipulation to Judicial Mediation indicating a joint request for inclusion in the program. A preference for a specific judge may be indicated. The court will coordinate assignment of cases for the program. There is no charge for the Judicial Mediation program.

(C) PRIVATE MEDIATION: Although not currently a part of the court's ADR program, parties may elect any private mediator of their choice; the selection and coordination of private mediation is the responsibility of the parties. Parties may find mediators and organizations on the Internet. The cost of private mediation will vary depending on the mediator selected.

## 3) ARBITRATION

An arbitrator is neutral attorney who presides at a hearing where the parties present evidence through exhibits and testimony. The arbitrator applies the law to the facts of the case and makes an award based upon the merits of the case.

(A) JUDICIAL ARBITRATION: When the court orders a case to arbitration it is called "judicial arbitration". The goal of arbitration is to provide parties with an adjudication that is earlier, faster, less formal, and usually less expensive than a trial.

Operation: Pursuant to CCP 1141.11, all civil actions in which the amount in controversy is $50,000 or less, and no party seeks equitable relief, shall be ordered to arbitration. (Upon stipulation of all parties, other civil matters may be submitted to judicial arbitration.) An arbitrator is chosen from the court's arbitration panel. Arbitrations are generally held between 7 and 9 months after a complaint has been filed. Judicial arbitration is not binding unless all parties agree to be bound by the arbitrator's decision. Any party may request a trial within 60 days after the arbitrator's award has been filed. Local Rule 4.2 allows for mediation in lieu of judicial arbitration, so long as the parties file a stipulation to mediate after the filing of a complaint. There is no cost to the parties for judicial arbitration.

(B) PRIVATE ARBITRATION: Although not currently a part of the court's ADR program, civil disputes may also be resolved through private arbitration. Here, the parties voluntarily consent to arbitration. If all parties agree, private arbitration may be binding and the parties give up the right to judicial review of the arbitrator's decision. In private arbitration, the parties select a private arbitrator and are responsible for paying the arbitrator's fees.

TO PARTICIPATE IN ANY OF THE COURT'S ADR PROGRAMS, PLEASE COMPLETE THE ATTACHED STIPULATION TO ADR AND SUBMIT IT TO THE COURT. YOU MUST ALSO CONTACT BASF TO ENROLL IN THE LISTED BASF PROGRAMS. THE COURT DOES NOT FORWARD COPIES OF STIPULATIONS TO BASF.



# Superior Court of California
## County of San Francisco



HON. JOHN K. STEWART
PRESIDING JUDGE

## Judicial Mediation Program

JENIFFER B. ALCANTARA
ADR ADMINISTRATOR

The Judicial Mediation program offers mediation in civil litigation with a San Francisco Superior Court judge familiar with the area of the law that is the subject of the controversy. Cases that will be considered for participation in the program include, but are not limited to personal injury, professional malpractice, construction, employment, insurance coverage disputes, mass torts and complex commercial litigation. Judicial Mediation offers civil litigants the opportunity to engage in early mediation of a case shortly after filing the complaint in an effort to resolve the matter before substantial funds are expended. This program may also be utilized at anytime throughout the litigation process. The panel of judges currently participating in the program includes:

The Honorable Michael I. Begert
The Honorable Suzanne R. Bolanos
The Honorable Angela Bradstreet
The Honorable Andrew Y.S. Cheng
The Honorable Samuel K. Feng
The Honorable Charles F. Haines

The Honorable Harold E. Kahn
The Honorable Curtis E.A. Karnow
The Honorable Charlene P. Kiesselbach
The Honorable James Robertson, II
The Honorable Richard B. Ulmer, Jr.
The Honorable Mary E. Wiss

Parties interested in Judicial Mediation should file a Stipulation to Judicial Mediation indicating a joint request for inclusion in the program and deliver a courtesy copy to Department 610. A preference for a specific judge may be indicated on the request, and although not guaranteed, every effort will be made to fulfill the parties' choice. Please allow at least 30 days from the filing of the form to receive the notice of assignment. The court's Alternative Dispute Resolution Administrator will facilitate assignment of cases that qualify for the program.

Note: Space and availability is limited. Submission of a stipulation to Judicial Mediation does *not* guarantee inclusion in the program. You will receive written notification from the court as to the outcome of your application.

Alternative Dispute Resolution
400 McAllister Street, Room 103, San Francisco, CA 94102
(415) 551-3869

03/2015 (ja)



# Early Settlement Program

Consider The Bar Association of San Francisco's

Want a settlement option with less stress and cost than trial?

Want the skills of experienced panelists in arriving at a realistic, satisfying settlement?

Learn more about the Early Settlement Program-scan the QRCode or visit www.sfbar.org/adr/esp

## FAST

## The Early Settlement Program:

▶ Helps you resolve cases **quickly** and **economically**

▶ Has been a trusted program for over **20 years**

▶ Boasts a **78% settlement** rate and **97% satisfaction** rate

## Early Settlement provides:

▶ Panels of experienced trial attorneys (all with at least **10 years of experience**)

▶ **Three free hours** of settlement conference time per case, including one hour of preparation time

▶ Panelists who are matched with the case's type of law

▶ **Low administrative** fee of $295/party, capped at $590 for parties represented by the same counsel

## What is it?

The Bar Association of San Francisco's Early Settlement Program (ESP) is available as one of San Francisco Superior Court's Alternative Dispute Resolution (ADR) programs (Local Rule 4.3).

ESP is a highly successful ADR program that handles cases in areas of law such as business, personal injury, employment, labor, civil rights, discrimination, insurance, malpractice, landlord/tenant, and many others.

ESP is unique in that the panelists, in helping you move toward settlement, can provide you confidential feedback about their evaluation of your case, including opinions as to potential case value.

For more information as well as the complete Policies & Procedures, go to: www.sfbar.org/esp

## Who are the Panelists?

They are experienced attorneys with at least 10 years of trial experience. Panels consist of one plaintiff and one defense attorney. Sometimes an attorney who is experienced in both types of representation serves as a solo panelist.

## Costs

There is a $295 administrative fee per party, capped at $590 for multiple parties represented by the same attorney, to pay for the cost of running this program. If you have a fee waiver with the Superior Court, your fee will be waived by the ESP program.

## Contact

▶ email esp@sfbar.org

▶ phone: 415-982-1600

▶ fax: 415-989-0381

The forms you need can be found at **www.sfbar.org/esp**, or email adr@sfbar.org or call 415/782-8905 for a packet to be sent to you.

❧ Please complete the ESP Agreement and return it to BASF via email at adr@sfbar.org or by fax to 415-989-0381. You don't have to get the other parties to sign, just send yours.

❧ When all parties have signed the ESP Agreement, you will be sent the Notice of ESP, along with an invoice.

❧ There is a $295 administrative fee per party with a cap of $590 for multiple parties represented by the same attorney. You can pay by check, money order or credit card.

❧ Send your administrative fee by fax, email or mail to: BASF / ESP, 301 Battery Street, Third Floor, San Francisco, California 94111.

❧ When BASF receives the fees from all parties, your matter will be assigned to a panelist (or panel of 2), who you will work with to set the date, time and location for your conference.

❧ If you must reschedule your ESP conference date, work with the other side and your panelist(s) to set the new date. BASF does not need to be notified.

❧ Before your conference, provide a copy of your description of the dispute to all parties and panelists. BASF does not need a copy.

❧ If the matter is settled in your ESP conference, congratulations!

❧ If the matter is not settled in your ESP conference, your initial court date remains the same.

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and address)* | *FOR COURT USE ONLY* |
|---|---|
| TELEPHONE NO.:<br><br>ATTORNEY FOR *(Name):* | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
400 McAllister Street
San Francisco, CA 94102-4514

PLAINTIFF/PETITIONER:


DEFENDANT/RESPONDENT:

| **STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION (ADR)** | CASE NUMBER:<br><br>**DEPARTMENT 610** |
|---|---|

1) **The parties hereby stipulate that this action shall be submitted to the following ADR process:**

☐ **Early Settlement Program of the Bar Association of San Francisco (BASF) -** Pre-screened experienced attorneys provide a minimum of 2 hours of settlement conference time for a BASF administrative fee of $295 per party.  Waivers are available to those who qualify.  BASF handles notification to all parties, conflict checks with the panelists, and full case management.  www.sfbar.org/esp

☐ **Mediation Services of BASF -** Experienced professional mediators, screened and approved, provide one hour of preparation and the first two hours of mediation time for a BASF administrative fee of $295 per party.  Mediation time beyond that is charged at the mediator's hourly rate.  Waivers of the administrative fee are available to those who qualify.  BASF assists parties with mediator selection, conflicts checks and full case management.  www.sfbar.org/mediation

☐ **Private Mediation -** Mediators and ADR provider organizations charge by the hour or by the day, current market rates. ADR organizations may also charge an administrative fee. Parties may find experienced mediators and organizations on the Internet.

☐ **Judicial Arbitration -** Non-binding arbitration is available to cases in which the amount in controversy is $50,000 or less and no equitable relief is sought.  The court appoints a pre-screened arbitrator who will issue an award. There is no fee for this program.  www.sfsuperiorcourt.org

☐ **Other ADR process (describe)** _____

2) **The parties agree that the ADR Process shall be completed by (date):** _____

3) **Plaintiff(s) and Defendant(s) further agree as follows:**

_____

_____

_____

| _____ | _____ |
|---|---|
| Name of Party Stipulating | Name of Party Stipulating |
| _____ | _____ |
| Name of Party or Attorney Executing Stipulation | Name of Party or Attorney Executing Stipulation |
| _____ | _____ |
| Signature of Party or Attorney | Signature of Party or Attorney |
| ☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant | ☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant |
| Dated: _____ | Dated: _____ |

☐ *Additional signature(s) attached*

ADR-2  04/14                      **STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION**

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

| | |
|---|---|
| DATE: | FEB-15-2017 |
| TIME: | 10:30AM |
| PLACE: | Department 610 |
| | 400 McAllister Street |
| | San Francisco, CA 94102-3680 |

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference. However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed, served and lodged in Department 610 twenty-five (25) days before the case management conference.

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state. **This case is eligible for electronic filing and service per Local Rule 2.11. For more information, please visit the Court's website at www.sfsuperiorcourt.org under Online Services.**

## ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A TRIAL.
(SEE LOCAL RULE 4)

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint. All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

Superior Court Alternative Dispute Resolution Coordinator
400  McAllister Street, Room 103
San Francisco, CA  94102
(415) 551-3869

See Local Rules 3.3, 6.0 C and 10 B re stipulation to judge pro tem.

1  Jacob Harker (State Bar No. 261262)
2  LAW OFFICES OF JACOB HARKER
   582 Market Street, Suite 1007
3  San Francisco, CA 94104
   Tel: (415) 624-7602
4  Fax: (415) 684-7757
5  Email: jacob@harkercounsel.com
6  Daniel L. Balsam (State Bar No. 260423)
7  THE LAW OFFICES OF DANIEL BALSAM
   2601C Blanding Avenue #271
8  Alameda, CA 94501
9  Tel: (415) 869-2873
   Fax: (415) 869-2873
10 Email: legal@danbalsam.com
11
12 Attorneys for Plaintiffs
13

ELECTRONICALLY
**FILED**
Superior Court of California,
County of San Francisco
**12/20/2016**
Clerk of the Court
BY:EDNALEEN ALEGRE
Deputy Clerk

14              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

15        **COUNTY OF SAN FRANCISCO (UNLIMITED JURISDICTION)**

16 MIRA BLANCHARD, an individual;          ) Case No.:    CGC-16-554299
17 RYAN COOPER, an individual;             )
   MARK DAVIS, an individual;              )
18 CHANDRA GREENBERG, an individual;       ) **FIRST AMENDED COMPLAINT FOR**
19 JAMES JOBE, an individual;              ) **DAMAGES**
   DEBRA KOTTONG, an individual;           )
20 OGEN LAMA, an individual;               )  **1.  VIOLATIONS OF CALIFORNIA**
21 MARIA MARQUEZ, an individual;           )      **RESTRICTIONS ON UNSOLICITED**
   VANESSA POWERS, an individual; and      )      **COMMERCIAL E-MAIL (Cal. Bus. &**
22 GAIL TAYLOR, an individual;             )      **Prof. Code § 17529.5)**
23                                         )
24              Plaintiffs,                )
         v.                                )
25                                         )
26 FLUENT, INC., a Delaware corporation;   )
   REWARD ZONE USA, LLC, a Delaware        )
27 limited liability company;              )
   REWARDSFLOW, LLC, a Delaware limited    )
28 liability company;                      )
   AMERICAN PRIZE CENTER, LLC, a           )
29 Delaware limited liability company;     )
30 MOHIT SINGLA, an individual;            )
31                                         )

---

                                  1
                    FIRST AMENDED COMPLAINT

1  SAUPHTWARE INC., a Nevada corporation;  )
2  ADREACTION, a business entity of unknown )
   formation;                              )
3  ANGLO IDITECH, a business entity of      )
   unknown formation;                      )
4  FORTANALYSIS8 DEVELOP, a business       )
5  entity of unknown formation;            )
   CONCEPT NETWORK, a business entity of   )
6  unknown formation;                      )
7  DIEGO RUFINO, an individual;            )
   PRISCILA AREKELIAN, an individual;      )
8  ANDRES MARY, an individual; and         )
9  DOES 1-1,000;                           )
                                           )
10                    Defendants.           )
11

12  COME NOW PLAINTIFFS MIRA BLANCHARD *et al* and file this First Amended Complaint

13  for one cause of action against Defendants FLUENT, INC. *et al* and allege as follows:

14

15       I. **INTRODUCTION AND SUMMARY OF THE COMPLAINT**

16  1.      Plaintiffs MIRA BLANCHARD *et al* bring this Action against professional spammers

17  FLUENT, INC. and related companies, and their third party advertising networks and affiliates

18  (aka "publishers"), for sending almost 1,300 unlawful unsolicited commercial emails ("spams")

19  to Plaintiffs. A representative sample appears on the next page.

20  2.      No Plaintiff gave direct consent to receive commercial email advertisements from, or had

21  a preexisting or current business relationship with, the entities advertised in the spams.

22  3.      The spams all materially violated California Business & Professions Code § 17529.5

23  ("Section 17529.5") due to: a) materially false and deceptive information contained in or

24  accompanying the email headers (i.e. From Name, Sender Email Address, and Subject Line); b)

25  Subject Lines misleading relative to the contents of the emails; and/or c) the use of third parties'

26  domain names without permission.

27  4.      FLUENT, INC. and the other ADVERTISER DEFENDANTS are strictly liable for

28  advertising in spams sent by their third party marketing agents, as are the marketing agents

29  themselves.

30

31

**Subject:** Get a $100 Walmart Gift Card FREE!
**From:** SavingcenterUsa (service@mondaydress.com)
**To:**
**Date:** Wednesday, December 31, 1969 4:00 PM

vsp0930.PLEASE READ THIS: Walmart Gift Card Pending



This advertisement was sent to you by a third party. If you are not interested in receiving future RewardZoneUsa advertisement, please Click Here. Alternatively, you can opt out by sending a letter to: RewardsFlow, LLC., 128 Court Street, 3rd FL, White Plains, NY 1060* Upon completion of purchase requirements. See offer for details*

INVESTOR TIMES
If you no longer wish to receive our promotional mailings please, Unsubscribe here
or write us at 5300 Fairfield Shopping Center # V110 Virginia Beach, Virginia 23464 US

3

FIRST AMENDED COMPLAINT

5.     Spam recipients are not required to allege or prove reliance or actual damages to have standing. *See* Bus. & Prof. Code § 17529.5(b)(1)(A)(iii).  Nevertheless, Plaintiffs did suffer damages by receiving the spams. *See, e.g.,* Bus. & Prof. Code § 17529(d), (e), (g), (h). However, Plaintiffs elect to recover statutory damages only and forego recovery of any actual damages. *See* Bus. & Prof. Code § 17529.5(b)(1)(B).

6.     This Court should award liquidated damages of $1,000 per email as provided by Section 17529.5(b)(1)(B)(ii), and not consider any reduction in damages, because FLUENT, INC. and the other ADVERTISER DEFENDANTS, and their third party marketing agents, failed to implement reasonably effective systems to prevent advertising in unlawful spams.  The unlawful elements of these spams represent willful acts of falsity and deception, rather than clerical errors.

7.     This Court should award Plaintiffs their attorneys' fees pursuant to Section 17529.5(b)(1)(C). *See also* Code of Civil Procedure § 1021.5, providing for attorneys fees when private parties bear the costs of litigation that confers a benefit on a large class of persons; here, by reducing the amount of false and deceptive spam received by California residents.

## II. PARTIES

### A. Plaintiffs

8.     MIRA BLANCHARD ("BLANCHARD") was domiciled in and a citizen of the State of California, when she received the spams at issue.  The spams at issue were sent to BLANCHARD's email address mira.blanchard@yahoo.com that she ordinarily accesses from California.

9.     RYAN COOPER ("COOPER") was domiciled in and a citizen of the State of California, when he received the spams at issue.  The spams at issue were sent to COOPER's email address rryan57@yahoo.com that he ordinarily accesses from California.

10.     MARK DAVIS ("DAVIS") was domiciled in and a citizen of the State of California, when he received the spams at issue.  The spams at issue were sent to DAVIS's email address mdavis1994@yahoo.com that he ordinarily accesses from California.

11.     CHANDRA GREENBERG ("GREENBERG") was domiciled in and a citizen of the State of California, when she received the spams at issue.  The spams at issue were sent to

1  GREENBERG's email address prettywoman1261@yahoo.com that she ordinarily accesses from

2  California.

3  12.     JAMES JOBE ("JOBE") was domiciled in and a citizen of the State of California, when

4  he received the spams at issue.  The spams at issue were sent to JOBE's email address

5  jamesjobe14@yahoo.com that he ordinarily accesses from California.

6  13.     DEBRA KOTTONG ("KOTTONG") was domiciled in and a citizen of the State of

7  California, when she received the spams at issue.  The spams at issue were sent to KOTTONG's

8  email address fadedjeens@yahoo.com that she ordinarily accesses from California.

9  14.     OGEN LAMA ("LAMA") was domiciled in and a citizen of the State of California, when

10  he received the spams at issue.  The spams at issue were sent to LAMA's email address

11  aaturu05@yahoo.com that he ordinarily accesses from California.

12  15.     MARIA MARQUEZ ("MARQUEZ") was domiciled in and a citizen of the State of

13  California, when she received the spams at issue.  The spams at issue were sent to MARQUEZ's

14  email address miria.marquez@mail.com that she ordinarily accesses from California.

15  16.     VANESSA POWERS ("POWERS") was domiciled in and a citizen of the State of

16  California, when she received the spams at issue.  The spams at issue were sent to POWERS'

17  email address vsp0930@yahoo.com that she ordinarily accesses from California.

18  17.     GAIL TAYLOR ("TAYLOR") was domiciled in and a citizen of the State of California,

19  when she received the spams at issue.  The spams at issue were sent to TAYLOR's email address

20  cgailtaylor@aol.com that she ordinarily accesses from California.

21  18.     Plaintiffs' joinder in this Action is proper pursuant to Code of Civil Procedure § 378

22  because Plaintiffs seek relief based on the same series of transactions or occurrences: all received

23  similar spams in the same general time period advertising FLUENT, INC. and the other

24  ADVERTISER DEFENDANTS' websites, and all of those spams were sent by FLUENT, INC.,

25  the other ADVERTISER DEFENDANTS, or their marketing agents.  The same questions of law

26  (e.g., violations of Section 17529.5, strict liability) and fact (e.g., direct consent, practices and

27  procedures to prevent advertising in unlawful spam) will arise in this Action.  The fact that each

28  Plaintiff does not sue for *exactly* the same spams does not bar joinder: "It is not necessary that

29  each plaintiff be interested as to every cause of action or as to all relief prayed for.  Judgment

30  may be given for one or more of the plaintiffs according to their respective right to relief."  Code

31  Civ. Proc. § 378(b).

**B. Defendants**

    *1. Advertiser Defendants*

19.    Plaintiffs are informed and believe and thereon allege that Defendant FLUENT, INC. ("FLUENT") is now, and was at all relevant times, a Delaware corporation with its principal place of business in New York, New York. Plaintiffs are informed and believe and thereon allege that FLUENT is responsible for advertising in some or all of the spams at issue in this lawsuit.

20.    Plaintiffs are informed and believe and thereon allege that Defendant REWARD ZONE USA, LLC ("REWARD ZONE"), is now, and was at all relevant times, a Delaware limited liability company affiliated with FLUENT. Plaintiffs are informed and believe and thereon allege that REWARD ZONE is responsible for advertising in some or all of the spams at issue in this lawsuit. Plaintiffs are informed and believe and thereon allege that REWARD ZONE registered the following domain names corresponding to the "landing websites" hyperlinked from certain spams at issue in this Action: webpromotionsusa.com, retailusapromo.com, promotionsusaweb.com, promotionalretail.com, and electronicpromotionscenter.com.

21.    Plaintiffs are informed and believe and thereon allege that Defendant REWARDSFLOW, LLC ("REWARDSFLOW"), is now, and was at all relevant times, a Delaware limited liability company affiliated with FLUENT. Plaintiffs are informed and believe and thereon allege that REWARDSFLOW is responsible for advertising in some or all of the spams at issue in this lawsuit.

22.    Plaintiffs are informed and believe and thereon allege that Defendant AMERICAN PRIZE CENTER, LLC ("AMERICAN PRIZE CENTER"), is now, and was at all relevant times, a Delaware limited liability company affiliated with FLUENT. Plaintiffs are informed and believe and thereon allege that AMERICAN PRIZE CENTER is responsible for advertising in some or all of the spams at issue in this lawsuit. Plaintiffs are informed and believe and thereon allege that AMERICAN PRIZE CENTER registered the following domain names corresponding to the "landing websites" hyperlinked from certain spams at issue in this Action: surveysandpromotionsonline.com, electronics-sweepstakes.com, and retailpromotionsonline.com.

23.    Plaintiffs are informed and believe and thereon allege that Defendant MOHIT SINGLA ("SINGLA"), is now, and was at all relevant times, an individual who resides in New York State

1  and who is affiliated with FLUENT, REWARD ZONE, REWARDSFLOW, and/or AMERICAN

2  PRIZE CENTER. Plaintiffs are informed and believe and thereon allege that SINGLA is

3  responsible for advertising in some or all of the spams at issue in this Action. Plaintiffs are

4  informed and believe and thereon allege that SINGLA personally registered the following

5  domain names corresponding to the "landing websites" hyperlinked from certain spams at issue

6  in this Action: restaurantpromotionsusa.com, onlineretailpromotion.com,

7  onlinepromotionscenter.com, promotionalsurveys.com, electronicpromotion.com,

8  nationalconsumercenter.com, retailpromotionusa.com, consumersrvycnter.com,

9  surveysandpromotions.com.

10  24.    Plaintiffs are informed and believe and thereon allege that FLUENT, REWARD ZONE,

11  REWARDSFLOW, and AMERICAN PRIZE CENTER are interrelated entities. Plaintiffs do

12  not know the exact nature of the relationship between these entities. Plaintiffs are also informed

13  and believe and thereon allege that there is an interrelationship between SINGLA and FLUENT,

14  REWARD ZONE, REWARDSFLOW, and AMERICAN PRIZE CENTER. Plaintiffs

15  hereinafter refer to FLUENT, REWARD ZONE, REWARDSFLOW, AMERICAN PRIZE

16  CENTER, and SINGLA collectively as "ADVERTISER DEFENDANTS."

17      *2.  Publisher Defendants*

18  25.    Plaintiffs are informed and believe and thereon allege that Defendant SAUPHTWARE

19  INC. dba PANDA MAIL ("PANDA") is now, and was at all relevant times, a Nevada

20  corporation with its principal place of business in Las Vegas, Nevada. Plaintiffs are informed

21  and believe and thereon allege that PANDA sent at least 75 of the spams at issue in this Action

22  using the following domain names: badbizbulletin.com, bangappletime.com, beggarsblog.com,

23  blogconnections.com, blogdater.com, bloggaro.com, hothotclick2.com, hitinternet.com,

24  homechurchblog.com, liquidbulletin.com, meetingsitevisit.com, newsbookonline.com,

25  propertysupersite.com, quickclickweb.com, sendbookbasket.com, sendnewsrelease.com,

26  softarinoclick.com, superemailnews.com, superglobalnews.com, and usamoblog.com.

27  26.    Plaintiffs are informed and believe and thereon allege that Defendant ADREACTION is

28  now, and was at all relevant times, a business entity of unknown formation with a principal place

29  of business in Dubai, United Arab Emirates. Plaintiffs are informed and believe and thereon

30  allege that ADREACTION sent at least 384 of the spams at issue in this Action using the

31  following domain names: akykoowh.com, aluckeec.com, and zitsydse.com, aneuil.com,

aroaness.com, asulrack.com, balkalike.com, booshidr.com, buzeecko.com, carsdotcomnews.com, chargooj.com, cheesteh.com, cheesteh.com, chivoods.com, cleotidxzz.com, conottris.com, cugukroa.com, culrehoz.com, datasafestornet.com, deeftung.com, dishisto.com, dishisto.com, ecmeedsa.com, eengimpy.com, eengurd.com, eepoolsy.com, eertoarg.com, eetheemt.com, eglolels.com, erevycme.com, estekarg.com, estekarg.com, ezzytophosts.com, feeptokr.com, foajoord.com, gazognus.com, glalreef.com, glefelse.com, gribeest.com, groadsoo.com, guitarif.com, hallation.com, harbornan.com, hecmoams.com, hecycmuf.com, hoagridr.com, irseexah.com, jardoats.com, keelteew.com, launcedb.com, lecyltoo.com, lokremsu.com, lutchoad.com, lutchoad.com, matchlinax.com, megaduoponet.com, migracku.com, millynishe.com, moongoad.com, mopsycke.com, multaneasdse.com, neerdams.com, nicentre.com, oalsoors.com, oampyksu.com, oangyshe.com, oarulsee.com, oastinge.com, odensyxa.com, oghadsyf.com, ognalsek.com, okudsans.com, ooceedso.com, oocoadre.com, oodrotch.com, oodrotch.com, ooftolse.com, ooghokej.com, oogroats.com, oohignee.com, ookroarga.com, oolroard.com, oompugum.com, oossugne.com, othatcha.com, othygnee.com, otsughit.com, paintine.com, phaksihe.com, pitulationa.com, poorgirg.com, porequill.com, priters.com, psihosoo.com, psunsird.com, raadah.com, shassegh.com, sopopsat.com, spentain.com, stujytch.com, thifirgu.com, throader.com, tregill.com, ucaksoam.com, uchussux.com, uchussux.com, uftursif.com, uhoolsoc.com, urimpygh.com, urtumtee.com, urtumtee.com, voaptads.com, weapoll.com, whoackoo.com, whookryk.com, whouted.com, wipsoang.com, woopsamt.com, xoabeegr.com, xokrihyt.com, xoogleem.com, xoogleps.com, ychempac.com, ypserdoo.com, yshonsee.com, yshonsee.com, ytheerge.com, ytheerge.com, zaltyboa.com.

27.     Plaintiffs are informed and believe and thereon allege that Defendant ANGLO IDITECH ("ANGLO") is now, and was at all relevant times, a business entity of unknown formation, with a principal place of business in Bloomfield, New Jersey.  Plaintiffs are informed and believe and thereon allege that ANGLO is neither registered with the New Jersey Secretary of State nor *any* Secretary of State (or its equivalent) in the United States.  Plaintiffs are informed and believe and thereon allege that ANGLO uses the address 590 Bloomfield Ave. #376, Bloomfield, New Jersey 7003 [*sic*; not a real ZIP code] to register its domain names used in spamming.  Plaintiffs are informed and believe and thereon allege that ANGLO's address is a box at a branch of The UPS Store and that ANGLO does not actually conduct any business from that address.  Plaintiffs are

1    informed and believe and thereon allege that ANGLO uses a UPS Store box as its address for the

2    specific purpose of being "untraceable" by recipients of its spam emails. Plaintiffs are informed

3    and believe and thereon allege that ANGLO sent at least 16 of the spams at issue in this Action

4    using the following domain name: apdantag.com.

5    28.    Plaintiffs are informed and believe and thereon allege that Defendant FORTANALYSIS8

6    DEVELOP ("FORTANALYSIS8") is now, and was at all relevant times, a business entity of

7    unknown formation, with a principal place of business in Slidell, Louisiana. Plaintiffs are

8    informed and believe and thereon allege that FORTANALYSIS8 is neither registered with the

9    Louisiana Secretary of State nor *any* Secretary of State (or its equivalent) in the United States.

10    Plaintiffs are informed and believe and thereon allege that FORTANALYSIS8 uses the address

11    857 Brownswitch Road. #308, Slidell, Louisiana 70458 to register its domain names used in

12    spamming. Plaintiffs are informed and believe and thereon allege that FORTANALYSIS8's

13    address is a box at a branch of The UPS Store and that FORTANALYSIS8 does not actually

14    conduct any business from that address. Plaintiffs are informed and believe and thereon allege

15    that FORTANALYSIS8 uses a UPS Store box as its address for the specific purpose of being

16    "untraceable" by recipients of its spam emails. Plaintiffs are informed and believe and thereon

17    allege that FORTANALYSIS8 sent at least 13 of the spams at issue in this Action using the

18    following domain name: cleachowlicort.com.

19    29.    Plaintiffs are informed and believe and thereon allege that Defendant CONCEPT

20    NETWORK ("CONCEPT") is now, and was at all relevant times, a business entity of unknown

21    formation, with a principal place of business in Seattle, Washington. Plaintiffs are informed and

22    believe and thereon allege that CONCEPT is neither registered with the Washington Secretary of

23    State nor *any* Secretary of State (or its equivalent) in the United States. Plaintiffs are informed

24    and believe and thereon allege that CONCEPT NETWORK uses the address 228 Park Avenue S.

25    #31190, Seattle, Washington 98104-2818 to register its domain names used in spamming.

26    Plaintiffs are informed and believe and thereon allege that CONCEPT's alleged address is

27    nonexistent. Plaintiffs are informed and believe and thereon allege that CONCEPT uses a

28    nonexistent address for the specific purpose of being "untraceable" by recipients of its spam

29    emails. Plaintiffs are informed and believe and thereon allege that CONCEPT sent at least 9 of

30    the spams at issue in this Action using the following domain name: conceptnetworkgroup.com.

31

30.     Plaintiffs are informed and believe and thereon allege that Defendant DIEGO RUFINO ("RUFINO"), is now, and was at all relevant times, an individual with a principal place of business in Atlanta, Georgia.  Plaintiffs are informed and believe and thereon allege that DIEGO RUFINO uses the address P.O. Box 105603 #31190, Atlanta, Georgia 30348-5603 to register his domain names used in spamming.  Plaintiffs are informed and believe and thereon allege that RUFINO uses a P.O. Box for the specific purpose of being "untraceable" by recipients of his spam emails.  Plaintiffs are informed and believe and thereon allege that RUFINO sent at least 7 of the spams at issue in this Action using the following domain names: aliveandsmartclub.com, findmeonmyweb.com, findyourfavoriteteam.com, justirresistibleweb.com, moreservices4less.com, myfuturebusyness.com, and visitandjustenjoy.com.

31.     Plaintiffs are informed and believe and thereon allege that Defendant PRISCILA AREKELIAN ("AREKELIAN") is now, and was at all relevant times, an individual, with a principal place of business in Las Vegas, Nevada.  Plaintiffs are informed and believe and thereon allege that AREKELIAN uses the address P.O. Box 29502 #31190, Las Vegas, Nevada 89126-9502 to register her domain names used in spamming.  Plaintiffs are informed and believe and thereon allege that AREKELIAN uses a P.O. Box for the specific purpose of being "untraceable" by recipients of his spam emails.  Plaintiffs are informed and believe and thereon allege that AREKELIAN sent at least 7 of the spams at issue in this Action using the following domain names: espchatsocial.com and wtxeres.com.

32.     Plaintiffs are informed and believe and thereon allege that Defendant ANDRES MARY ("MARY"), is now, and was at all relevant times, an individual with a principal place of business in San Francisco, California.  Plaintiffs are informed and believe and thereon allege that MARY uses the address 548 Market St. #85748, San Francisco, California 94104 to register his domain names used in spamming.  Plaintiffs are informed and believe that MARY's address is a virtual box at Earth Class Mail, a commercial mail receiving agency ("CMRA").  Plaintiffs are informed and believe and thereon allege that MARY uses a CMRA box for the specific purpose of being "untraceable" by recipients of his spam emails.  Plaintiffs are informed and believe and thereon allege that MARY sent at least 6 of the spams at issue in this Action using the following domain names: moreservices4less.com, onlinedatinglovers.com, superdicountcoupon.com, vocational-test.com, wantcouplenow.com.

### 3. *DOE Defendants*

33.     Plaintiffs do not know the true names or legal capacities of the Defendants designated herein as DOES 1 through 1,000, inclusive, and therefore sue said Defendants under the fictitious name of "DOE."  Plaintiffs allege that certain Defendant(s) designated herein as DOES registered the following domain names used to send some of the spams at issue in a manner so as to prevent email recipients from discovering those DOE Defendants' true identities:

00393klm.com, 0e8klrc7.com, 0s80gz9u.com, 12y6w19h.com, 1n1z945e.com, 1nz50.com, 34131wn5.com, 3g0z60gv.com, 4hx7jqs7.com, 4wee5m41.com, 53631414.com, 54vd8js7.com, 5mk2k7tg.com, 605dn534.com, 6662was6.com, 7oeb7xx9.com, 94801mbv.com, 99quality.net, 99tard.com, 9stylisheet.net, 9u0n8x1c.com, a44kbk69.com, aassurance.net, accessrun.com, actualexperts.net, additionalbook.com, adenalgy.com, advancedactivities.net, affectiveevaluation.com, agent-pays.sortcom.net, agroverdad.com.ar, alertmembers.net, alternativeview.net, alwayslivenetshop.com, and zz2xl5ds.com, anecdotalreports.net, angularea.com, antipaschool.com, apowerrip.com, areamage.com, areassist.com, asiandate.com, asianmarkets.net, astronomyprogram.net, athework.com, attentioncaller.com, autopricebit.com, autosolutionprograms.com, baseaffiliteog.com, basesamum.com, beamsmanager.com, beautifulmkt.com, becentre.net, bedbathgifters.com, bestofoperation.com, bestofsshope.com, bestthinking.net, bestupmarekt.com, betamarekt.com, betax24offre.com, betharnolder.com, bharatmatrimony.com, bigcentralmediamkt.com, bikinipin.com, bisnu1sion.com, bookcity.ro, booksontheknob.org, boutiqueak.com, brandmake.net, broadcastoutlets.com, brunsonious.com, buildingdoorstep.com, bxdjkxh.com, c0nsumerism.com, caftumti.com, calmklein.net, cam481jb.com, cardcommitteeweb.com, carsdotcomnews.com, castoffrly.com, chamarekt.com, chamarekt0.com, chosend.com, chron.com, climbtap.com, company24x7.com, consciouslyselecting.com, constantalert.net, copingstrategies.net, correctobservation.com, createways.net, crystalsize.com, cwjobsmail.com, dailymshop-send.eu, data0ffre1.com, dataforevers.com, datamarketingcorp.com, datateama.com, datingfocus.net, dazeddigital.com, dealwebzine.com, decisiveword.com, defeate.com, defervescentre.com, dictionarychoice.com, differentgeologic.com, digihelpsell.com, digioffres.com, dilleplasa.org, donpornogratis.com, dreambles.net, earsorehands.com, edu.gm, efficientsolution.net, eidjc.com, eiserance.net, ek5245d4.com, elephanttrainer.net, embermight.com, emiaterc.com, emplinetred.net, emsc.net, entrepreneurialgeneration.net, entrepzoom.com, epgrup.com, epik.com, eslite.com,

1   eugenita.com, existingproduct.com, expressez.com, extensivestudy.net, eyuje574.com,

2   f64mail.eu, falcongoldinternship.com, familiartale.net, faracross.net, fatparadox.net,

3   federalinvestigation.net, filesleya.com, foroffre.com, france-discount.fr, francetvinfo.fr,

4   fruition.net,  funspage.com, generationretails.com, Github.com, gladask.com,

5   globalmarketteam.com, grandstanddreams.com, groupyorkshiretalk.com,

6   harlemshakeoffers.com, hh.ru, hitprodu.com, hopefind.net, housefarms.net, hoymanager.com,

7   iceages.net, identicalterms.net, inboxdollars.com, inboxpounds.com,

8   indicatingericssoncalled.com, innateability.net, inquirecanyonlands.com, instaoffre.com,

9   instrumentalworks.net, insurancious.net, internalorgan.net, iranfile.ir, jobenvironments.com,

10   jobonrole.com, justoffre.com, juvela.com, kaplanced.com, kdtm90a4.com, keepplace.net,

11   kotak.com, kupiskidku.com, laborpractices.net, landhistory.net, leadingcast.net,

12   learningquickly.net, leboncoin.fr, legislatiamuncii.ro, li2whntc.com, lifestyleshield.com,

13   liquidbulletin.com, loadingimages.net, loadingimages.net, localified.com, logdater.com, mail-

14   cidbotanicals.com, mailsamolatina.com, mainoffre.com, majorpublication.com,

15   manageroofres.com, managerridae.com, manmemory.net, marektal.com, marektsofl.admin,

16   marektstore.com, meetic.com, mermanager.com, metalovers.com, metaoffre.com, mi-horoscopo-

17   del-dia.com, mindedpeople.net, mondaydress.com, monsoon.co.uk, mpmailserv.co.uk,

18   mravital.net, myplaycity.com, naruko.com, nepmanger.com, nero-emea.com, nero-us.com,

19   netmainshop.com, nightmarekt.com, nouncil.com, offerdome.com, officialmarketweb.com,

20   offreddie.com, offresender.com, offresetter.com, offreshen.com, olivegasvalues.com,

21   onlinecardcommitteehost.com, operationindicator.com, optimusoz.com, or9806ph.com,

22   orderdelivered.net, organfeedback.com, organisationt.org, ownanyplace.com, ownbet.net,

23   p8g9s8ju.com, paleontology.online, particularlifestyle.com, particulartimes.com, pathbiz.net,

24   patrioticfervor.com, performancetargets.net, personaldetails.net, personalizedchoices.net,

25   personrelation.net, platediscipline.net, portalcodulmuncii.ro, positiveface.net, powerrealm.com,

26   privatepossessions.net, privilegedgenerations.com, procardcommittee.com, prod-mix.net,

27   productreportcard.com, profoundeffect.net, propertysupersite.com, protectfuture.net,

28   provedright.com, pseudocostandar.com, pt07wv9a.com, racked.com, rainbowcontrol.com,

29   reactiontimingartistry.com, realuses.net, regesterintel.com, registen.com,

30   residentialcommunity.net, resortvitalityplus.com, reviewjournal.com, ridratch.com,

31   rootsweb.com, roughagence.com, ru61es79.com, runningaerobic.com, s423a73c.com,

1   s4lb61i.com, safetystudies.net, samoblog.com, sbingo.eu, sendaze.com, senderbylite.com,
2   senderdaita.com, sendermostosis.com, shopbonton.com, shopingexperiencemedia.com,
3   shopletterwriter.com, simpleoperations.net, simpleprinciples.net, simplyword.net, siowck.com,
4   sittingposition.net, sknspo.com, sknspo.com, slothasheville.net, socialphilosophy.net,
5   softindeswik.com, sortcom.net, sourceprivate.com, specificcompanies.com, spoorse.com,
6   spreadaway.com, submindex.com, sysage.com, tacticalexecution.net, talktalk.com,
7   techwebreview.com, telbros.com, testmethod.net, theintermrktcorp.com, thekingswaygifts.com,
8   thelomographer.com, thewinesociety.com, toothmegadelivery.com, traditionalforms.com,
9   transitactions.com, u422nt53.com, uglamsee.com, u-mall.com, undertosionsc.com,
10  unsyngis.com, usadirectdemocracy.com, utensilcad.com, valericatiser.net, valuableproducts.net,
11  vivarise.net, walmartusrewards.com, waytravel.net, wearn.com, webmailbyte.com,
12  webofferanalysts.com, weekendings.net, westernsuburbs.net, windowsphone.com, worq1.com,
13  xsh0pe.com, yearresults.net, yearsuniverse.net, yearswatch.net, youoffreup.com,
14  yourexotictravelguide.com, yourintermarket.com, za295g77.com.

15  34.    Plaintiffs are informed and believe and thereon allege that each of the Defendants

16  designated herein as a DOE is legally responsible in some manner for the matters alleged in this

17  complaint, and is legally responsible in some manner for causing the injuries and damages of

18  which Plaintiffs complain. Plaintiffs are informed and believe and thereon allege that each of the

19  Defendants designated herein as a DOE Defendant was, at all times relevant to the matters

20  alleged within this complaint, acting in conjunction with the named Defendants, whether as a

21  director, officer, employee, agent, affiliate, customer, participant, or co-conspirator. When the

22  identities of DOE Defendants 1-1,000 are discovered, or otherwise made available, Plaintiffs will

23  seek to amend this Complaint to allege their identity and involvement with particularity.

24  35.    Defendants' joinder in this Action is proper pursuant to Code of Civil Procedure § 379

25  because Plaintiffs seek relief jointly and severally from Defendants arising form the same series

26  of transactions and occurrences, and because common questions of law and fact as to Defendants

27  will arise in the Action. The fact that all Defendants may not be implicated in all spams does not

28  bar joinder: "It is not necessary that each defendant be interested as to every cause of action or as

29  to all relief prayed for. Judgment may be given against one or more defendants according to

30  their respective liabilities." Code Civ. Proc. § 379.

31

## III. JURISDICTION AND VENUE

### A. Jurisdiction is Proper in a California Superior Court

36.     This California Superior Court has jurisdiction over the Action because all Plaintiffs are located in California, and the amount in controversy is more than $25,000.

### B. Venue is Proper in San Francisco County

37.     Venue is proper in San Francisco County (or indeed, *any* county in California of Plaintiffs' choosing) because the ADVERTISER DEFENDANTS (other than the individual SINGLA) are foreign corporations that have not designated the location and address of a principal office in California or registered to do business in California with the California Secretary of State. *See Easton v. Superior Court of San Diego (Schneider Bros. Inc.)*, 12 Cal. App. 3d 243, 246 (4th Dist. 1970).  Additionally, Defendant MARY resides and/or has a principal place of business in San Francisco.  Code Civ. Proc. § 395(a).

## IV. ALMOST 1,300 UNLAWFUL SPAMS

38.     Plaintiffs allege that Defendants engaged in tortious conduct: "wrongful act[s] other than a breach of contract for which relief may be obtained in the form of damages or an injunction." *See* Merriam-Webster, www.merriam-webster.com/dictionary/tort (last viewed Nov. 5, 2013).

39.     California's False Advertising Law, Business & Professions Code § 17500

> prohibits "not only advertising which is false, but also advertising which[,] although true, is either actually misleading or which has a capacity, likelihood or tendency to deceive or confuse the public." . . . . [T]he UCL and the false advertising law prohibit deceptive advertising even if it is not actually false.

*Chapman v. Skype Inc.*, 220 Cal. App. 4th 217, 226-27 (2d Dist. 2013) (citation omitted).

### A. The Emails at Issue are "Spams"; Recipients and Counts

40.     The emails at issue are "commercial email advertisements"[1] because they were initiated for the purpose of advertising and promoting the ADVERTISER DEFENDANTS' products and services.

---

[1] "'Commercial e-mail advertisement' means any electronic mail message initiated for the purpose of advertising or promoting the lease, sale, rental, gift offer, or other disposition of any property, goods, services, or extension of credit." Bus. & Prof. Code § 17529.1(c).

41.     The emails are "unsolicited commercial email advertisements"[2] because no Plaintiff gave "direct consent"[3] to, or had a "preexisting or current business relationship"[4] with any of the ADVERTISER DEFENDANTS.

42.     Plaintiffs did not consent or acquiesce to receive the spams at issue.  Plaintiffs did not waive or release any rights or claims related to the spams at issue.

43.     Defendants advertised in, sent, and/or conspired to send at least 1,265 unlawful spams that Plaintiffs received at their "California email addresses"[5] as shown below:

| PLAINTIFF | SPAMS RECEIVED | PLAINTIFF | SPAMS RECEIVED |
|-----------|----------------|-----------|----------------|
| BLANCHARD | 66 | KOTTONG | 110 |
| COOPER | 124 | LAMA | 149 |
| DAVIS | 220 | MARQUEZ | 202 |
| GREENBERG | 91 | POWERS | 199 |
| JOBE | 91 | TAYLOR | 13 |
|  |  | **TOTAL** | **1,265** |

44.     The spams are all unlawful because there is materially false and deceptive information contained in or accompanying the email headers as described in more detail below.

---

[2] "'Unsolicited commercial e-mail advertisement' means a commercial e-mail advertisement sent to a recipient who meets both of the following criteria: (1) The recipient has not provided direct consent to receive advertisements from the advertiser. (2) The recipient does not have a preexisting or current business relationship, as defined in subdivision (*l*), with the advertiser promoting the lease, sale, rental, gift offer, or other disposition of any property, goods, services, or extension of credit."  Bus. & Prof. Code § 17529.1(o).

[3] "'Direct consent' means that the recipient has expressly consented to receive e-mail advertisements *from the advertiser*, either in response to a clear and conspicuous request for the consent or at the recipient's own initiative."  Bus. & Prof. Code § 17529.1(d) (emphasis added).

[4] "'Preexisting or current business relationship,' as used in connection with the sending of a commercial e-mail advertisement, means that the recipient has made an inquiry and has provided his or her e-mail address, or has made an application, purchase, or transaction, with or without consideration, regarding products or services offered by the advertiser. []"  Bus. & Prof. Code § 17529.1(*l*).

[5] "'California e-mail address' means 1) An e-mail address furnished by an electronic mail service provider that sends bills for furnishing and maintaining that e-mail address to a mailing address in this state; 2) An e-mail address ordinarily accessed from a computer located in this state; 3) An e-mail address furnished to a resident of this state."  Bus. & Prof. Code § 17529.1(b).

**B. Spams With Generic or False From Names Misrepresent *Who* is Advertising in the Spams and Violate Business & Professions Code § 17529.5(a)(2)**

45.     Section 17529.5(a)(2) prohibits falsified or misrepresented information contained in or accompanying email headers.

46.     The From Name field is part of email headers.  The From Name does *not* include the Sender Email Address.  So, for example, if an email's From Line says: "John Doe <johndoe@yahoo.com>", the From Name is *just* "John Doe."

47.     The From Name in an email's headers is, not surprisingly, supposed to identify who the email is *from*; it is not supposed to be an advertising message.  Because computers must use standard protocols in order to communicate, the Internet Engineering Task Force created a collection of "Requests for Comment" ("RFCs") that define the rules that enable email to work.  According to RFC 5322 at ¶ 3.6.2 (emphasis in original):

> The "From:" field specifies the author(s) of the message, that is, the mailbox(es) of the person(s) or system(s) responsible for the writing of the message. . . . In all cases, the "From:" field SHOULD NOT contain any mailbox that does not belong to the author(s) of the message.

48.     Plaintiffs do not insist on any *particular* label (e.g., "FLUENT," "FLUENT, INC.," "REWARD ZONE USA," etc.) in the From Name field.  Rather, Plaintiffs contend that the text, whatever it is, cannot misrepresent *who* the emails are from.

49.     The From Name is important to an email user, because in almost all email programs, the inbox view only displays a list of emails, showing the From Name, Subject Line, and Send Date.  Therefore, even *if* the body of the email identifies the advertiser, the recipient will not know that until s/he has already clicked to open the email.

50.     Indeed, empirical evidence has demonstrated that the From Name is the *most* important factor email recipients use to determine whether or not an email is spam.  *See* eMarketer, E-Mail Open Rates Hinge on 'Subject' Line, *available at* http://www.emarketer.com/Article/E-Mail-Open-Rates-Hinge-on-Subject-Line/1005550 (Oct. 31, 2007).  Thus, a From Name that misrepresents who a spam is from is *not* a mere technical error; rather, it is a material misrepresentation of the most important part of the email header.

Select Criteria Used by US Internet Users to Decide Whether to Click on an E-Mail "Report Spam" or "Junk" Button without Opening the Actual Message, December 2006 (% of respondents)

| | |
|---|---|
| From Line | 73% |
| Subject Line | 69% |

Note: n=2,252 AOL, MSN/Hotmail, Yahoo!, Lycos, Excite, Gmail, Netscape or CompuServe users
Source: Email Sender and Provider Coalition (ESPC) and Ipsos, March 2007
082363                                                                 www.eMarketer.com

16
<small>FIRST AMENDED COMPLAINT</small>

51.     Although Plaintiffs do *not* sue under the federal CAN-SPAM Act, Plaintiffs note that the Federal Trade Commission has also identified the From Name as the first item in misleading header information in its guide to CAN-SPAM compliance when it stated

> 1.     Don't use false or misleading header information. Your *"From,"* "To," "Reply-To," and routing information – including the originating domain name and email address – *must be accurate and identify the person or business who initiated the message.*

Federal Trade Commission, CAN-SPAM Act: A Compliance Guide for Business, available at http://www.business.ftc.gov/documents/bus61-can-spam-act-compliance-guide-business (emphasis added).

52.     In *Balsam v. Trancos Inc.*, the unlawful spams were sent from generic From Names that did not *identify* anyone.  The trial court ruled, and the court of appeal affirmed in all respects, that generic From Names violate the statute because they misrepresent *who* the emails are from:

> ... The seven [ ] emails do not truly reveal who sent the email . . . . The [ ] "senders" identified in the headers of the [ ] seven emails do not exist or are otherwise misrepresented, namely Paid Survey, Your Business, Christian Dating, Your Promotion, Bank Wire Transfer Available, Dating Generic, and Join Elite. . . . . Thus the sender information ("from") is misrepresented.

203 Cal. App. 4th 1083, 1088, 1090-91, 1093 (1st Dist. 2012), *petition for review denied*, 2012 Cal. LEXIS 4979 (Cal. May 23, 2012), *petition for certiori denied*, 2012 U.S. LEXIS 8423 (U.S. Oct. 29, 2012), *petition for rehearing denied*, 2013 U.S. LEXIS 243 (U.S. Jan. 7, 2013).  More specifically, *Balsam* confirmed that generic From Names that "do not exist or are otherwise misrepresented when they do not represent any real company and cannot be readily traced back to the true owner/sender" violate the statute.  *Id.* at 1093.  The Court affirmed the award of $1,000 liquidated damages for the seven emails with misrepresented information in the From Name field, even though most of the spams identified the advertiser in the body.  *Id.* at 1091, 1093.  Therefore, truthful information in the body of a spam does not cure misrepresented information contained in or accompanying the headers.

53.     Almost all of the spams that Plaintiffs received, advertising the ADVERTISER DEFENDANTS' websites, show generic text in the From Name field that misrepresents *who* the spams are from, e.g. "Gift Card Rewards," "Thank You," "Congratulations," "Thank You Facebook Survey Rewards," and "Promotional Survey."  These generic From Names could just as easily refer to the ADVERTISER DEFENDANTS' competitors.

54.     Some of the spams have From Names that go beyond merely generic and are actively false, claiming that the spams are from third-party companies (or products) that have nothing to do with Defendants, e.g. "Sams," "Samsung Galaxy S5," "Target," and "Walmart."  On information and belief, those third parties are not in any way associated with the sending of the spams at issue in this action.

55.     These From Names, like those in *Balsam*, misrepresent *who* was advertising in the spams, and therefore violate Section 17529.5(a)(2).

56.     Plaintiffs are informed and believe and thereon allege that Defendants knowingly choose to advertise using generic From Names and unrelated third-parties names precisely so the recipients will *not* know who the emails were really from when viewing the spams in the inbox view.  This forces recipients to open the emails to see if the emails might actually be from someone with whom the recipient has had dealings, or if the emails are in fact, as is the case here, nothing but spams from for-profit entities.

57.     In *Rosolowski v. Guthy-Renker LLC*, the court permitted From Names that were not the sender's official corporate name as long as the identity of the sender was readily ascertainable in the body.  230 Cal. App. 4th 1403, 1407, 1416 (2d Dist. 2014).  However, the From Names in that case (Proactiv and Wen Hair Care) were the advertiser's fanciful trademarks and well-known brands with their own websites.  But here, unlike the spams in *Rosolowski,* almost of the From Names are generic or false; they are not well-known trademarks and/or brands readily associated with Defendants.  There is no way an ordinary consumer, looking at the emails in his/her inbox, could readily associate them with Defendants.

58.     Moreover, in many of the spams at issue, the sender is not identified in the body of the spams, so *Balsam* would control, not *Rosolowski*.

59.     In those instances where the sender is identified in the body of the spams, the sender is an "untraceable" entity, so the recipient doesn't actually know who sent the spam.  For example, JOBE received a spam that says in the body that it was sent by ANGLO.  However, as discussed above, ANGLO uses a mailbox at a UPS store as its address and it is not registered with *any* Secretary of State (or its equivalent).  Therefore, the "identification" of the sender in the body of the email is merely another misrepresentation as to who actually sent the spam, because "ANGLO IDITECH" is meaningless.  In another instance, KOTTONG received a spam that said it was sent from CONCEPT.  However, as discussed above, CONCEPT uses a nonexistent

1  address and is not registered with *any* Secretary of State (or its equivalent).  Again, the purported

2  "identification" of the sender in the body of the email is misleading, misrepresented, and

3  meaningless.

4  **C.  Spams Sent From Domain Names Registered So As To Not Be Readily Traceable to the**
   **Sender Violate Business & Professions Code § 17529.5(a)(2)**

5

6  60.     Section 17529.5(a)(2) prohibits falsified, misrepresented, or forged information contained

7  in or accompanying in email headers.

8  61.     Registration information for the domain names used to send spams is information

9  contained in or accompanying email headers.

10 62.     "[H]eader information in a commercial e-mail is falsified or misrepresented for purposes

11 of section 17529.5(a)(2) when it uses a sender domain name that *neither* identifies the actual

12 sender on its face *nor* is readily traceable to the sender using a publicly available online database

13 such as WHOIS." *Balsam*, 203 Cal. App. 4th at 1101 (emphasis in original).

14 63.     Many of the spams that Plaintiffs received advertising Defendants were sent from domain

15 names that:

16          •   Did not identify Defendants or the sender on their face, or

17          •   Were "proxy" registered, or

18          •   Were registered to nonexistent entities (corporations, LLC's, individuals, etc.) so

19              as to not be readily traceable to the sender by querying the Whois database,

20 in violation of Section 17529.5. *Balsam,* 203 Cal. App. 4th at 1097-1101.  For example,

21 Blanchard received a spam advertising ADVERTISER DEFENDANTS' products and services

22 from the domain name betharnholder.com.  That domain name was proxy-registered when the

23 spam was sent.  The *Balsam* court held that sending a spam from a domain name that is proxy-

24 registered is a misrepresentation as to *who* the sender actually is.  The *Balsam* court held that

25 such proxy-registration is a violation of section 17529.5.  At least 167 of the 1,265 spams at issue

26 in this Action were sent from proxy-registered domain names.

27 64.     JOBE received an email from a domain name registered to CONCEPT, which is not

28 registered with *any* Secretary of State (or its equivalent) and uses a false and nonexistent address.

29 Like in *Balsam*, spams sent from domains registered to nonexistent entities using P.O. boxes,

30 CMRA's, and nonexistent addresses misrepresent *who* actually sent the spams.

31

65.     Plaintiffs could not identify Defendants or its spamming affiliates who sent most of the spams at issue by querying the Whois database for the domain names used to send all or almost all of the spams at issue.

**D.   Spams With False and Misrepresented Subject Lines Violate Business & Professions Code § 17529.5(a)(2)**

66.     Section 17529.5(a)(2) prohibits falsified, misrepresented, or forged information in email headers.

67.     The Subject Line is part of email headers.

68.     Many of the spams that Plaintiffs received contain Subject Lines with falsified and/or misrepresented information.  Plaintiffs allege that these Subject Lines are *absolutely* false and/or misrepresented and violate Section 17529.5(a)(2), as opposed to misleading *relative* to the contents/body of the spams, which would be a violation of Section 17529.5(a)(3).

69.     Example of falsified/misrepresented Subject Lines include:

- "Being Cleared: $350 Check" is false because no such check exists.
- "You Won $100 From CVS Pharmacy" is false because the recipient, LAMA, did *not* win $100 from CVS Pharmacy.
- "Congratulations, Here's Your $1,000 Walmart Gift Card" is false because there was no Walmart gift card.

**E.   Spams With Subject Lines Misleading Relative to the Contents of the Spams Violate Business & Professions Code § 17529.5(a)(3)**

70.     Section 17529.5(a)(3) prohibits Subject Lines misleading relative to the contents or subject matter of the emails.

71.     Some of the spams that Plaintiffs received contain Subject Lines misleading relative to the contents of subject matter of the emails, which violate Section 17529.5(a)(3).

72.     Examples of misleading Subject Lines include:

- "Get A $100 Walmart Gift Card Free!" is misleading because the body says, "Get a $100 Walmart Gift Card . . . upon completion of purchase requirements."  So, the Subject Line would lead the recipient to believe a free gift card is available, which is belied by the body disclosing that there is no free gift card available.
- "Ogen, Your Name Was Drawn April 6th For A Kohl's Gift Card" is misleading because it implies that there is a Kohl's gift card available for LAMA, but the body says ". . . enter your zip for availability . . . " implying that there is *not* a

Kohl's gift card available and that LAMA's name could not have been drawn because the body admits that it is questionable whether he is even eligible to receive the gift card, based on his ZIP code.

**F.   Spams Containing a Third Party's Domain Name Without Permission Violate Business & Professions Code § 17529.5(a)(1)**

73.   Section 17529.5(a)(1) prohibits spams containing or accompanied by a third party's domain name without the permission of the third party.

74.   Plaintiffs are informed and believe and thereon allege that at least 192 of the spams at issue in this Action contain third parties' domain names without permission of the third parties. For example, some of the domain names appearing in the sending email addresses are: *sephora.com, toysrus.com, walgreens.com, ebay.com, ebates.com, osh.com, olivegarden.com, clubmed.com, lancome.com, pfizer.com, nissanusa.com, amazon.co.uk, dell.com, nytimes.com, nfl.com, shopbonton.com, mail.com, nestle.com, ndtv.com, tmall.com, burgerkingwow.com, and constantcontact.com.*

75.   Such unauthorized use of third parties' domain names is materially false and deceptive. There can be no dispute that these spams were *not* sent from eBay, The New York Times Company, etc.  Plaintiffs are informed and believe and thereon allege that the ADVERTISER DEFENDANTS and/or their marketing agents forged the Sender Email Addresses to include domain names belonging to legitimate third party businesses in order to:

- Falsely lend an air of legitimacy to the spams by leveraging the brand equity of legitimate advertisers, making the recipients believe that eBay, The New York Times Company, etc. endorse the ADVERTISER DEFENDANTS, and

- Trick spam filters as to the source of the spams.  If the ADVERTISER DEFENDANTS and their marketing agents used their *own* domain names, it would be more likely that spam filters would be able to automatically identify the domain names as being associated with spammers, and block the spams.  On the other hand, emails purportedly sent by *ebay.com, nytimes.com*, etc. are more likely to be treated as legitimate emails and not spams.

76.   Furthermore, assuming that these spams were *not* actually sent from the domain names that appear in the Sender Email Addresses, which Plaintiffs are informed and believe and thereon

1   allege to be the case, then the spams also contained falsified and forged information, which

2   violates Section 17529.5(a)(2).

3   **G.  The ADVERTISER DEFENDANTS are Strictly Liable for Spams Sent By Their**
    **Marketing Agents**

4

5   77.      Plaintiffs are informed and believe and thereon allege that the ADVERTISER

6   DEFENDANTS contracted with third party advertising networks and affiliates, including but not

7   limited to the other named Defendants, to advertise their websites for the purpose of selling

8   products and services for a profit.

9   78.      No one forced the ADVERTISER DEFENDANTS to outsource any of their advertising

10  to third party spam networks and spammers.

11  79.      Advertisers are liable for advertising in spams, even if third parties hit the Send button.

12              There is a need to regulate the advertisers who use spam, as well as the actual
                spammers because the actual spammers can be difficult to track down due to
13              some return addresses that show up on the display as "unknown" and many others
                being obvious fakes and they are often located offshore.
14

15              The true beneficiaries of spam are the advertisers who benefit from the marketing
                derived from the advertisements.
16

17  Bus. & Prof. Code § 17529(j)(k).

18              It is unlawful [ ] *to advertise in* a commercial email advertisement [ ] under any of
                the following circumstances…
19

20  Bus. & Prof. Code § 17529.5 (emphasis added).  Of course, the ADVERTISER DEFENDANTS'

21  agents are also liable for sending unlawful spams.  *See Balsam*, generally.

22  80.      In fact, in *Hypertouch Inc. v. ValueClick Inc. et al*, the court of appeal held that

23  advertisers are *strictly liable* for advertising in false and deceptive spams, even if the spams were

24  sent by third parties.

25              *[S]ection 17529.5* makes it unlawful for a person or entity "to advertise in a
                commercial e-mail advertisement" that contains any of the deceptive statements
26              described in *subdivisions (a)(1)-(3)*. Thus, by its plain terms, the statute is not
                limited to entities that actually send or initiate a deceptive commercial e-mail, but
27              applies more broadly to any entity that advertises in those e-mails.

28              Thus, like other California statutes prohibiting false or misleading business
                practices, the statute makes an entity *strictly liable* for advertising in a
29              commercial e-mail that violates the substantive provisions described in section
                17529.5, subdivision (a) *regardless of whether the entity knew that such e-mails*
30              *had been sent* or had any intent to deceive the recipient.
31

1  192 Cal. App. 4th 805, 820-21 (2d Dist. 2011) (emphasis added). The court did not find that this

2  was an arbitrary requirement; rather, the court identified sound policy reasons behind the

3  Legislature's decision to create a strict liability statute. *Id.* at 829.

4  **H.  Plaintiffs Sue for Statutory Liquidated Damages; No Proof of Reliance or Actual Damages is Necessary**

5

6  81.     The California Legislature defined liquidated damages to be $1,000 per spam. Bus. &

7  Prof. Code § 17529.5(b)(1)(B)(ii).

8  82.     Plaintiffs are informed and believe and thereon allege that the $1,000 per spam figure is

9  comparable with damages in other areas of consumer protection law, e.g., $500-$1,500 statutory

10  damages per junk fax, pursuant to Business & Professions Code § 17538.43(b).

11  83.     Plaintiffs' rightful and lawful demand for liquidated damages in the amount of $1,000 per

12  email is necessary to further the California Legislature's objective of protecting California

13  residents from unlawful spam.

14  84.     Section 17529.5 does not require Plaintiffs to quantify their actual damages, allege or

15  prove reliance on the advertisements contained in the spams, or purchase the goods and services

16  advertised in the spams. *Recipients* of unlawful spam have standing to sue and recover

17  liquidated damages. Bus. & Prof. Code § 17529.5(b)(1)(A)(iii); *Hypertouch*, 192 Cal. App. 4th

18  at 820, 822-23, 828.

19  85.     However, Plaintiffs did suffer damages by receiving the unlawful spams advertising

20  Defendant's products and services in the state of California, at their California email addresses.

21  Bus. & Prof. Code § 17529(d), (e), (g), (h). Regardless, Plaintiffs do not seek actual damages in

22  this Action, only liquidated damages. Bus. & Prof. Code § 17529.5(b)(1)(B).

23  **I.  Defendants' Actions Were Willful and Preclude any Reduction in Statutory Damages**

24  86.     Section 17529.5 authorizes this Court to reduce the statutory damages to $100 per spam.

25  Bus. & Prof. Code § 17529.5(b)(2). But, to secure the reduction, Defendants have the burden of

26  proof to demonstrate not only that *established* practices and procedures to prevent unlawful

27  spamming, but also that they *implemented* those practices and procedures, and that the practices

28  and procedures are *effective*.

29  87.     Plaintiffs are informed and believe and thereon allege that Defendants have not

30  established and implemented, with due care, practices and procedures reasonably designed to

31  effectively prevent unsolicited commercial e-mail advertisements that are in violation of

Section 17529.5.

88.    Even if Defendants had established any practices and procedures to prevent advertising in unlawful spam, such practices and procedures were not reasonably designed so as to be effective.

89.    Even if Defendants reasonably designed practices and procedures to prevent advertising in unlawful spam, such practices and procedures were not implemented so as to be effective.

90.    Moreover, Plaintiffs are informed and believe and thereon allege that Defendants intended to deceive recipients of their spam messages through the use of falsified and/or misrepresented information in From Names, domain name registrations, and Subject Lines, and use of third parties' domain names without permission, as described herein.

91.    Subject Lines and From Names do not write themselves.  Domain names do not register themselves.  Third parties' domain names (e.g. nytimes.com) do not insert themselves into spams on their own.  The false and misrepresented information contained in and accompanying the email headers are not "clerical errors."  Plaintiffs are informed and believe and thereon allege that Defendants went to great lengths to create falsified and misrepresented information contained in and accompanying the email headers in order to deceive recipients, Internet Service Providers, and spam filters.

92.    Plaintiffs are informed and believe and thereon allege that Defendants intended to profit, actually profited, and continue to profit, and were unjustly enriched by, their wrongful conduct as described herein.

## FIRST CAUSE OF ACTION

**[Violations of California Restrictions on Unsolicited Commercial Email,
California Business & Professions Code § 17529.5]
(Against All Defendants)**

93.    Plaintiffs hereby incorporate the foregoing paragraphs as though set forth in full herein.

94.    Plaintiffs named in the original Complaint (BLANCHARD, JOBE, KOTTONG, LAMA, POWERS) received all of the spams at issue within one year prior to filing the Complaint. Plaintiffs added to the First Amended Complaint (COOPER, DAVIS, GREENBERG, MARQUEZ, TAYLOR) received all of the spams at issue within one year prior to filing the First Amended Complaint.

95.    Defendants advertised in, sent, and/or caused to be sent at least 1,265 unsolicited commercial email advertisements to Plaintiffs' California electronic mail addresses that had

1  materially falsified and/or misrepresented information contained in or accompanying the email

2  headers, contained Subject Lines that were misleading in relation to the bodies of the emails,

3  and/or contained third parties' domain names without permission, in violation of Section

4  17529.5.  The unlawful elements of these spams represent willful acts of falsity and deception,

5  rather than clerical errors.

6  96.     The California Legislature set liquidated damages at One Thousand Dollars ($1,000) per

7  email.

8  97.     Defendants have not established and implemented, with due care, practices and

9  procedures to effectively prevent advertising in unlawful spams that violate Section 17529.5 that

10  would entitle them to a reduction in statutory damages.

11  98.     Plaintiffs seek reimbursement of attorneys' fees and costs as authorized by Section

12  17529.5(b)(1)(C).

13  99.     The attorneys' fees provision for a prevailing spam recipient is typical of consumer

14  protection statutes and supported by Code of Civil Procedure § 1021.5.  By prosecuting this

15  action, Plaintiffs expect to enforce an important right affecting the public interest and thereby

16  confer a significant benefit on the general public or a large class of persons.  The necessity and

17  financial burden of private enforcement is such as to make the award appropriate, and the

18  attorneys' fees should not, in the interest of justice, be paid out of the recovery of damages.

19

20  WHEREFORE, Plaintiffs pray for judgment against Defendants as hereinafter set forth.

21

22                              **PRAYER FOR RELIEF**

23                              **(Against All Defendants)**

24  A.      An Order from this Court declaring that Defendants violated California Business &

25          Professions Code § 17529.5 by advertising in and sending unlawful spams.

26  B.      Liquidated damages against Defendants in the amount of $1,000 for each of at least 1,265

27          unlawful spams, as authorized by Section 17529.5(b)(1)(B)(ii), for a total of at least

28          $1,265,000, as set forth below:

29

30

31

| PLAINTIFF | DAMAGES SOUGHT | PLAINTIFF | DAMAGES SOUGHT |
|---|---|---|---|
| BLANCHARD | $66,000 | KOTTONG | $110,000 |
| COOPER | $124,000 | LAMA | $149,000 |
| DAVIS | $220,000 | MARQUEZ | $202,000 |
| GREENBERG | $91,000 | POWERS | $199,000 |
| JOBE | $91,000 | TAYLOR | $13,000 |
| | | TOTAL | $1,265,000 |

C.    Liquidated damages against each of the ADVERTISER DEFENDANTS, jointly and severally, in the amount of $1,000 for each of 1,265 unlawful spams ($1,265,000) that they sent, hired others to send, or otherwise conspired with others to send to Plaintiffs, according to proof.

D.    Liquidated damages against SAUPHTWARE, jointly and severally with each of the ADVERTISER DEFENDANTS, in the amount of $1,000 for each of 75 unlawful spams ($75,000) that it sent, hired others to send, or otherwise conspired to send to Plaintiffs, according to proof.

E.    Liquidated damages against ADREACTION, jointly and severally with each of the ADVERTISER DEFENDANTS, in the amount of $1,000 for each of 384 unlawful spams ($384,000) that it sent, hired others to send, or otherwise conspired to send to Plaintiffs, according to proof.

F.    Liquidated damages against ANGLO, jointly and severally with each of the ADVERTISER DEFENDANTS, in the amount of $1,000 for each of 16 unlawful spams ($16,000) that it sent, hired others to send, or otherwise conspired to send to Plaintiffs, according to proof.

G.    Liquidated damages against FORTANALYSIS8, jointly and severally with each of the ADVERTISER DEFENDANTS, in the amount of $1,000 for each of 13 unlawful spams ($13,000) that it sent, hired others to send, or otherwise conspired to send to Plaintiffs, according to proof.

H.    Liquidated damages against CONCEPT, jointly and severally with each of the ADVERTISER DEFENDANTS, in the amount of $1,000 for each of 9 unlawful spams ($9,000) that it sent, hired others to send, or otherwise conspired to send to Plaintiffs, according to proof.

1   I.    Liquidated damages against RUFINO, jointly and severally with each of the

2        ADVERTISER DEFENDANTS, in the amount of $1,000 for each of 7 unlawful spams

3        ($7,000) that he sent, hired others to send, or otherwise conspired to send to Plaintiffs,

4        according to proof.

5   J.    Liquidated damages against AREKELIAN, jointly and severally with each of the

6        ADVERTISER DEFENDANTS, in the amount of $1,000 for each of 7 unlawful spams

7        ($7,000) that she sent, hired others to send, or otherwise conspired to send to Plaintiffs,

8        according to proof.

9   K.   Liquidated damages against MARY, jointly and severally with each of the

10       ADVERTISER DEFENDANTS, in the amount of $1,000 for each of 6 unlawful spams

11       ($6,000) that he sent, hired others to send, or otherwise conspired to send to Plaintiffs,

12       according to proof.

13  L.    Liquidated damages against each DOE 1-1,000 (when their true names are learned),

14       jointly and severally with each of the ADVERTISER DEFENDANTS, in the amount of

15       $1,000 for each of the unlawful spams it sent, hired others to send, or otherwise conspired

16       to send to Plaintiffs, according to proof.

17  M.   Attorneys' fees as authorized by Section 17529.5(b)(1)(C) and Code of Civil Procedure

18       § 1021.5 for violations of Section 17529.5.

19  N.   Costs of suit.

20  O.   Such other and further relief as the Court deems proper.

THE LAW OFFICES OF DANIEL BALSAM

Date:_____December 20, 2016_____  BY:_____*Daniel L. Balsam*_____

DANIEL BALSAM
Attorneys for Plaintiffs

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

| | |
|---|---|
| **DATE:** | **FEB-15-2017** |
| **TIME:** | **10:30AM** |
| **PLACE:** | **Department 610** |
| | **400 McAllister Street** |
| | **San Francisco, CA  94102-3680** |

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.  However, it would facilitate the issuance of a case management order  **without an appearance**  at the case management conference if the case management statement is filed, served and lodged in Department 610 twenty-five (25) days before the case management conference.

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.  **This case is eligible for electronic filing and service per Local Rule 2.11.  For more information, please visit the Court's website at www.sfsuperiorcourt.org under Online Services.**

### ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A TRIAL.
(SEE LOCAL RULE 4)

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint.  All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

Superior Court Alternative Dispute Resolution Coordinator
400  McAllister Street, Room 103
San Francisco, CA  94102
(415) 551-3869

**See Local Rules 3.3, 6.0 C and 10 B re stipulation to judge pro tem.**

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF SAN FRANCISCO
### 400 MCALLISTER STREET, SAN FRANCISCO, CA 94102-4514

MIRA BLANCHARD

**PLAINTIFF (S)**

VS.

FLUENT, INC. et al

**DEFENDANT (S)**

**Case Management Department 610**
**Case Management Order**

**NO. CGC-16-554299**

**Order Continuing Case**
**Management Conference**

TO: ALL COUNSEL AND SELF-REPRESENTED LITIGANTS

The Feb-15-2017 CASE MANAGEMENT CONFERENCE is canceled, and it is hereby ordered:

This case is set for a case management conference on Mar-29-2017 in Department 610 at 10:30 am.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than fifteen (15) days before the case management conference.  However, it would facilitate the issuance of a case management order without an appearance at the case management conference if the case management statement is filed, served and lodged in Department 610 twenty-five (25) days before the case management conference.

PLAINTIFF(S) must serve a copy of this notice on all parties not listed on the attached proof of service within five (5) days of the date of this order.

DATED:  JAN-27-2017                         TERI L. JACKSON
                                                          _____
                                                          JUDGE OF THE SUPERIOR COURT

CERTIFICATE OF SERVICE BY MAIL

I, the undersigned, certify that I am an employee of the Superior Court of California, County of San Francisco and not a party to the above-entitled cause and that on JAN-27-2017 I served the attached Order Continuing Case Management Conference by placing a copy thereof in an envelope addressed to all parties to this action as listed below. I then placed the envelope in the outgoing mail at 400 McAllister Street, San Francisco, CA 94102, on the date indicated above for collection, sealing of the envelope, attachment of required prepaid postage, and mailing on that date, following standard court practice.

Dated :   JAN-27-2017                          By: DARLENE LUM

DANIEL L. BALSAM (260423)
THE LAW OFFICES OF DANIEL BALSAM
2601C BLANDING AVE #271
ALAMEDA, CA  94501

JACOB HARKER (261262)
LAW OFFICES OF JACOB HARKER
582 MARKET ST., 1007
SAN FRANCISCO, CA  94104

JACOB HARKER (261262)
LAW OFFICES OF JACOB HARKER
582 MARKET ST., 1007
SAN FRANCISCO, CA  94104

CERTIFICATE OF SERVICE BY MAIL
Form 000001

 

**Superior Court of California, County of San Francisco**
**Alternative Dispute Resolution**
**Program Information Package**

> The plaintiff must serve a copy of the ADR information package
> on each defendant along with the complaint.  (CRC 3.221(c))

## WHAT IS ADR?

Alternative Dispute Resolution (ADR) is the term used to describe the various options available for settling a dispute without a trial.  There are many different ADR processes, the most common forms of which are mediation, arbitration and settlement conferences.  In ADR, trained, impartial people decide disputes or help parties decide disputes themselves. They can help parties resolve disputes without having to go to court.

## WHY CHOOSE ADR?

"It is the policy of the Superior Court that every noncriminal, nonjuvenile case participate either in an early settlement conference, mediation, arbitration, early neutral evaluation or some other alternative dispute resolution process prior to trial." (Local Rule 4)

ADR can have a number of advantages over traditional litigation:

- **ADR can save time.**  A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.
- **ADR can save money,** including court costs, attorney fees, and expert fees.
- **ADR encourages participation.**  The parties may have more opportunities to tell their story than in court and may have more control over the outcome of the case.
- **ADR is more satisfying.**  For all the above reasons, many people participating in ADR have reported a high degree of satisfaction.

## HOW DO I PARTICIPATE IN ADR?

Litigants may elect to participate in ADR at any point in a case.  General civil cases may voluntarily enter into the court's ADR programs by any of the following means:

- Filing a Stipulation to ADR: Complete and file the Stipulation form (attached to this packet) ·
- Indicating your ADR preference on the Case Management Statement (also attached to this packet); or
- Contacting the court's ADR office (see below) or the Bar Association of San Francisco's ADR Services at 415-782-8905 or www.sfbar.org/adr for more information.

For more information about ADR programs or dispute resolution alternatives, contact:

Superior Court Alternative Dispute Resolution
400 McAllister Street, Room 103, San Francisco, CA   94102
415-551-3869

*Or, visit the court ADR website at www.sfsuperiorcourt.org*

The San Francisco Superior Court offers different types of ADR processes for general civil matters: each ADR program is described in the subsections below:

## 1) SETTLEMENT CONFERENCES

The goal of settlement conferences is to provide participants an opportunity to reach a mutually acceptable settlement that resolves all or part of a dispute early in the litigation process.

**(A) THE BAR ASSOCIATION OF SAN FRANCISCO (BASF) EARLY SETTLEMENT PROGRAM (ESP):** ESP remains as one of the Court's ADR programs (see Local Rule 4.3) but parties must select the program – the Court no longer will order parties into ESP.

**Operation:** Panels of pre-screened attorneys (one plaintiff, one defense counsel) each with at least 10 years' trial experience provide a minimum of two hours of settlement conference time, including evaluation of strengths and weakness of a case and potential case value. On occasion, a panelist with extensive experience in both plaintiff and defense roles serves as a sole panelist. BASF handles notification to all parties, conflict checks with the panelists, and full case management. The success rate for the program is 78% and the satisfaction rate is 97%. Full procedures are at: www.sfbar.org/esp.

**Cost:** BASF charges an administrative fee of $295 per party with a cap of $590 for parties represented by the same counsel. Waivers are available to those who qualify. For more information, call Marilyn King at 415-782-8905, email adr@sfbar.org or see enclosed brochure.

**(B) MANDATORY SETTLEMENT CONFERENCES:** Parties may elect to apply to the Presiding Judge's department for a specially-set mandatory settlement conference. See Local Rule 5.0 for further instructions. Upon approval of the Presiding Judge, the court will schedule the conference and assign the case for a settlement conference.

## 2) MEDIATION

Mediation is a voluntary, flexible, and confidential process in which a neutral third party facilitates negotiations. The goal of mediation is to reach a mutually satisfactory agreement that resolves all or part of a dispute after exploring the interests, needs, and priorities of the parties in light of relevant evidence and the law.

**(A) MEDIATION SERVICES OF THE BAR ASSOCIATION OF SAN FRANCISCO,** in cooperation with the Superior Court, is designed to help civil litigants resolve disputes before they incur substantial costs in litigation. While it is best to utilize the program at the outset of litigation, parties may use the program at any time while a case is pending.

**Operation:** Experienced professional mediators, screened and approved, provide one hour of preparation time and the first two hours of mediation time. Mediation time beyond that is charged at the mediator's hourly rate. BASF pre-screens all mediators based upon strict educational and experience requirements. Parties can select their mediator from the panels at www.sfbar.org/mediation or BASF can assist with mediator selection. The BASF website contains photographs, biographies, and videos of the mediators as well as testimonials to assist with the selection process. BASF staff handles conflict checks and full case management. Mediators work with parties to arrive at a mutually agreeable solution. The success rate for the program is 64% and the satisfaction rate is 99%.

**Cost:** BASF charges an administrative fee of $295 per party. The hourly mediator fee beyond the first three hours will vary depending on the mediator selected. Waivers of the administrative fee are available to those who qualify. For more information, call Marilyn King at 415-782-8905, email adr@sfbar.org or see the enclosed brochure.

(B) JUDICIAL MEDIATION provides mediation with a San Francisco Superior Court judge for civil cases, which include but are not limited to, personal injury, construction defect, employment, professional malpractice, insurance coverage, toxic torts and industrial accidents. Parties may utilize this program at anytime throughout the litigation process.

**Operation:** Parties interested in judicial mediation should file a Stipulation to Judicial Mediation indicating a joint request for inclusion in the program. A preference for a specific judge may be indicated. The court will coordinate assignment of cases for the program. There is no charge for the Judicial Mediation program.

(C) PRIVATE MEDIATION: Although not currently a part of the court's ADR program, parties may elect any private mediator of their choice; the selection and coordination of private mediation is the responsibility of the parties. Parties may find mediators and organizations on the Internet. The cost of private mediation will vary depending on the mediator selected.

## 3) ARBITRATION

An arbitrator is neutral attorney who presides at a hearing where the parties present evidence through exhibits and testimony. The arbitrator applies the law to the facts of the case and makes an award based upon the merits of the case.

(A) JUDICIAL ARBITRATION: When the court orders a case to arbitration it is called "judicial arbitration". The goal of arbitration is to provide parties with an adjudication that is earlier, faster, less formal, and usually less expensive than a trial.

**Operation:** Pursuant to CCP 1141.11, all civil actions in which the amount in controversy is $50,000 or less, and no party seeks equitable relief, shall be ordered to arbitration. (Upon stipulation of all parties, other civil matters may be submitted to judicial arbitration.) An arbitrator is chosen from the court's arbitration panel. Arbitrations are generally held between 7 and 9 months after a complaint has been filed. Judicial arbitration is not binding unless all parties agree to be bound by the arbitrator's decision. Any party may request a trial within 60 days after the arbitrator's award has been filed. Local Rule 4.2 allows for mediation in lieu of judicial arbitration, so long as the parties file a stipulation to mediate after the filing of a complaint. There is no cost to the parties for judicial arbitration.

(B) PRIVATE ARBITRATION: Although not currently a part of the court's ADR program, civil disputes may also be resolved through private arbitration. Here, the parties voluntarily consent to arbitration. If all parties agree, private arbitration may be binding and the parties give up the right to judicial review of the arbitrator's decision. In private arbitration, the parties select a private arbitrator and are responsible for paying the arbitrator's fees.

TO PARTICIPATE IN ANY OF THE COURT'S ADR PROGRAMS, PLEASE COMPLETE THE ATTACHED STIPULATION TO ADR AND SUBMIT IT TO THE COURT. YOU MUST ALSO CONTACT BASF TO ENROLL IN THE LISTED BASF PROGRAMS. THE COURT DOES NOT FORWARD COPIES OF STIPULATIONS TO BASF.



# Superior Court of California
## County of San Francisco



HON. JOHN K. STEWART
PRESIDING JUDGE

### Judicial Mediation Program

JENIFFER B. ALCANTARA
ADR ADMINISTRATOR

The Judicial Mediation program offers mediation in civil litigation with a San Francisco Superior Court judge familiar with the area of the law that is the subject of the controversy. Cases that will be considered for participation in the program include, but are not limited to personal injury, professional malpractice, construction, employment, insurance coverage disputes, mass torts and complex commercial litigation. Judicial Mediation offers civil litigants the opportunity to engage in early mediation of a case shortly after filing the complaint in an effort to resolve the matter before substantial funds are expended. This program may also be utilized at anytime throughout the litigation process. The panel of judges currently participating in the program includes:

The Honorable Michael I. Begert
The Honorable Suzanne R. Bolanos
The Honorable Angela Bradstreet
The Honorable Andrew Y.S. Cheng
The Honorable Samuel K. Feng
The Honorable Charles F. Haines

The Honorable Harold E. Kahn
The Honorable Curtis E.A. Karnow
The Honorable Charlene P. Kiesselbach
The Honorable James Robertson, II
The Honorable Richard B. Ulmer, Jr.
The Honorable Mary E. Wiss

Parties interested in Judicial Mediation should file a Stipulation to Judicial Mediation indicating a joint request for inclusion in the program and deliver a courtesy copy to Department 610. A preference for a specific judge may be indicated on the request, and although not guaranteed, every effort will be made to fulfill the parties' choice. Please allow at least 30 days from the filing of the form to receive the notice of assignment. The court's Alternative Dispute Resolution Administrator will facilitate assignment of cases that qualify for the program.

Note: Space and availability is limited. Submission of a stipulation to Judicial Mediation does *not* guarantee inclusion in the program. You will receive written notification from the court as to the outcome of your application.

Alternative Dispute Resolution
400 McAllister Street, Room 103, San Francisco, CA 94102
(415) 551-3869



# Early Settlement Program

### Consider The Bar Association of San Francisco's

Want a settlement option with less stress and cost than trial?

Want the skills of experienced panelists in arriving at a realistic, satisfying settlement?

Learn more about the Early Settlement Program–scan the QR Code or visit www.sfbar.org/adr/esp

## The Early Settlement Program:

- Helps you resolve cases **quickly and economically**
- Has been a trusted program for over **20 years**
- Boasts a **78% settlement rate** and **97% satisfaction rate**

## Early Settlement provides:

- Panels of experienced trial attorneys (all with at least **10 years of experience**)
- **Three free hours** of settlement conference time per case, including one hour of preparation time
- Panelists who are matched with the case's type of law
- **Low administrative fee** of $295/party, capped at $590 for parties represented by the same counsel

## What is ESP?

The Bar Association of San Francisco's Early Settlement Program (ESP) is available as one of San Francisco Superior Court's Alternative Dispute Resolution (ADR) programs (Local Rule 4.3).

ESP is a *highly successful* ADR program that handles cases in areas of law such as business, personal injury, employment, labor, civil rights, discrimination, insurance, malpractice, landlord/tenant, and many others.

ESP is *unique* in that the panelists, in helping you move toward settlement, can provide you confidential feedback about their evaluation of your case, including opinions as to potential case value.

For more information as well as the complete Policies & Procedures, go to: www.sfbar.org/esp

## Who are the Panelists?

They are experienced attorneys with at least **10 years** of trial experience. Panels consist of one plaintiff and one defense attorney. Sometimes an attorney who is experienced in both types of representation serves as a solo panelist.

## Costs

There is a $295 administrative fee per party, capped at $590 for multiple parties represented by the same attorney, to pay for the cost of running this program. If you have a fee waiver with the Superior Court, your fee will be waived by the ESP program.

## Contact

▶ email esp@sfbar.org

▶ phone: 415-982-1600

▶ fax: 415-989-0381

---

The forms you need can be found at **www.sfbar.org/esp**, or email adr@sfbar.org or call 415/782-8905 for a packet to be sent to you.

☞ Please complete the ESP Agreement and return it to BASF via email at adr@sfbar.org or by fax to 415-989-0381. You don't have to get the other parties to sign, just send yours.

☞ When all parties have signed the ESP Agreement, you will be sent the Notice of ESP, along with an invoice.

☞ There is a $295 administrative fee per party with a cap of $590 for multiple parties represented by the same attorney. You can pay by check, money order or credit card.

☞ Send your administrative fee by fax, email or mail to: BASF / ESP, 301 Battery Street, Third Floor, San Francisco, California 94111.

☞ When BASF receives the fees from all parties, your matter will be assigned to a panelist (or panel of 2), who you will work with to set the date, time and location for your conference.

☞ If you must reschedule your ESP conference date, work with the other side and your panelist(s) to set the new date. BASF does not need to be notified.

☞ Before your conference, provide a copy of your description of the dispute to all parties and panelists. BASF does not need a copy.

☞ If the matter is settled in your ESP conference, congratulations!

☞ If the matter is not settled in your ESP conference, your initial court date remains the same.

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and address) | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:<br><br>ATTORNEY FOR (Name): | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO<br>400 McAllister Street<br>San Francisco, CA 94102-4514 | |
|---|---|
| PLAINTIFF/PETITIONER:<br><br>DEFENDANT/RESPONDENT: | |

| **STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION (ADR)** | CASE NUMBER:<br><br>**DEPARTMENT 610** |
|---|---|

1) **The parties hereby stipulate that this action shall be submitted to the following ADR process:**

☐ **Early Settlement Program of the Bar Association of San Francisco (BASF) -** Pre-screened experienced attorneys provide a minimum of 2 hours of settlement conference time for a BASF administrative fee of $295 per party. Waivers are available to those who qualify. BASF handles notification to all parties, conflict checks with the panelists, and full case management. www.sfbar.org/esp

☐ **Mediation Services of BASF -** Experienced professional mediators, screened and approved, provide one hour of preparation and the first two hours of mediation time for a BASF administrative fee of $295 per party. Mediation time beyond that is charged at the mediator's hourly rate. Waivers of the administrative fee are available to those who qualify. BASF assists parties with mediator selection, conflicts checks and full case management. www.sfbar.org/mediation

☐ **Private Mediation -** Mediators and ADR provider organizations charge by the hour or by the day, current market rates. ADR organizations may also charge an administrative fee. Parties may find experienced mediators and organizations on the Internet.

☐ **Judicial Arbitration -** Non-binding arbitration is available to cases in which the amount in controversy is $50,000 or less and no equitable relief is sought. The court appoints a pre-screened arbitrator who will issue an award. There is no fee for this program. www.sfsuperiorcourt.org

☐ **Other ADR process (describe)** _____

2) **The parties agree that the ADR Process shall be completed by (date):** _____

3) **Plaintiff(s) and Defendant(s) further agree as follows:**

_____

_____

_____

| _____ | _____ |
|---|---|
| Name of Party Stipulating | Name of Party Stipulating |
| _____ | _____ |
| Name of Party or Attorney Executing Stipulation | Name of Party or Attorney Executing Stipulation |
| _____ | _____ |
| Signature of Party or Attorney | Signature of Party or Attorney |
| ☐ Plaintiff ☐ Defendant ☐ Cross-defendant | ☐ Plaintiff ☐ Defendant ☐ Cross-defendant |
| Dated: | Dated: |

☐ *Additional signature(s) attached*

ADR-2  04/14                **STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION**

CM-110

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |

TELEPHONE NO.:                    FAX NO. *(Optional)*:
E-MAIL ADDRESS *(Optional)*:
ATTORNEY FOR *(Name)*:

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
   STREET ADDRESS:
   MAILING ADDRESS:
   CITY AND ZIP CODE:
   BRANCH NAME:

   PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| | | |
|---|---|---|
| **CASE MANAGEMENT STATEMENT** | | CASE NUMBER: |
| *(Check one):*  ☐ **UNLIMITED CASE** (Amount demanded exceeds $25,000) | ☐ **LIMITED CASE** (Amount demanded is $25,000 or less) | |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date:                    Time:                    Dept.:                    Div.:                    Room:

Address of court *(if different from the address above)*:

☐ **Notice of Intent to Appear by Telephone,** by *(name)*:

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one)*:
   a. ☐ This statement is submitted by party *(name)*:
   b. ☐ This statement is submitted **jointly** by parties *(names)*:

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date)*:
   b. ☐ The cross-complaint, if any, was filed on *(date)*:

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not)*:

      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names)*:

      (3) ☐ have had a default entered against them *(specify names)*:

   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served)*:

4. **Description of case**
   a. Type of case in ☐ complaint ☐ cross-complaint *(Describe, including causes of action)*:

---

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-110 [Rev. July 1, 2011] | **CASE MANAGEMENT STATEMENT** | Page 1 of 5<br>Cal. Rules of Court,<br>rules 3.720–3.730<br>www.courts.ca.gov |

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4.  b.   Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐   *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**
The party or parties request ☐ a jury trial ☐ a nonjury trial.   *(If more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**
a.   ☐   The trial has been set for *(date)*:
b.   ☐   No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c.   Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.  **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a.   ☐   days *(specify number):*
b.   ☐   hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☐ by the following:
a.   Attorney:
b.   Firm:
c.   Address:
d.   Telephone number:
e.   E-mail address:
f.   Fax number:
g.   Party represented:
☐   Additional representation is described in Attachment 8.

9.  **Preference**
☐   This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**

a.   **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.

(1)   For parties represented by counsel: Counsel ☐ has ☐ has not   provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

(2)   For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.

b.   **Referral to judicial arbitration or civil action mediation** (if available).

(1)   ☐   This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

(2)   ☐   Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

(3)   ☐   This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information):*

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply):* | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation):* |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date):*<br>☐ Agreed to complete mediation by *(date):*<br>☐ Mediation completed on *(date):* |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date):*<br>☐ Agreed to complete settlement conference by *(date):*<br>☐ Settlement conference completed on *(date):* |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date):*<br>☐ Agreed to complete neutral evaluation by *(date):*<br>☐ Neutral evaluation completed on *(date):* |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date):*<br>☐ Agreed to complete judicial arbitration by *(date):*<br>☐ Judicial arbitration completed on *(date):* |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date):*<br>☐ Agreed to complete private arbitration by *(date):*<br>☐ Private arbitration completed on *(date):* |
| (6) Other *(specify):* | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date):*<br>☐ Agreed to complete ADR session by *(date):*<br>☐ ADR completed on *(date):* |

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
| --- | --- |
| DEFENDANT/RESPONDENT: | |

**11. Insurance**
 a. ☐ Insurance carrier, if any, for party filing this statement *(name):*
 b. Reservation of rights: ☐ Yes  ☐ No
 c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**
 Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
 ☐ Bankruptcy  ☐ Other *(specify):*
 Status:

**13. Related cases, consolidation, and coordination**
 a. ☐ There are companion, underlying, or related cases.
  (1) Name of case:
  (2) Name of court:
  (3) Case number:
  (4) Status:
  ☐ Additional cases are described in Attachment 13a.
 b. ☐ A motion to  ☐ consolidate  ☐ coordinate  will be filed by *(name party):*

**14. Bifurcation**
 ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**
 ☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**16. Discovery**
 a. ☐ The party or parties have completed all discovery.
 b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
| --- | --- | --- |
| | | |

 c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**20. Total number of pages attached** *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.



# Superior Court of California
# County of San Francisco

**Expedited Jury Trial Information Sheet**

## What is an expedited jury trial?

An expedited jury trial is a trial that is much faster and has a smaller jury than a traditional jury trial. An expedited jury trial differs from a regular jury trial in several ways:

• **The trial will be shorter.** Each side has 3 hours to make opening statements, present witnesses and evidence, and make closing statements.

• **The jury will be smaller.** There will be 8 jurors instead of 12.

• **Choosing the jury will be faster.** The parties will exercise fewer preemptory challenges.

• **Parties will waive some post trial motions and rights to appeal.** Appeals are allowed only if there is: (1) Misconduct of the judicial officer that materially affected substantial rights of a party; (2) Jury misconduct; or (3) Corruption or fraud or some other bad act that prevented a fair trial.

In addition, parties may not ask the judge to set the jury verdict aside, except on those same grounds.

## Does the jury have to reach a unanimous decision?

No. Just as in a traditional civil jury trial, only three-quarters of the jury must agree in order to reach a decision in an expedited jury trial. With 8 people on the jury, that means that at least 6 of the jurors must agree on the verdict in an expedited jury trial.

## Is the decision of the jury binding on the parties?

Generally, yes. A verdict from a jury in an expedited jury trial is like a verdict in a traditional jury trial. However, parties who take part in expedited jury trials are allowed to make an agreement before the trial that guarantees that the defendant will pay a certain amount to the plaintiff even if the jury decides on a lower payment or no payment. That agreement may also impose a cap, or maximum, on the highest amount that a defendant has to pay, even if the jury decides on a higher amount. These agreements are commonly known as "high/low agreements."

## How do I qualify for an expedited jury trial?

The process can be used in any civil case. To have an expedited jury trial, both sides must want one. Each side must agree that it will use only three hours to put on its case and agree to the other rules described above. This agreement must be put in writing in a Stipulation and submitted along with a Proposed Consent Order Granting an Expedited Jury Trial, which is given to the court for approval. The court will usually agree to the Consent Order.

## How do I request an expedited jury trial?

To have an expedited jury trial, both sides must submit a Stipulation and Proposed Consent Order for Expedited Jury Trial to the court for approval. This may happen at three stages of litigation:

**1) At Filing and Prior to Setting of a Trial Date:** Parties may submit a Stipulation to Expedited Jury Trial to Dept. 610 using the attached short form (see below). Parties must

also submit a Proposed Consent Order for Expedited Jury Trial to Dept. 610.

2) **After a Trial Date has been Set**: Parties submit a Stipulation and Proposed Consent Order for Expedited Jury Trial directly to Dept. 206 at least *30 days* prior to the assigned trial date.

3) **After Trial Assignment**: A Proposed Consent Order for Expedited Jury Trial may be submitted immediately to the assigned trial department not less than *30 days* prior to the assigned trial date.

Also, after a case is assigned to a particular judge for trial, the parties may ask the trial judge to have an Expedited Jury Trial, and the judge may permit the parties to then sign the appropriate Stipulation and Proposed Consent Order for Expedited Jury Trial.

**Can I change my mind after agreeing to an expedited jury trial?**

No, unless the other side or the court agrees. Once you and the other side have agreed to take part in an expedited jury trial the agreement is binding on both sides.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**Expedited Jury Trial Request**
*Please submit a copy of this request to Dept. 610.*

Case No. _____

Case Name: _____          v.

_____

The parties would like this action to be submitted to an Expedited Jury Trial.

The parties shall submit a consent order to the Court on or by _____.

| Name of Party | Name of Party/Attorney | Signature of Party |
| --- | --- | --- |
| | | Dated: _____ |
| Name of Party | Name of Party/Attorney | Signature of Party |
| | | Dated: _____ |
| Name of Party | Name of Party/Attorney | Signature of Party |
| | | Dated: _____ |

Please note: a [Proposed] Consent Order for Expedited Jury Trial is still required in addition to this stipulation form.

You can find the law and rules governing expedited jury trials in Code of Civil Procedure sections 630.01– 630.12 and in rules 3.1545–3.1552 of the California Rules of Court. You can find these at any county law library or online. The statutes are online at *www.leginfo.ca.gov/calaw.html.* The rules are at *www.courts.ca.gov/rules.*

*\*Information adapted from Judicial Council's Expedited Jury Trial Information Sheet EJT–010–INFO, New January 1, 2011*

POS-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Daniel L. Balsam (State Bar No. 260423)<br>THE LAW OFFICES OF DANIEL BALSAM<br>2601C Blanding Ave. #271<br>Alameda, CA 94501<br>TELEPHONE NO.: 415-869-2873    FAX NO. *(Optional):* 415-869-2873<br>E-MAIL ADDRESS *(Optional):* legal@danbalsam.com<br>ATTORNEY FOR *(Name):* Plaintiffs Mira Blanchard et al | FOR COURT USE ONLY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  San Francisco
STREET ADDRESS: 400 McAllister Street, Room 103
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME:

| | |
|---|---|
| PLAINTIFF/PETITIONER: Mira Blanchard et al<br><br>DEFENDANT/RESPONDENT: Fluent, Inc. et al | CASE NUMBER:<br>CGC-16-554299 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☑ summons *on FirT amended Camplant*
   b. ☑ complaint *(FAC)*
   c. ☑ Alternative Dispute Resolution (ADR) package
   d. ☐ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☑ other *(specify documents):* Notice of Case Management Conference, Order Continuing CMC

3. a. Party served *(specify name of party as shown on documents served):*
      REWARD ZONE USA, LLC, a Delaware limited liability company

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
      USA Corporate Services Inc. (registered agent)

4. Address where the party was served:
   3500 S. Dupont Highway, Dover, DE 19901

5. I served the party *(check proper box)*
   a. ☐ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):*          (2) at *(time):*
   b. ☐ **by substituted service.** On *(date):*          at *(time):*          I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*          from *(city):*          or ☐ a declaration of mailing is attached.

      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10<br>American LegalNet, Inc.<br>www.FormsWorkflow.com |

| PLAINTIFF/PETITIONER: Mira Blanchard et al | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Fluent, Inc. et al | CGC-16-554299 |

5. c. [✓] **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):* February 14, 2017     (2) from *(city):* Alameda, CA

    (3) [ ] with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgment of Receipt.*)* (Code Civ. Proc., § 415.30.)

    (4) [✓] to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. [ ] **by other means** *(specify means of service and authorizing code section):*

    [ ] Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
  a. [ ] as an individual defendant.
  b. [ ] as the person sued under the fictitious name of *(specify):*
  c. [ ] as occupant.
  d. [✓] On behalf of *(specify):* REWARD ZONE USA, LLC, a Delaware limited liability company
    under the following Code of Civil Procedure section:

    [ ] 416.10 (corporation)     [ ] 415.95 (business organization, form unknown)
    [ ] 416.20 (defunct corporation)     [ ] 416.60 (minor)
    [ ] 416.30 (joint stock company/association)     [ ] 416.70 (ward or conservatee)
    [ ] 416.40 (association or partnership)     [✓] 416.90 (authorized person)
    [ ] 416.50 (public entity)     [ ] 415.46 (occupant)
                              [✓] other: Corp. Code § 17061 (LLC)

7. **Person who served papers**
  a. Name: Daniel Balsam
  b. Address: The Law Offices of Daniel Balsam, 2601C Blanding Ave. #271, Alameda, CA 94501
  c. Telephone number: 415-869-2873
  d. **The fee** for service was: $ 0
  e. I am:
    (1) [ ] not a registered California process server.
    (2) [✓] exempt from registration under Business and Professions Code section 22350(b).
    (3) [ ] a registered California process server:
      (i) [ ] owner [ ] employee [ ] independent contractor.
      (ii) Registration No.:
      (iii) County:

8. [✓] **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. [ ] **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: February 14, 2017

Daniel L. Balsam
  (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶ *Daniel L. Balsam*
              (SIGNATURE )

**SUM-100**

# SUMMONS ON FIRST AMENDED
## (CITACION JUDICIAL) COMPLAINT

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**

FLUENT, INC., a Delaware Corporation
(Additional Parties Attachment is Attached)

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

MIRA BLANCHARD, an individual
(Additional Parties Attachment is Attached)

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is: | CASE NUMBER: |
| (El nombre y dirección de la corte es): San Francisco Superior Court | (Número del Caso): |
| | CGC-16-554299 |

400 McAllister
San Francisco, CA 94102

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Daniel L. Balsam (SBN 260423), 2601C Blanding Ave #271, Alameda, CA 94501, 415-869-2873

| DATE: | JAN 2 7 2017 | CLERK OF THE COURT | Clerk, by | EDNALEEN J. ALEGRE | , Deputy |
| (Fecha) | | | (Secretario) | | (Adjunto) |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☒ on behalf of (specify): REWARD ZONE USA, LLC, a Delaware limited liability company

under: ☐ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)   ☒ CCP 416.90 (authorized person)
☒ other (specify): Corp. Code § 17061 (LLC)
4. ☐ by personal delivery on (date):

Page 1 of 1

[SEAL]

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

**SUM-200(A)**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Blanchard v. Fluent | CGC-16-554299 |

### INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List **additional parties** *(Check only one box. Use a separate page for each type of party.)*:

[✓] Plaintiff    [ ] Defendant    [ ] Cross-Complainant    [ ] Cross-Defendant

RYAN COOPER, an individual;

MARK DAVIS, an individual;

CHANDRA GREENBERG, an individual;

JAMES JOBE, an individual;

DEBRA KOTTONG, an individual;

OGEN LAMA, an individual;

MARIA MARQUEZ, an individual;

VANESSA POWERS, an individual; and

GAIL TAYLOR, an individual;

Plaintiffs

Page   2   of   3

Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
Attachment to Summons

American LegalNet, Inc.
www.FormsWorkflow.com

**SUM-200(A)**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Blanchard v. Fluent | CGC-16-554299 |

### INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List **additional parties** *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff   ☑ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

REWARD ZONE USA, LLC, a Delaware limited liability company;

REWARDSFLOW, LLC, a Delaware limited liability company;

AMERICAN PRIZE CENTER, LLC, a Delaware limited liability company;

MOHIT SINGLA, an individual;

SAUPHTWARE INC., a Nevada corporation;

ADREACTION, a business entity of unknown formation;

ANGLO IDITECH, a business entity of unknown formation;

FORTANALYSIS8 DEVELOP, a business entity of unknown formation;

CONCEPT NETWORK, a business entity of unknown formation;

DIEGO RUFINO, an individual;

PRISCILA AREKELIAN, an individual;

ANDRES MARY, an individual; and

DOES 1-1,000;

Page _3_ of _3_

Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
Attachment to Summons

American LegalNet, Inc.
www.FormsWorkflow.com

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF SAN FRANCISCO
### 400 MCALLISTER STREET, SAN FRANCISCO, CA 94102-4514

MIRA BLANCHARD

**Case Management Department 610**
**Case Management Order**

PLAINTIFF (S)

VS.

**NO. CGC-16-554299**

FLUENT, INC. et al

**Order Continuing Case**
**Management Conference**

DEFENDANT (S)

TO: ALL COUNSEL AND SELF-REPRESENTED LITIGANTS

The Feb-15-2017 CASE MANAGEMENT CONFERENCE is canceled, and it is hereby ordered:

This case is set for a case management conference on Mar-29-2017 in Department 610 at 10:30 am.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than fifteen (15) days before the case management conference.  However, it would facilitate the issuance of a case management order without an appearance at the case management conference if the case management statement is filed, served and lodged in Department 610 twenty-five (25) days before the case management conference.

PLAINTIFF(S) must serve a copy of this notice on all parties not listed on the attached proof of service within five (5) days of the date of this order.

DATED:  JAN-27-2017                                TERI L. JACKSON
                                                   JUDGE OF THE SUPERIOR COURT

Order Continuing Case Management Conference
Form 000001

CERTIFICATE OF SERVICE BY MAIL

I, the undersigned, certify that I am an employee of the Superior Court of California, County of San Francisco and not a party to the above-entitled cause and that on JAN-27-2017 I served the attached Order Continuing Case Management Conference by placing a copy thereof in an envelope addressed to all parties to this action as listed below.  I then placed the envelope in the outgoing mail at 400 McAllister Street, San Francisco, CA 94102, on the date indicated above for collection, sealing of the envelope, attachment of required prepaid postage, and mailing on that date, following standard court practice.

Dated :   JAN-27-2017                    By: DARLENE LUM

DANIEL L. BALSAM (260423)
THE LAW OFFICES OF DANIEL BALSAM
2601C BLANDING AVE #271
ALAMEDA, CA  94501

JACOB HARKER (261262)
LAW OFFICES OF JACOB HARKER
582 MARKET ST., 1007
SAN FRANCISCO, CA  94104

JACOB HARKER (261262)
LAW OFFICES OF JACOB HARKER
582 MARKET ST., 1007
SAN FRANCISCO, CA  94104

CERTIFICATE OF SERVICE BY MAIL
                                                                 Form 000001

POS-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Daniel L. Balsam (State Bar No. 260423)<br>THE LAW OFFICES OF DANIEL BALSAM<br>2601C Blanding Ave. #271<br>Alameda, CA 94501<br>TELEPHONE NO.: 415-869-2873    FAX NO. *(Optional):* 415-869-2873<br>E-MAIL ADDRESS *(Optional):* legal@danbalsam.com<br>ATTORNEY FOR *(Name):* Plaintiffs Mira Blanchard et al | FOR COURT USE ONLY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  San Francisco
STREET ADDRESS: 400 McAllister Street, Room 103
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME:

| | |
|---|---|
| PLAINTIFF/PETITIONER:  Mira Blanchard et al | CASE NUMBER: |
| DEFENDANT/RESPONDENT: Fluent, Inc. et al | CGC-16-554299 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [✓] summons *on FirT amended Complaint*
   b. [✓] complaint *(FAC)*
   c. [✓] Alternative Dispute Resolution (ADR) package
   d. [ ] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] cross-complaint
   f. [✓] other *(specify documents):* Notice of Case Management Conference, Order Continuing CMC

3. a. Party served *(specify name of party as shown on documents served):*
      REWARD ZONE USA, LLC, a Delaware limited liability company

   b. [✓] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
      USA Corporate Services Inc. (registered agent)

4. Address where the party was served:
   3500 S. Dupont Highway, Dover, DE 19901
5. I served the party *(check proper box)*
   a. [ ] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party  (1) on *(date):*          (2) at *(time):*
   b. [ ] **by substituted service.** On *(date):*          at *(time):*          I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*          from *(city):*          or [ ] a declaration of mailing is attached.

      (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10<br>American LegalNet, Inc.<br>www.FormsWorkflow.com |

| PLAINTIFF/PETITIONER: Mira Blanchard et al | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Fluent, Inc. et al | CGC-16-554299 |

5.  c.  [✓]  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

(1) on *(date):* February 14, 2017  (2) from *(city):* Alameda, CA

(3) [  ] with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgment of Receipt.*)* (Code Civ. Proc., § 415.30.)

(4) [✓] to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d.  [  ]  **by other means** *(specify means of service and authorizing code section):*

[  ] Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
a.  [  ]  as an individual defendant.
b.  [  ]  as the person sued under the fictitious name of *(specify):*
c.  [  ]  as occupant.
d.  [✓]  On behalf of *(specify):*  REWARD ZONE USA, LLC, a Delaware limited liability company
under the following Code of Civil Procedure section:

| | |
|---|---|
| [  ] 416.10 (corporation) | [  ] 415.95 (business organization, form unknown) |
| [  ] 416.20 (defunct corporation) | [  ] 416.60 (minor) |
| [  ] 416.30 (joint stock company/association) | [  ] 416.70 (ward or conservatee) |
| [  ] 416.40 (association or partnership) | [✓] 416.90 (authorized person) |
| [  ] 416.50 (public entity) | [  ] 415.46 (occupant) |
| | [✓] other: Corp. Code § 17061 (LLC) |

7.  Person who served papers
a.  Name: Daniel Balsam
b.  Address: The Law Offices of Daniel Balsam, 2601C Blanding Ave. #271, Alameda, CA 94501
c.  Telephone number: 415-869-2873
d.  **The fee** for service was:  $ 0
e.  I am:
(1) [  ] not a registered California process server.
(2) [✓] exempt from registration under Business and Professions Code section 22350(b).
(3) [  ] a registered California process server:
(i) [  ] owner  [  ] employee  [  ] independent contractor.
(ii) Registration No.:
(iii) County:

8.  [✓]  **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

or

9.  [  ]  **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: February 14, 2017

Daniel L. Balsam
_____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶ *Daniel L. Balsam*
_____
(SIGNATURE )

**PROOF OF SERVICE OF SUMMONS**

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SAN FRANCISCO
### 400 MCALLISTER STREET, SAN FRANCISCO, CA 94102-4514

MIRA BLANCHARD

**Case Management Department 610**
**Case Management Order**

PLAINTIFF (S)

VS.

**NO. CGC-16-554299**

FLUENT, INC. et al

**Order Continuing Case**
**Management Conference**

DEFENDANT (S)

TO: ALL COUNSEL AND SELF-REPRESENTED LITIGANTS

The Mar-29-2017 CASE MANAGEMENT CONFERENCE is canceled, and it is hereby ordered:

This case is set for a case management conference on May-24-2017 in Department 610 at 10:30 am.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than fifteen (15) days before the case management conference. However, it would facilitate the issuance of a case management order without an appearance at the case management conference if the case management statement is filed, served and lodged in Department 610 twenty-five (25) days before the case management conference.

PLAINTIFF(S) must serve a copy of this notice on all parties not listed on the attached proof of service within five (5) days of the date of this order.

DATED: MAR-10-2017                    TERI L. JACKSON
_____
                                      JUDGE OF THE SUPERIOR COURT

CERTIFICATE OF SERVICE BY MAIL

I, the undersigned, certify that I am an employee of the Superior Court of California, County of San Francisco and not a party to the above-entitled cause and that on MAR-10-2017 I served the attached Order Continuing Case Management Conference by placing a copy thereof in an envelope addressed to all parties to this action as listed below. I then placed the envelope in the outgoing mail at 400 McAllister Street, San Francisco, CA 94102, on the date indicated above for collection, sealing of the envelope, attachment of required prepaid postage, and mailing on that date, following standard court practice.

Dated :   MAR-10-2017                    By: JEFFREY LEE


DANIEL L. BALSAM (260423)
THE LAW OFFICES OF DANIEL BALSAM
2601C BLANDING AVE #271
ALAMEDA, CA 94501


JACOB HARKER (261262)
LAW OFFICES OF JACOB HARKER
582 MARKET ST., 1007
SAN FRANCISCO, CA 94104

CERTIFICATE OF SERVICE BY MAIL
Form 000001

| | |
|---|---|
| *Attorney or Party Without Attorney*<br>Daniel L. Balsam (State Bar No. 260423)<br>THE LAW OFFICES OF DANIEL BALSAM<br>2601C Blanding Avenue #271<br>Alameda, CA 94501<br>   *Telephone No.:*   415-869-2873<br>        *Fax No.:*   415-869-2873<br>  *Attorney for:*   Plaintiffs Mira Blanchard et al | |
| *Insert name of Court, and Judicial District and Branch Court:*<br>Superior Court of San Francisco County<br>400 McAllister Street<br>San Francisco, CA 94102 | |
| *Plaintiff/Petitioner:*   Mira Blanchard et al<br>*Defendant/Respondent:*   Fluent Inc. et al | *Case Number:*<br>CGC-16-554299 |
| **PROOF OF SERVICE – CIVIL**<br>Check method of service *(only one):*<br>[ ] By Personal Service   [ X ] By Mail   [ ] By Overnight Delivery<br>[ ] By Messenger Service   [ ] By Fax   [ ] By Electronic Service | *Judge:*<br><br>*Courtroom:*   302 |

*(Do not use this proof of service to show service of a Summons and complaint.)*

1.  At the time of service I was at least 18 years of age and not a party to this action.

2.  My residence or business address is:
    The Law Offices of Daniel Balsam, 2601C Blanding Ave. #271, Alameda, CA 94501

4.  On *(date):*   March 17, 2017        I served the following **documents** *(specify):*
    Order Continuing Case Management Conference from March 29, 2017 to May 24, 2017

5.  I served the documents on the person or persons below, as follows:
    a.  Name of person served: Leeor Neta (Attorney for Fluent Inc.)
    b.  [ X ]   *(Complete if service was by personal service, mail, overnight delivery, or messenger service.)*
        Business or residential address where person was served: Newman Du Wors LLP, 600 California Street, 11th floor, San Francisco, CA 94108
    a.  Name of person served: USA Corporate Services Inc. (registered agent for Reward Zone USA LLC)
    b.  [ X ]   *(Complete if service was by personal service, mail, overnight delivery, or messenger service.)*
        Business or residential address where person was served: 3500 S. Dupont Highway, Dover, DE 19901
    a.  Name of person served: USA Corporate Services Inc. (registered agent for RewardsFlow LLC)
    b.  [ X ]   *(Complete if service was by personal service, mail, overnight delivery, or messenger service.)*
        Business or residential address where person was served: 3500 S. Dupont Highway, Dover, DE 19901
    a.  Name of person served: USA Corporate Services Inc. (registered agent for American Prize Center LLC)
    b.  [ X ]   *(Complete if service was by personal service, mail, overnight delivery, or messenger service.)*
        Business or residential address where person was served: 3500 S. Dupont Highway, Dover, DE 19901
    a.  Name of person served: Mohit Singla
    b.  [ X ]   *(Complete if service was by personal service, mail, overnight delivery, or messenger service.)*
        Business or residential address where person was served: Fluent Inc., 33 Whitehall Street, 15th floor, New York, NY 10004
    a.  Name of person served: Damian Moos (attorney for Sauphtware Inc.)
    b.  [ X ]   *(Complete if service was by personal service, mail, overnight delivery, or messenger service.)*
        Business or residential address where person was served: Kang Spanos & Moos LLP, 300 Spectrum Center Drive, Suite 1090, Irvine, CA 92618

6.  The documents were served by the following means *(specify):*
    b.  [ X ]   **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 5 and *(specify one):*
        (1)  [ X ]   deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

**PROOF OF SERVICE – CIVIL**

| Case Name | Case Number: |
|---|---|
| :Blanchard v. Fluent | CGC-16-554299 |

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at *(city and state)*: Alameda, CA

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Date:      March 17, 2017

*Daniel L Balsam*

Daniel L. Balsam
Type or Print Name of Declarant

Signature of Declarant

**PROOF OF SERVICE – CIVIL**

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Daniel L. Balsam (State Bar No. 260423)<br>THE LAW OFFICES OF DANIEL BALSAM<br>2601C Blanding Ave. #271<br>Alameda, CA 94501<br>TELEPHONE NO.: 415-869-2873   FAX NO. *(Optional):* 415-869-2873<br>E-MAIL ADDRESS *(Optional):* legal@danbalsam.com<br>ATTORNEY FOR *(Name):* Plaintiffs Mira Blanchard et al | **ELECTRONICALLY**<br>**F I L E D**<br>*Superior Court of California,*<br>*County of San Francisco*<br>**03/17/2017**<br>**Clerk of the Court**<br>BY:YOLANDA TABO-RAMI<br>**Deputy Clerk** |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF  San Francisco |
|---|
| STREET ADDRESS:  400 McAllister Street, Room 103 |
| MAILING ADDRESS: |
| CITY AND ZIP CODE:  San Francisco, CA 94102 |
| BRANCH NAME: |

| PLAINTIFF/PETITIONER:  Mira Blanchard et al | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:  Fluent, Inc. et al | CGC-16-554299 |

| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. [✓] summons  on first amended complaint
   b. [✓] complaint  (first amended complaint)
   c. [✓] Alternative Dispute Resolution (ADR) package
   d. [ ] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] cross-complaint
   f. [✓] other *(specify documents):*  Notice of Case Management Conference, Order Continuing CMC

3. a. Party served *(specify name of party as shown on documents served):*

   AMERICAN PRIZE CENTER, LLC, a Delaware limited liability company

   b. [✓] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person
   under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

   USA Corporate Services Inc. (registered agent)

4. Address where the party was served:
   3500 S. Dupont Highway, Dover, DE 19901

5. I served the party *(check proper box)*
   a. [ ]  **by personal service.**  I personally delivered the documents listed in item 2 to the party or person authorized to
   receive service of process for the party  (1) on *(date):*          (2) at *(time):*
   b. [ ]  **by substituted service.**  On *(date):*          at *(time):*          I left the documents listed in item 2 with or
   in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) [ ]  **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business
      of the person to be served. I informed him or her of the general nature of the papers.

      (2) [ ]  **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual
      place of abode of the party. I informed him or her of the general nature of the papers.

      (3) [ ]  **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing
      address of the person to be served, other than a United States Postal Service post office box.  I informed
      him or her of the general nature of the papers.

      (4) [ ]  I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served
      at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on
      *(date):*          from *(city):*          **or** [ ] a declaration of mailing is attached.

      (5) [ ]  I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10 |
|---|---|---|
| | | American LegalNet, Inc.<br>www.FormsWorkflow.com |

| PLAINTIFF/PETITIONER: Mira Blanchard et al | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Fluent, Inc. et al | CGC-16-554299 |

5. c. ☑ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):* February 14, 2017      (2) from *(city):* Alameda, CA

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt*.)* (Code Civ. Proc., § 415.30.)

    (4) ☑ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
  a. ☐ as an individual defendant.
  b. ☐ as the person sued under the fictitious name of *(specify):*
  c. ☐ as occupant.
  d. ☑ On behalf of *(specify):* AMERICAN PRIZE CENTER, LLC, a Delaware limited liability company
    under the following Code of Civil Procedure section:

    ☐ 416.10 (corporation)          ☐ 415.95 (business organization, form unknown)
    ☐ 416.20 (defunct corporation)      ☐ 416.60 (minor)
    ☐ 416.30 (joint stock company/association)   ☐ 416.70 (ward or conservatee)
    ☐ 416.40 (association or partnership)     ☑ 416.90 (authorized person)
    ☐ 416.50 (public entity)            ☑ 415.46 (occupant)
                             ☑ other: Corp. Code § 17061 (LLC)

7. **Person who served papers**
  a. Name: Daniel Balsam
  b. Address: The Law Offices of Daniel Balsam, 2601C Blanding Ave. #271, Alameda, CA 94501
  c. Telephone number: 415-869-2873
  d. **The fee** for service was: $ 0
  e. I am:
    (1) ☐ not a registered California process server.
    (2) ☑ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☐ a registered California process server:
       (i) ☐ owner ☐ employee ☐ independent contractor.
       (ii) Registration No.:
       (iii) County:

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: February 14, 2017

Daniel L. Balsam

_____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶ *Daniel L. Balsam*

_____
(SIGNATURE )

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

USA Corporate Services Inc
3500 S. Dupont Highway
Dover, DE 19901

9590 9403 0511 5173 7962 91

2. Article Number (Transfer from service label)

7015 0640 0003 0033 9438

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X                                    ☐ Agent
                                     ☐ Addressee

B. Received by (Printed Name)        C. Date of Delivery
   Amaca Sotch                        2-16-17

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
   (over)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, April 2015 PSN 7530-02-000-9053                    Domestic Return Receipt

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Daniel L. Balsam (State Bar No. 260423)<br>THE LAW OFFICES OF DANIEL BALSAM<br>2601C Blanding Ave. #271<br>Alameda, CA 94501<br>TELEPHONE NO.: 415-869-2873   FAX NO. *(Optional):* 415-869-2873<br>E-MAIL ADDRESS *(Optional):* legal@danbalsam.com<br>ATTORNEY FOR *(Name):* Plaintiffs Mira Blanchard et al | **ELECTRONICALLY**<br>**F I L E D**<br>**Superior Court of California,**<br>**County of San Francisco**<br>**03/17/2017**<br>**Clerk of the Court**<br>BY:YOLANDA TABO-RAMI<br>**Deputy Clerk** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  San Francisco
STREET ADDRESS:  400 McAllister Street, Room 103
MAILING ADDRESS:
CITY AND ZIP CODE:  San Francisco, CA 94102
BRANCH NAME:

| PLAINTIFF/PETITIONER: Mira Blanchard et al | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Fluent, Inc. et al | CGC-16-554299 |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.: |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☑ summons  on first amended complaint
   b. ☑ complaint  (first amended complaint)
   c. ☑ Alternative Dispute Resolution (ADR) package
   d. ☐ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☑ other *(specify documents):*  Notice of Case Management Conference, Order Continuing CMC

3. a. Party served *(specify name of party as shown on documents served):*
      REWARDSFLOW, LLC, a Delaware limited liability company

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
      USA Corporate Services Inc. (registered agent)

4. Address where the party was served:
   3500 S. Dupont Highway, Dover, DE 19901
5. I served the party *(check proper box)*
   a. ☐ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party  (1) on *(date):*                    (2) at *(time):*
   b. ☐ **by substituted service.** On *(date):*              at *(time):*            I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box.  I informed him or her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*       from *(city):*            **or** ☐ a declaration of mailing is attached.

      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10<br>American LegalNet, Inc.<br>www.FormsWorkflow.com |
|---|---|---|

| PLAINTIFF/PETITIONER: Mira Blanchard et al | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Fluent, Inc. et al | CGC-16-554299 |

5. c. [✓] **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):* February 14, 2017    (2) from *(city):* Alameda, CA

    (3) [ ] with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt*.) (Code Civ. Proc., § 415.30.)

    (4) [✓] to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. [ ] **by other means** *(specify means of service and authorizing code section):*

    [ ] Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
  a. [ ] as an individual defendant.
  b. [ ] as the person sued under the fictitious name of *(specify):*
  c. [ ] as occupant.
  d. [✓] On behalf of *(specify):*  REWARDSFLOW, LLC, a Delaware limited liability company
    under the following Code of Civil Procedure section:

    [ ] 416.10 (corporation)        [ ] 415.95 (business organization, form unknown)
    [ ] 416.20 (defunct corporation)    [ ] 416.60 (minor)
    [ ] 416.30 (joint stock company/association)  [ ] 416.70 (ward or conservatee)
    [ ] 416.40 (association or partnership)    [✓] 416.90 (authorized person)
    [ ] 416.50 (public entity)          [ ] 415.46 (occupant)
                                [✓] other:  Corp. Code § 17061 (LLC)

7. **Person who served papers**
  a. Name: Daniel Balsam
  b. Address: The Law Offices of Daniel Balsam, 2601C Blanding Ave. #271, Alameda, CA 94501
  c. Telephone number: 415-869-2873
  d. **The fee** for service was: $ 0
  e. I am:

    (1) [ ] not a registered California process server.
    (2) [✓] exempt from registration under Business and Professions Code section 22350(b).
    (3) [ ] a registered California process server:
       (i) [ ] owner [ ] employee [ ] independent contractor.
       (ii) Registration No.:
       (iii) County:

8. [✓] **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. [ ] **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: February 14, 2017

Daniel L. Balsam
_____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▸ *Daniel L. Balsam*
_____
(SIGNATURE )



SENDER: COMPLETE THIS SECTION

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse
  so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
  or on the front if space permits.

1. Article Addressed to:

USA Corporate Services Inc
3500 S. Dupont Highway
Dover, DE 19901

9590 9403 0511 5173 7962 91

2. Article Number (Transfer from service label)

7015 0640 0003 0033 9438

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X                                        ☐ Agent
                                         ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
                                     2-16-17

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted
  Delivery
☐ Return Receipt for
  Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation
  Restricted Delivery

PS Form 3811, April 2015 PSN 7530-02-000-9053          Domestic Return Receipt

POS-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Daniel L. Balsam (State Bar No. 260423)<br>THE LAW OFFICES OF DANIEL BALSAM<br>2601C Blanding Ave. #271<br>Alameda, CA 94501<br>TELEPHONE NO.: 415-869-2873   FAX NO. *(Optional):* 415-869-2873<br>E-MAIL ADDRESS *(Optional):* legal@danbalsam.com<br>ATTORNEY FOR *(Name):* Plaintiffs Mira Blanchard et al | **FOR COURT USE ONLY**<br><br>**ELECTRONICALLY**<br>**FILED**<br>**Superior Court of California,**<br>**County of San Francisco**<br>**03/17/2017**<br>**Clerk of the Court**<br>BY:YOLANDA TABO-RAMI<br>**Deputy Clerk** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  San Francisco
STREET ADDRESS:  400 McAllister Street, Room 103
MAILING ADDRESS:
CITY AND ZIP CODE:  San Francisco, CA 94102
BRANCH NAME:

| | |
|---|---|
| PLAINTIFF/PETITIONER: Mira Blanchard et al | CASE NUMBER:<br>CGC-16-554299 |
| DEFENDANT/RESPONDENT: Fluent, Inc. et al | |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1.  At the time of service I was at least 18 years of age and not a party to this action.
2.  I served copies of:
    a.  [✓] summons  on first amended complaint
    b.  [✓] complaint  (first amended complaint)
    c.  [✓] Alternative Dispute Resolution (ADR) package
    d.  [ ] Civil Case Cover Sheet *(served in complex cases only)*
    e.  [ ] cross-complaint
    f.  [✓] other *(specify documents):*  Notice of Case Management Conference, Order Continuing CMC

3.  a.  Party served *(specify name of party as shown on documents served):*
        MOHIT SINGLA, an individual

    b.  [ ] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

4.  Address where the party was served:
    Fluent Inc., 33 Whitehall Street, 15th Floor, New York, NY 10004
5.  I served the party *(check proper box)*
    a.  [ ] **by personal service.**  I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party  (1) on *(date):*                (2) at *(time):*
    b.  [ ] **by substituted service.**  On *(date):*          at *(time):*          I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

        (1)  [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

        (2)  [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

        (3)  [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

        (4)  [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*          from *(city):*          **or** [ ] a declaration of mailing is attached.

        (5)  [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10<br><br>American LegalNet, Inc.<br>www.FormsWorkflow.com |

| PLAINTIFF/PETITIONER: Mira Blanchard et al | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Fluent, Inc. et al | CGC-16-554299 |

5.  c.  ☑  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):* February 14, 2017      (2) from *(city):* Alameda, CA

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt*.) (Code Civ. Proc., § 415.30.)*

    (4) ☑ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d.  ☐  **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
  a. ☑ as an individual defendant.
  b. ☐ as the person sued under the fictitious name of *(specify):*
  c. ☐ as occupant.
  d. ☐ On behalf of *(specify):*
    under the following Code of Civil Procedure section:

    ☐ 416.10 (corporation)    ☐ 415.95 (business organization, form unknown)
    ☐ 416.20 (defunct corporation)    ☐ 416.60 (minor)
    ☐ 416.30 (joint stock company/association)    ☐ 416.70 (ward or conservatee)
    ☐ 416.40 (association or partnership)    ☐ 416.90 (authorized person)
    ☐ 416.50 (public entity)    ☐ 415.46 (occupant)
                      ☐ other:

7.  **Person who served papers**
  a. Name: Daniel Balsam
  b. Address: The Law Offices of Daniel Balsam, 2601C Blanding Ave. #271, Alameda, CA 94501
  c. Telephone number: 415-869-2873
  d. **The fee** for service was: $ 0
  e. I am:
    (1) ☐ not a registered California process server.
    (2) ☑ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☐ a registered California process server:
      (i) ☐ owner ☐ employee ☐ independent contractor.
      (ii) Registration No.:
      (iii) County:

8.  ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9.  ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: February 14, 2017

Daniel L. Balsam    ▶    *Daniel L. Balsam*
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)        (SIGNATURE )

# USPS Tracking®

**Still Have**
Browse o



**Tracking Number: 70150640000300339445**

## Product & Tracking Information

Availab

**Postal Product:**
Priority Mail™

**Features:**
Certified Mail™
Up to $50 insurance included
Restrictions Apply

Return Receipt

Text Updates

Email Update:

**See tracking for related item:** 9590940305115173796284

| DATE & TIME | STATUS OF ITEM | LOCATION |
|---|---|---|
| **February 22, 2017 , 10:03 am** | Delivered, To Mail Room | **NEW YORK, NY 10004** |

Your item has been delivered to the mail room at 10:03 am on February 22, 2017 in NEW YORK, NY 10004.

| | | |
|---|---|---|
| February 22, 2017 , 3:35 am | Departed USPS Destination Facility | JERSEY CITY, NJ 07097 |
| February 21, 2017 , 8:14 pm | Arrived at USPS Destination Facility | JERSEY CITY, NJ 07097 |
| February 15, 2017 , 3:42 pm | In Transit to Destination | |
| February 14, 2017 , 5:04 pm | Departed Post Office | ALAMEDA, CA 94501 |
| February 14, 2017 , 3:42 pm | Acceptance | ALAMEDA, CA 94501 |

## Track Another Package

**Tracking (or receipt) number**

[                    ]    Track It

## Manage In

Track all your packa
No tracking number

**HELPFUL LINKS**

Contact Us

Site Index

FAQs

**ON ABOUT.USPS.COM**

About USPS Home

Newsroom

USPS Service Updates

Forms & Publications

Government Services

Careers

**OTHER USPS SITES**

Business Customer Gateway

Postal Inspectors

Inspector General

Postal Explorer

National Postal Museum

Resources for Developers

**LEGAL INFORMATION**

Privacy Policy

Terms of Use

FOIA

No FEAR Act EEO Data

Copyright © 2017 USPS. All Rights Reserved.

