IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIRA BLANCHARD, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>FLUENT, INC., et al.,<br><br>　　　　　Defendants. | Case No. 17-cv-04497-MMC<br><br>**ORDER DENYING PLAINTIFFS' MOTION TO SHORTEN TIME**<br><br>Re: Dkt. No. 14 |

　　　　Before the Court is plaintiffs' administrative motion, filed August 11, 2017, to shorten time to hear three motions: (1) Plaintiffs' Motion to Correct Names of Doe Defendants; (2) Plaintiffs' Motion to Substitute Name of Defendant Fluent, Inc.; and (3) Plaintiffs' Motion for Leave to Amend Complaint, to which a proposed Second Amended Complaint ("SAC") is attached. Fluent Defendants[1] and defendant Sauphtware, Inc. ("Sauphtware") have filed separate oppositions, to which plaintiffs have replied. Having considered the parties' respective written submissions,[2] the Court rules as follows.

　　　　Plaintiffs contend an order shortening time is needed because, according to plaintiffs: (1) their anticipated motion to remand is predicated on their substitution of named defendants for Doe defendants, and, in the absence of an order shortening time to hear their Motion to Correct Names of Doe Defendants, plaintiffs will be unable to file

---

[1] The Fluent Defendants are Fluent, Inc., Reward Zone USA, LLC, Rewardsflow LLC, American Prize Center, LLC, and Mohit Singla.

[2] Although the Civil Local Rules of this District do not provide for the filing of a reply in support of a motion to change time, see Civil L.R. 6-3, the Court, in this instance, has considered the reply.

their motion to remand within the requisite thirty days of removal; and (2) their proposed SAC adds Bunny Segal ("Segal") as a plaintiff, and, in the absence of an order shortening time to hear their Motion for Leave to Amend Complaint, Segal will lose "more than 10% of her claims due to the statute of limitations." (See Mot. at 3:19-21.) For the reasons set forth below, the Court finds neither reason constitutes good cause for the relief requested.

First, as noted by Fluent Defendants, the thirty-day limitation on which plaintiffs rely pertains to a "motion to remand on the basis of any defect other than lack of subject matter jurisdiction"; if "it appears that the district court lacks subject matter jurisdiction," an action is subject to remand "at any time before final judgment." See 28 U.S.C. § 1447(c). Here, plaintiffs state that their remand motion will be "based on" the California citizenship of the defendants named in place of the Doe defendants (see Mot. at 3:6), i.e., on a lack of subject matter jurisdiction, in particular, diversity jurisdiction. Consequently, plaintiffs' motion to remand would not be subject to a thirty-day limitation.

Second, as noted by Fluent Defendants and Sauphtware, Segal can timely assert her claims elsewhere, either by rejoining the plaintiffs in Duncan v. Fluent, Case No. CGC-17-558932, or filing a separate new complaint. Additionally, it would appear that "the submission of a motion for leave to amend, properly accompanied by the proposed amended complaint that provides notice of the substance of those amendments, tolls the statute of limitations, even though technically the amended complaint will not be filed until the court rules on the motion." See Moore v. State of Ind., 999 F.2d 1125, 1131 (7th Cir. 1993); see also Mayes v. AT&T Info. Sys., Inc., 867 F.2d 1172, 1173 (8th Cir. 1989) (collecting cases). Here, as noted, Segal is named as a plaintiff in the proposed SAC.

Accordingly, plaintiffs' motion to shorten time is hereby DENIED.

**IT IS SO ORDERED.**

Dated: August 16, 2017

MAXINE M. CHESNEY
United States District Judge