1   DAMIAN M. MOOS, Bar No. 240030
    damian.moos@bbklaw.com
2   BEST BEST & KRIEGER LLP
    18101 Von Karman Avenue
3   Suite 1000
    Irvine, CA  92612
4   Telephone:  (949) 263-2600
    Facsimile:  (949) 260-0972
5
    Attorneys for Defendant
6   Sauphtware, Inc. d/b/a Panda Mail

7

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  MIRA BLANCHARD, an individual; RYAN COOPER, an individual; MARK DAVIS, an individual; CHANDRA GREENBERG, an individual; JAMES JOBE, an individual; DEBRA KOTTONG, an individual; OGEN LAMA, an individual; MARIA MARQUEZ, an individual; VANESSA POWERS, an individual; and GAIL TAYLOR, an individual;<br><br>                    Plaintiffs,<br><br>    v.<br><br>FLUENT, INC., a Delaware corporation; REWARDS ZONE USA, LLC, a Delaware limited liability company; REWARDS FLOW, LLC, a Delaware limited liability company; AMERICAN PRIZE CENTER, LLC, a Delaware limited liability company; MOHIT SINGLA, an individual; SAUPHTWARE, INC., a Nevada corporation; ADREACTION, a business of unknown formation; ANGLO IDITECH, a business of unknown formation; FORtANALYSIS8 DEVELOP, a business of unknown formation; CONCEPT NETWORK, a business of unknown formation;  DIEGO RUFINA, an individual; PRISCILLA AREKELIAN, an individual; ANDRES MARY, an individual; and DOES 1-1000;<br><br>                    Defendants. | Case No. 17-cv-04497 MMC<br><br>**DEFENDANT SAUPHTWARE, INC. D/B/A PANDA MAIL'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF REPLY IN SUPPORT OF MOTION  TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br>Hearing Date:  September 15, 2017<br>Hearing Time: 9:00 a.m.<br>Courtroom: San Francisco Courthouse<br>          Courtroom 7 - 19th Floor<br>          450 Golden Gate Avenue<br>          San Francisco, CA 94102<br><br>Judge: Hon. Maxine M. Chesney |

LAW OFFICES OF
BEST BEST & KRIEGER LLP
18101 VON KARMAN AVENUE, SUITE 1000
IRVINE, CA 92612

55507.00001\30
102952.1

DEFENDANT'S REQUEST FOR JUDICIAL NOTICE

# REQUEST FOR JUDICIAL NOTICE

This Court may properly take judicial notice of a fact that is not subject to reasonable dispute because it is: (1) generally known within the territorial jurisdiction of the trial court or (2) "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Courts are required to take judicial notice of facts if requested by a party and supplied with the necessary information. Fed. R. Evid. 201(b) and (d).

Courts regularly take judicial notice of evidence of a bill's legislative history where the evidence is not subject to reasonable dispute. *E.g., Territory of Alaska v. Am. Can Co.*, 358 U.S. 224, 226-27 (1959) (taking judicial notice of original version of bill and excerpts from House and Senate Journals discussing bill); *Chaker v. Crogan*, 428 F.3d 1215, 1223 (9th Cir. 2005) (holding judicial notice of legislative history, including the legislature's bill analysis, is proper).

"Legislative records may be looked at to determine legislative intention." *Southland Mech. Constructors v. Nixen*, 119 Cal. App. 3d 417, 427 (1981). The statements of a bill's author or sponsor may properly be considered when determining legislative intent. *State v. Altus Fin.*, 36 Cal. 4th 1284, 1296 (2005); *Branciforte Heights, LLC v. City of Santa Cruz,* 138 Cal. App. 4th 914, 937-38 (2006); *Bronco Wine Co. v. Jolly*, 33 Cal. App. 4th 943, 977-78 n.46 (2004) (bill author's statements permissible); *McVeigh v. Doe*, 138 Cal. App. 4th 898, 903-04 (2006) (bill author's statement permissible).

Courts consider a variety of legislative materials in interpreting statutes. *E.g.*, *In re Microsoft I-V Cases*, 135 Cal. App. 4th 706, 719-20 (2006) (legislative committee reports and staff analyses); *Supply-Miller Contracting Co. v. Cal. Occupational Safety & Health Appeals Bd.*, 138 Cal. App. 4th 684, 698-99 n. 6 (2006) (legislative committee reports and staff analyses); *Coburn v. Sievert*, 133 Cal. App. 4th 1483, 1500 (2005) (legislative committee reports, staff analyses and third reading analysis); *Kuperman v. San Diego Assessment Appeals Bd. No. 1*, 137 Cal. App. 4th 918, 934 (2006) (department analysis); *Campbell v. Regents of the Univ. of Cal.*, 35

Cal. 4th 311, 331 (2005) (bill analysis worksheets); *City of Santa Cruz*, 138 Cal. App. 4th at 926 (republican and democratic caucus analyses).

Furthermore, courts may take judicial notice of public records. *Mfg. Home Cmtys., Inc. v. City of San Jose,* 420 F.3d 1022, 1037 (9th Cir. 2005); *Mack v. S. Bay Beer Distribs.,* 798 F.2d 1279, 1282 (9th Cir. 1986); *Interstate Natural Gas Co. v. S. Cal. Gas Co.,* 209 F.2d 380, 385 (9th Cir. 1953).)

In the present case, to properly interpret and affect the legislative intent of California Business and Professional Code Section 27529.5, it is necessary to refer to its legislative history.

Defendant Sauphtware, Inc. d/b/a Panda Mail requests that this Court take judicial notice, pursuant to Rule 201 of the Federal Rules of Evidence, of the following:

1. California Senate Bill No. 186 (2003-04 Reg. Sess.), as amended on June 26, 2003, a true and correct copy of which is attached hereto as **Exhibit A**. This document may be accessed online at http://www.leginfo.ca.gov/pub/03-04/bill/sen/sb_0151-0200/sb_186_bill_20030626_amended_asm.pdf (last accessed August 29, 2017). A court may properly take judicial notice of the legislative history of a statute. *Chaker v. Crogan*, 428 F.3d 1215, 1223 (9th Cir. 2005); *In re Microsoft I-V Cases*, 135 Cal. App. 4th 706, 719-20 (2006).

2. Assembly Committee on Judiciary Report dated June 26, 2003, concerning California Senate Bill No. 186 (2003-04 Reg. Sess.), a true and correct copy of which is attached hereto as **Exhibit B**. This document may be accessed online at http://www.leginfo.ca.gov/pub/03-04/bill/sen/sb_0151-0200/sb_186_cfa_20030626_105854_asm_comm.html (last accessed August 29, 2017). A court may properly take judicial notice of the legislative history of a statute. *Chaker v. Crogan*, 428 F.3d 1215, 1223 (9th Cir. 2005); *In re Microsoft I-V Cases*, 135 Cal. App. 4th 706, 719-20 (2006).

3. California Senate Bill No. 12 (2003-04 Reg. Sess.), as amended on June 26, 2003, a true and correct copy of which is attached hereto as **Exhibit C**. This document may be accessed online at http://www.leginfo.ca.gov/pub/03-04/bill/sen/sb_0001-0050/sb_12_bill_20030626_amended_asm.pdf (last accessed August 29, 2017). A court may properly take judicial notice of the legislative history of a statute. *Chaker v. Crogan*, 428 F.3d 1215, 1223 (9th Cir. 2005); *In re Microsoft I-V Cases*, 135 Cal. App. 4th 706, 719-20 (2006).

4. Complete Bill History, concerning California Senate Bill No. 12 (2003-04 Reg. Sess.), a true and correct copy of which is attached hereto as **Exhibit D**. This document may be accessed online at http://www.leginfo.ca.gov/pub/03-04/bill/sen/sb_0001-0050/sb_12_bill_20041130_history.html (last accessed August 29, 2017). A court may properly take judicial notice of the legislative history of a statute. *Chaker v. Crogan*, 428 F.3d 1215, 1223 (9th Cir. 2005); *In re Microsoft I-V Cases*, 135 Cal. App. 4th 706, 719-20 (2006).

5. California Senate Bill No. 186 (2003-04 Reg. Sess.), as amended on July 9, 2003, a true and correct copy of which is attached hereto as **Exhibit E**. This document may be accessed online at http://www.leginfo.ca.gov/pub/03-04/bill/sen/sb_0151-0200/sb_186_bill_20030709_amended_asm.pdf (last accessed August 29, 2017). A court may properly take judicial notice of the legislative history of a statute. *Chaker v. Crogan*, 428 F.3d 1215, 1223 (9th Cir. 2005); *In re Microsoft I-V Cases*, 135 Cal. App. 4th 706, 719-20 (2006)

6. California Senate Bill No. 186 (2003-04 Reg. Sess.), as amended on July 10, 2003, a true and correct copy of which is attached hereto as **Exhibit F**. This document may be accessed online at http://www.leginfo.ca.gov/pub/03-04/bill/sen/sb_0151-0200/sb_186_bill_20030710_amended_asm.pdf (last accessed August 29, 2017). A court may properly take judicial notice of the legislative history of a statute. *Chaker v. Crogan*, 428 F.3d 1215, 1223 (9th Cir. 2005); *In re Microsoft I-V Cases*, 135 Cal. App. 4th 706, 719-20 (2006)

1    7.    California Senate Bill No. 186 (2003-04 Reg. Sess.), as amended on August 18,
2    2003, a true and correct copy of which is attached hereto as **Exhibit G**. This document may be
3    accessed online at http://www.leginfo.ca.gov/pub/03-04/bill/sen/sb_0151-
4    0200/sb_186_bill_20030818_amended_asm.pdf (last accessed August 29, 2017). A court may
5    properly take judicial notice of the legislative history of a statute. *Chaker v. Crogan*, 428 F.3d
6    1215, 1223 (9th Cir. 2005); *In re Microsoft I-V Cases*, 135 Cal. App. 4th 706, 719-20 (2006)

7    8.    California Senate Bill No. 186 (2003-04 Reg. Sess.), as amended on August 25,
8    2003, a true and correct copy of which is attached hereto as **Exhibit H**. This document may be
9    accessed online at http://www.leginfo.ca.gov/pub/03-04/bill/sen/sb_0151-
10   0200/sb_186_bill_20030825_amended_asm.pdf (last accessed August 29, 2017). A court may
11   properly take judicial notice of the legislative history of a statute. *Chaker v. Crogan*, 428 F.3d
12   1215, 1223 (9th Cir. 2005); *In re Microsoft I-V Cases*, 135 Cal. App. 4th 706, 719-20 (2006)

13   9.    California Senate Bill No. 186 (2003-04 Reg. Sess.), as amended on September 5,
14   2003, a true and correct copy of which is attached hereto as **Exhibit I**. This document may be
15   accessed online at http://www.leginfo.ca.gov/pub/03-04/bill/sen/sb_0151-
16   0200/sb_186_bill_20030905_amended_asm.pdf (last accessed August 29, 2017). A court may
17   properly take judicial notice of the legislative history of a statute. *Chaker v. Crogan*, 428 F.3d
18   1215, 1223 (9th Cir. 2005); *In re Microsoft I-V Cases*, 135 Cal. App. 4th 706, 719-20 (2006).

19   10.   California Senate Bill No. 1457 (2003–04 Reg. Sess.), as introduced on February
20   19, 2004, a true and correct copy of which is attached hereto as **Exhibit J**. This document may be
21   accessed online at http://www.leginfo.ca.gov/pub/03-04/bill/sen/sb_1451-
22   1500/sb_1457_bill_20040219_introduced.pdf (last accessed August 29, 2017). A court may
23   properly take judicial notice of the legislative history of a statute. *Chaker v. Crogan*, 428 F.3d
24   1215, 1223 (9th Cir. 2005); *In re Microsoft I-V Cases*, 135 Cal. App. 4th 706, 719-20 (2006).

...

11. Assembly Committee on Judiciary Report dated June 22, 2004, concerning California Senate Bill No. 1457 (2003-04 Reg. Sess.), a true and correct copy of which is attached hereto as **Exhibit K**. This document may be accessed online at http://www.leginfo.ca.gov/pub/03-04/bill/sen/sb_1451-1500/sb_1457_cfa_20040621_173438_asm_comm.html (last accessed August 29, 2017). A court may properly take judicial notice of the legislative history of a statute. *Chaker v. Crogan*, 428 F.3d 1215, 1223 (9th Cir. 2005); *In re Microsoft I-V Cases*, 135 Cal. App. 4th 706, 719-20 (2006).

12. California Senate Bill No. 1457 (2003–04 Reg. Sess.), as amended on August 5, 2004, a true and correct copy of which is attached hereto as **Exhibit L**. This document may be accessed online at http://www.leginfo.ca.gov/pub/03-04/bill/sen/sb_1451-1500/sb_1457_bill_20040805_amended_asm.pdf (last accessed August 29, 2017). A court may properly take judicial notice of the legislative history of a statute. *Chaker v. Crogan*, 428 F.3d 1215, 1223 (9th Cir. 2005); *In re Microsoft I-V Cases*, 135 Cal. App. 4th 706, 719-20 (2006).

13. California Senate Bill No. 1457 (2003–04 Reg. Sess.), as approved by the Governor, filed with the Secretary of State, and Chaptered on September 17, 2004, a true and correct copy of which is attached hereto as **Exhibit M**. This document may be accessed online at http://www.leginfo.ca.gov/pub/03-04/bill/sen/sb_1451-1500/sb_1457_bill_20040917_chaptered.pdf (last accessed August 29, 2017). A court may properly take judicial notice of the legislative history of a statute. *Chaker v. Crogan*, 428 F.3d 1215, 1223 (9th Cir. 2005); *In re Microsoft I-V Cases*, 135 Cal. App. 4th 706, 719-20 (2006).

14. Senate Floor Analysis dated September 9, 2003, concerning California Senate Bill No. 186, a true and correct copy of which is attached hereto as **Exhibit N**. This document may be accessed online at http://www.leginfo.ca.gov/pub/03-04/bill/sen/sb_0151-0200/sb_186_cfa_20030909_113316_sen_floor.html (last accessed August 29, 2017). A court may properly take judicial notice of the legislative history of a statute. *Chaker v. Crogan*, 428 F.3d 1215, 1223 (9th Cir. 2005); *In re Microsoft I-V Cases*, 135 Cal. App. 4th 706, 719-20 (2006).

LAW OFFICES OF
BEST BEST & KRIEGER LLP
18101 VON KARMAN AVENUE, SUITE 1000
IRVINE, CA 92612

- 5 -
55507.00001\30102952.1

DEFENDANT'S REQUEST FOR JUDICIAL NOTICE

1    15.    Senate Third Reading Analysis, dated September 5, 2003, concerning California Senate Bill No. 186, a true and correct copy of which is attached hereto as **Exhibit O**. This document may be accessed online at http://www.leginfo.ca.gov/pub/03-04/bill/sen/sb_0151-0200/sb_186_cfa_20030905_233504_asm_floor.html (last accessed August 29, 2017). A court may properly take judicial notice of the legislative history of a statute. *Chaker v. Crogan*, 428 F.3d 1215, 1223 (9th Cir. 2005); *In re Microsoft I-V Cases*, 135 Cal. App. 4th 706, 719-20 (2006).

16.    Senate Rules Committee Analysis dated May 23, 2003, concerning California Senate Bill No. 186, a true and correct copy of which is attached hereto as **Exhibit P**. This document may be accessed online at http://www.leginfo.ca.gov/pub/03-04/bill/sen/sb_0151-0200/sb_186_cfa_20030523_085926_sen_floor.html (last accessed August 29, 2017). A court may properly take judicial notice of the legislative history of a statute. *Chaker v. Crogan*, 428 F.3d 1215, 1223 (9th Cir. 2005); *In re Microsoft I-V Cases*, 135 Cal. App. 4th 706, 719-20 (2006).

Dated: September 1, 2017                BEST BEST & KRIEGER LLP


                                        By: /s *Damian M. Moos*
                                            DAMIAN M. MOOS
                                            Attorneys for Defendant
                                            Sauphtware, Inc. d/b/a Panda Mail

## DECLARATION OF DANIEL L. RICHARDS

I, Daniel L. Richards, declare as follows:

1. I have personal knowledge of the facts set forth below and could competently testify to them. I am duly licensed to practice law before all the courts of the State of California and before the United States District Court for the Central District of California.

2. On August 29, 2017, I accessed the website http://www.leginfo.ca.gov/bilinfo.html and downloaded true and correct copies of Exhibits A–P of this Request for Judicial Notice. Exhibits A–P are true and correct copies of this legislative history materials as they appears on the website http://www.leginfo.ca.gov/bilinfo.html and the sub-pages available therein.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed on September 1, 2017 at Irvine, California

_[signature]_

Daniel L. Richards

LAW OFFICES OF
BEST BEST & KRIEGER LLP
18101 VON KARMAN AVENUE, SUITE 1000
IRVINE, CA 92612

55507.00001\30
102952.1

DECLARATION OF DANIEL L. RICHARDS