IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIRA BLANCHARD, ET AL.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>FLUENT, INC., et al.,<br><br>　　　　Defendants. | Case No. 17-cv-04497-MMC<br><br>**ORDER GRANTING DEFENDANT SAUGHTWARE INC. D/B/A PANDA MAIL'S MOTION TO DISMISS; DENYING PLAINTIFFS' MOTION TO CORRECT NAMES OF DOE DEFENDANTS; GRANTING PLAINTIFFS' MOTION TO SUBSTITUTE; GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR LEAVE TO AMEND** |

Before the Court are four motions, each filed August 11, 2017: (1) defendant Saughtware, Inc. d/b/a Panda Mail's ("Panda Mail") "Motion to Dismiss"; (2) plaintiffs' "Motion to Correct Names of Doe Defendants"; (3) plaintiffs' "Motion to Substitute Name of Defendant"; and (4) plaintiffs' "Motion for Leave to Amend Complaint." Each motion has been fully briefed. Having read and considered the papers filed in support of and in opposition to the motions, the Court rules as follows.[1]

## BACKGROUND

In the operative complaint, the First Amended Complaint ("FAC"), filed in state court on December 20, 2016, plaintiffs Mira Blanchard, Ryan Cooper, Mark Davis, Chandra Greenberg, James Jobe, Debra Kottong, Ogen Lama, Maria Marquez, Vanessa Powers and Gail Taylor allege they collectively received "almost 1,300 unlawful unsolicited commercial emails." (See FAC ¶ 1.)[2] According to plaintiffs, the challenged

---

[1] By order filed September 11, 2017, the Court took the matters under submission.

[2] On August 7, 2017, Fluent removed the above-titled action to district court, on the basis of diversity of citizenship.

1  emails contain advertising for "products and services" of defendants Fluent, Inc., Reward
2  Zone USA, LLC, RewardsFlow, LLC, American Prize Center, LLC, and Mohit Singla
3  (collectively, "Fluent"). (See FAC ¶¶ 19-23, 40.) Plaintiffs allege that "at least 75 of the
4  spams at issue" were "sent" to plaintiffs by defendant Panda Mail (see FAC ¶ 25), and
5  that other emails were "sent" to plaintiffs by defendants AdReaction, Anglo Iditech,
6  FortAnalysis8, Concept Network, Diego Rufino, Priscila Arekelian, and Andres Mary.
7  (See FAC ¶¶ 26-32.) Plaintiffs further allege that the emails "had materially false and/or
8  misrepresented information contained in or accompanying the email headers, contained
9  Subject Lines that were misleading in relation to the bodies of the emails, and/or
10 contained third parties' domain names without permission." (See FAC ¶ 95.) Based on
11 the above allegations, plaintiffs assert a single cause of action, specifically, a claim under
12 § 17529.5 of the California Business and Professions Code.

## DISCUSSION

Panda Mail seeks dismissal of the FAC in its entirety as alleged against Panda Mail; plaintiffs seek leave to amend to correct the names of seven "Doe" defendants, to change the name of one existing defendant, and to make various amendments to the factual allegations. The Court considers the motions in turn.

**A. Motion to Dismiss**

Panda Mail argues that the FAC, as alleged against Panda Mail, is subject to dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for failure to set forth facts sufficient to support a finding that Panda Mail violated § 17529.5 and for failure to plead fraud with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure.

**1. Failure to Plead Facts to State a Claim**

Dismissal under Rule 12(b)(6) "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). "On a motion to dismiss, the court accepts the facts alleged in the complaint as true." Id.

Here, as noted, plaintiffs' FAC contains a single cause of action, specifically, a claim under § 17529.5. Section 17529.5(a) provides as follows:

> It is unlawful for any person or entity to advertise in a commercial e-mail advertisement either sent from California or sent to a California electronic mail address under any of the following circumstances:
>
> (1) The e-mail advertisement contains or is accompanied by a third-party's domain name without the permission of the third party.
>
> (2) The e-mail advertisement contains or is accompanied by falsified, misrepresented, or forged header information. This paragraph does not apply to truthful information used by a third party who has been lawfully authorized by the advertiser to use that information.
>
> (3) The e-mail advertisement has a subject line that a person knows would be likely to mislead a recipient, acting reasonably under the circumstances, about a material fact regarding the contents or subject matter of the message.

See Cal. Bus. & Prof. Code § 17529.5(a).

Plaintiffs do not allege that Panda Mail advertised in any of the challenged emails; rather, plaintiffs allege Panda Mail "sent" them some of the emails in which Fluent advertised. (See FAC ¶¶ 4, 18, 25.) Given the FAC's lack of any allegation that Panda Mail "advertise[d] in" the challenged emails, see Cal. Bus. & Prof. Code § 17529.5(a), let alone facts in support thereof, Panda Mail argues that the § 17529.5 claim, as alleged against it, is subject to dismissal; in particular, Panda Mail argues, the statute only covers advertisers. In response, plaintiffs argue § 17529.5 is properly interpreted as applicable not only to an entity that advertises but also to one that sends an email containing or accompanied by an advertisement.

Neither party has cited a case that expressly addresses the issue presented, nor has the Court located any such authority. Where, as here, "the state's highest court has not decided an issue [of state law], the task of the federal courts is to predict how the state high court would resolve it," see Dimidowich v. Bell & Howell, 803 F.2d 1473, 1482 (9th Cir. 1986), and, as discussed below, the Court, applying principles of statutory interpretation set forth by the California Supreme Court, finds the California Supreme Court would interpret § 17529.5 in a manner consistent with the interpretation posited by

3

Panda Mail.

"When the [California] Legislature uses materially different language in statutory provisions addressing the same subject or related subjects, the normal inference is that the Legislature intended a difference in meaning." Kleffman v. Vonage Holdings Corp., 49 Cal. 4th 334, 342 (2010) (internal quotation and citation omitted). As relevant here, the California Legislature, in 2003, the year in which it enacted § 17529.5, also enacted, in the same bill, § 17529.2, which provides in relevant part as follows:

> Notwithstanding any other provision of law, a person or entity may not do any of the following:
>
> (a) Initiate or advertise in an unsolicited commercial e-mail advertisement from California or advertise in an unsolicited commercial e-mail advertisement sent from California.
>
> (b) Initiate or advertise in an unsolicited commercial e-mail advertisement to a California electronic mail address, or advertise in an unsolicited commercial e-mail advertisement sent to a California electronic mail address.

See Cal. Prof. & Bus. § 17529.2. In conjunction therewith, the Legislature defined "initiate" to mean "to transmit or cause to be transmitted a commercial e-mail advertisement or assist in the transmission of a commercial e-mail advertisement by providing electronic mail addresses where the advertisement may be sent," see Cal. Bus. & Prof. Code § 17529.1(i), thereby encompassing within the definition of "initiate" the act of sending commercial email advertisements, see id. As the Legislature chose to prohibit the acts identified in § 17529.2, when committed either by an advertiser in or sender of a commercial email, but chose to prohibit the acts identified in § 17529.5 only when committed by the former, the "normal inference" to be drawn, see Kleffman, 49 Cal. 4th at 342, is that the Legislature did not intend a sender of a commercial email, unless such sender is also an advertiser, to be liable under § 17529.5.

The above interpretation finds additional support in another principle of statutory interpretation, specifically, that where the Legislature has "considered, but rejected, proposed language" for inclusion in a statute, a court "may not judicially write the deleted provisions back into the [statute]." See Sierra Club v. California Coastal Commission, 35

4

Cal. 4th 839, 856 (2005); see also City of Santa Cruz v. Municipal Court, 49 Cal. 3d 74, 88-89 (1989) (holding courts "need not speculate . . . as to the Legislature's intentions," where "the Legislature [has] expressly considered and rejected [particular proposed language]") (emphasis in original). In this instance, the Legislature, in 2004, considered and passed Senate Bill 1457, which amended § 17529.5. (See Pls.' Req. for Judicial Notice Ex. A; Def.'s Req. for Judicial Notice Exs. J-M.)[3] The bill, as initially drafted, proposed amending § 17529.5 to expand its coverage to make it "unlawful for any person or entity to initiate or advertise in a commercial e-mail advertisement" containing or accompanied by false or misleading information. (See Def.'s Req. for Judicial Notice Ex. J.) When the Legislature later passed the bill, however, it deleted the words "to initiate" and, while amending other provisions of the statute, retained the existing language making it "unlawful for any person or entity to advertise in a commercial e-mail advertisement" containing or accompanied by false or misleading information. (See id. Exs. J, M.) Given the above-discussed legislative history, the Court cannot "judicially write" the words "to initiate" into § 17529.5. See Sierra Club, 35 Cal. 4th at 856.

Relying on their allegation that Panda Mail "conspired to send" Fluent advertisements to plaintiffs (see FAC, prayer ¶ D), plaintiffs next argue Panda Mail can be held liable under a theory of conspiracy. Even assuming a sender, under a theory of conspiracy, can ever be held liable for an advertiser's violation of § 17529.5,[4] however, plaintiffs fail to allege any facts to support their conclusory assertion that Panda Mail

---

[3] The parties' respective requests for judicial notice are hereby GRANTED. See Territory of Alaska v. American Can Co., 358 U.S. 224, 226 (1959) (holding courts, when interpreting statutes, may take judicial notice of "legislative history").

[4] "By its nature, tort liability arising from conspiracy presupposes that the coconspirator is legally capable of committing the tort, i.e., that he or she owes a duty to plaintiff recognized by law and is potentially subject to liability for breach of that duty." Applied Equipment Corp. v. Litton Saudi Arabia Ltd., 7 Cal. 4th 503, 511 (1994). As discussed above, unless Panda Mail advertised in the challenged emails, it cannot be held liable for a violation of § 17529.5. Consequently, it is unclear how it can held liable for a conspiracy to violate § 17529.5. As this issue has not been raised by Panda Mail, however, the Court does not further consider it herein.

5

1  conspired to violate § 17529.5.  See Kendall v. Visa U.S.A., Inc., 518 F.3d 1042, 1050

2  (9th Cir. 2008) (affirming dismissal of conspiracy claim where plaintiff alleged defendants

3  were "co-conspirators" without alleging "any evidentiary facts . . . to support such

4  conclusion").  Moreover, plaintiffs' allegation that Panda Mail was acting as Fluent's

5  "agent[ ]" when it sent the emails (see FAC ¶¶ 4, 79) precludes Panda Mail's liability on a

6  conspiracy theory, as "duly acting agents and employees cannot be held liable for

7  conspiracy with their own principals," see Applied Equipment Corp., 7 Cal. 4th at 512 &

8  n.4 (holding agents and employees can be held liable only when acting "for their

9  individual advantage").

10  Accordingly, the FAC, as alleged against Panda Mail, is subject to dismissal for

11  failure to plead facts sufficient to state a claim.

### 2. Rule (9)(b)

13  Panda Mail argues the FAC fails to state a claim for the additional reason that it

14  does not comply with Rule 9(b)

15  Rule 9(b) provides that, "[i]n alleging fraud . . ., a party must state with particularity

16  the circumstances constituting fraud."  See Fed. R. Civ. P. 9(b).  To do so, the plaintiff

17  must allege "the who, what, when, where, and how of the misconduct charged," see Vess

18  v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003), and, if the misconduct is

19  an alleged false statement, such plaintiff must "plead evidentiary facts" that establish the

20  "statement was untrue or misleading when made," see Fecht v. Price Co., 70 F.3d 1078,

21  1082 (9th Cir. 1995).

22  Here, the FAC does not identify the content of any of the "at least 75" emails

23  Panda Mail is alleged to have sent (see FAC ¶ 25), nor does it provide the date(s) on

24  which those emails were sent, the names of the plaintiff(s) to whom they were sent, or

25  any evidentiary facts to support a finding that any statement in any email sent by Panda

26  Mail was untrue or misleading at the time such email was sent.[5]  Consequently, the Court

---

[5] Although the FAC includes factual allegations sufficient to show some of the statements in some of the emails were untrue or misleading when made (see, e.g., FAC

agrees with Panda Mail that the FAC does not comply with Rule 9(b).

In response to the motion, plaintiffs do not argue to the contrary. Rather, plaintiffs take the position that Rule 9(b) does not apply to their § 17529.5 claim. In support thereof, plaintiffs rely on a district court decision that concluded fraud is not a "required element[ ]" of a claim brought under § 17529.5. See Asis Internet Services v. Optin Global, Inc., 2006 WL 1820902, at *3 (N.D. Cal. June 30, 2006) (listing, as "indispensable elements" of fraud claim, "a false representation, knowledge of its falsity, intent to defraud, justifiable reliance, and damages"). The district court in Asis went on to note, however, that courts nonetheless "look[ ] to whether [the] [p]laintiff has alleged either some fraudulent conduct or a unified course of fraudulent conduct," and, indeed, found Rule 9(b) applicable to certain of the plaintiff's claims therein. See id. at *4; see also Vess, 317 F.3d at 1103-04 (holding where "fraud is not an essential element" of statute, Rule 9(b) nonetheless applicable where claim is "grounded in fraud") (internal quotation and citation omitted).

Here, plaintiffs allege that "[d]efendants," including Panda Mail, "intended to deceive recipients of their spam messages through the use of falsified and/or misrepresented information in From Names, domain name registrations, and Subject Lines, and use of third parties' domain names without permission" (see FAC ¶ 90), that "[d]efendants went to great lengths to create falsified and misrepresented information contained in and accompanying the email headers in order to deceive recipients" (see FAC ¶ 91), that "[t]he unlawful elements of these spams represent willful acts of falsity and deception" (see FAC ¶ 95), and that plaintiffs "suffer[ed] damages by receiving the unlawful spams" (see FAC ¶ 85; see also FAC ¶ 5). In light of such allegations, the Court finds plaintiffs' § 17529.5 claim against Panda Mail is "grounded in fraud." See Vess, 317

---

¶ 54 (alleging "[s]ome of the spams have From Names that . . . are actively false, claiming that the spams are from third-party companies (or products) that have nothing to do with [d]efendants, e.g., 'Sams,' 'Samsung Galaxy S5,' 'Target,' and 'Walmart'")), plaintiffs have not alleged that any of those emails were sent by Panda Mail.

1  F.3d at 1103-04; Hypertouch, Inc. v. Azoogle.com, Inc., 2009 WL 734674, at *1 (N.D. Cal. March 19, 2009) (holding § 17529.5 claim must be pleaded in conformity with Rule 9(b) where plaintiff alleged defendants sent "fraudulent" emails with "intention of depriving a person of property" and "to trick" plaintiff, and that emails "harmed" plaintiff), aff'd, 386 Fed. Appx. 701, 702 (9th Cir. 2010) (noting § 17529.5 "speak[s] in terms of commercial e-mail advertisements that contain 'falsified,' 'misrepresented,' 'forged,' or misleading information, . . . terms common to fraud allegations"). In sum, plaintiffs are required to plead their claim against Panda Mail with the particularity required by Rule (9)(b), which they have failed to do.

Accordingly, the FAC, as alleged against Panda Mail, is subject to dismissal for the additional reason that it fails to comply with Rule 9(b).

### 3. Leave to Amend

In their opposition, plaintiffs assert that, if afforded an opportunity to do so, plaintiffs could allege that Panda Mail "is advertising in the spams as well as sending them." (See Pls.' Opp. at 11:21-22.) The Court will afford plaintiffs leave to amend to allege facts in support of such assertion; any such allegations, however, must be pleaded in conformity with Rule 9(b). Additionally, the Court will afford plaintiffs leave to amend to allege facts sufficient to state a conspiracy claim; again, any such allegations must be pleaded in conformity with Rule 9(b).

## B. Motions to Correct, to Substitute and to Amend

As set forth above, plaintiffs have filed three motions, each seeking leave to amend the FAC for a particular purpose. The Court considers the three motions in turn.

### 1. Motion to Correct Names of Doe Defendants

The FAC alleges that "Does 1 through 1,000" (see FAC ¶ 33) "registered [numerous specified] domain names used to send some of the spams at issue in a manner so as to prevent email recipients from discovering those Doe Defendants' true identities" (see id.), and that the Does are "legally responsible in some manner for the matters alleged in [the FAC]" (see FAC ¶ 34).

8

By the instant motion, plaintiffs seek leave to correct the names of seven of the Does, specifically, to name the following seven entities as defendants: North Island Marketing Corp., Experions.com LLC, HopeFind.net, Lakeshore Plaza, OfferDome.com, Ruchestty Partner, and Weight Control Metrics. According to the proposed Second Amended Complaint ("proposed SAC"),[6] each of those proposed defendants, with the exception of North Island Marketing Corp., "sent" emails to plaintiffs. (See proposed SAC ¶¶ 30, 31, 32, 34, 35, 37.) As to North Island Marketing Corp., the proposed SAC alleges said entity is "related" to existing defendant AdReaction, which is alleged to have "sent" emails to plaintiffs. (See proposed SAC ¶¶ 27-28.)

Although a "court should freely give leave [to amend] when justice so requires," see Fed. R. Civ. P. 15(a)(2), a "court does not err in denying leave to amend where the amendment would be futile," see Missouri ex rel. Koster v. Harris, 847 F.3d 646, 656 (9th Cir. 2017) (internal quotation and citation omitted). A proposed amendment "is futile when no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim." See id. (internal quotation and citation omitted).

Here, Panda Mail argues the proposed SAC is futile. The Court, for the reasons stated above with respect to Panda Mail's motion to dismiss, agrees; in particular, the FAC includes no allegation to support a finding that any of the seven proposed defendants advertised in one or more of the challenged emails. Although it is conceivable that plaintiffs, if they were to allege additional facts not in the proposed SAC, could state a claim against one or more of those seven proposed defendants, the SAC as currently proposed lacks any such facts.

Consequently, the motion to correct will be denied, but without prejudice to plaintiffs' filing a renewed motion, accompanied by a different proposed amended complaint. Should plaintiffs elect to do so, plaintiffs must allege facts to support a finding

---

[6] The proposed SAC is attached as Ex. B to plaintiffs' Motion for Leave to Amend Complaint.

that the proposed defendants violated § 17529.5; additionally, plaintiffs must comply with Rule 9(b), as, for the reasons stated above, plaintiffs' claim under § 17529.5 sounds in fraud.

Lastly, as both Panda Mail and Fluent point out, the Court has "discretion," pursuant to 28 U.S.C. § 1447(e), to deny "an attempt to join a non-diverse party" after an action has been removed on the basis of diversity. See Newcombe v. Adolf Coors Co., 157 F.3d 686, 691 (9th Cir. 1998). Here, although plaintiffs allege sufficient facts to support a finding that proposed defendant North Island Marketing Corp. is diverse in citizenship (see proposed SAC ¶¶ 8-18, 28), plaintiffs fail to allege sufficient facts from which the Court can ascertain the citizenship of Experions.com LLC, HopeFind.net, Lakeshore Plaza, OfferDome.com, Ruchestty Partner, and Weight Control Metrics.[7] If plaintiffs elect to renew the instant motion, plaintiffs should allege sufficient facts from which the Court can ascertain the citizenship of all proposed defendants.

**2. Motion to Substitute Name of Defendant**

Plaintiffs seek leave to substitute "Fluent LLC" as the correct name for "Fluent Inc." (See proposed SAC ¶ 20; FAC ¶ 19.) Other than arguing such substitution is "superfluous given that Fluent, LLC has appeared in this matter" (see Fluent's Opp. at 10:4-5), Fluent offers no reason for opposing the proposed substitution.

Accordingly, plaintiffs' motion to substitute will be granted.

//
//
//

---

[7] Plaintiffs fail to allege the citizenship of each owner or member of Experions.com LLC. See Johnson v. Columbia Properties Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) (holding LLC "is a citizen of every state of which its owners/members are citizens"). As to HopeFind.net, Lakeshore Plaza, OfferDome.com, Ruchestty Partner, and Weight Control Metrics, plaintiffs fail to allege the nature of each such entity. If any such entity is an LLC, plaintiffs will need to allege the citizenship of each owner or member, see id.; if any such entity is a corporation, plaintiffs will need to allege both the state in which it has its "principal place of business" and in which it is "incorporated," see 28 U.S.C. § 1332(c)(1).

### 3. Motion for Leave to Amend

Plaintiffs seek leave to file an SAC, in which they propose to include a number of amendments. Specifically, plaintiffs propose to:[8]

(1) add a new plaintiff, specifically, Bunny Segal, who is alleged to have received the same "spams" the existing plaintiffs received (see proposed SAC ¶¶ 4, 17, 58, 115);

(2) add three new defendants, specifically, 404 Publishing LLC, Anna Gracie, and LivingWyze.com, each of whom, plaintiffs claim, "sent" emails to Bunny Segal (see proposed SAC ¶¶ 26, 29, 33);[9]

(3) delete six defendants named in the FAC, specifically, Anglo Iditech, Priscila Arekelian, Concept Network, FortAnalysis8 Develop, Andres Mary and Diego Rufino, as well as factual allegations specific to those defendants (see, e.g., proposed SAC, caption);

(4) substitute, for the one currently provided in the FAC, a different "representative sample" of an unsolicited email (see proposed SAC ¶¶ 1, 2);

(5) add factual allegations setting forth the citizenship of some of the existing defendants (see proposed SAC ¶¶ 20-23);

(6) amend the number of emails allegedly sent (see, e.g., proposed SAC ¶¶ 1, 27, 36, 61, 116);

(7) add "domain names" allegedly "registered" by existing defendant Mohit Singla (see proposed SAC ¶ 24);

(8) add factual allegations regarding the relationship between existing defendants collectively referred to as "Fluent" (see proposed SAC ¶ 25);

(9) add factual allegations regarding the conduct of the "Does" (see proposed SAC

---

[8]The proposed SAC also includes the amendments sought in plaintiffs' motions to correct and to substitute. The Court lists here the amendments not identified in those two motions.

[9]In the proposed SAC, plaintiffs do not identify the recipient of the emails. In their motion, however, plaintiffs assert the three proposed new defendants sent emails to proposed plaintiff Bunny Segal. (See Pls.' Mot. for Leave to Amend at 7:10-12, 9:3-4.)

¶¶ 38-41, prayer ¶ O);

(10) add factual allegations to support an assertion that Fluent is engaged in a "scam" (see proposed SAC ¶ 54; see also proposed SAC ¶ 45-53, 55);

(11) add factual allegations in support of plaintiffs' existing assertion that plaintiffs did not "waive" their claims (see proposed SAC ¶ 60);

(12) add factual allegations regarding certain of the emails (see proposed SAC ¶¶ 72-74, 79; 83-84, 86, 90, 93, 95, 97); and

(13) amend their prayer for relief to revise the amount of statutory damages plaintiffs seek (see proposed SAC, prayer).

Neither Panda Mail nor Fluent states any opposition to the amendments identified above as (3) - (13), and the Court finds it appropriate to afford plaintiffs leave to make those changes. See Fed. R. Civ. P. 15(a)(2).

Both Panda Mail and Fluent do, however, oppose the addition of the three new defendants who sent emails to Bunny Segal, and Fluent opposes the addition of Bunny Segal as well.

To the extent plaintiffs seek leave to add new defendants, the Court, for the reasons set forth above with respect to plaintiffs' motion to correct, will deny the motion without prejudice. Also, as discussed above, should plaintiffs seek leave to amend to add defendants, plaintiffs must, in their proposed amended pleading, allege facts sufficient to state a claim against each, as well as comply with Rule 9(b) and include factual allegations from which the citizenship of any new defendant can be determined.[10]

Lastly, to the extent plaintiffs seek leave to add Bunny Segal as a plaintiff, the Court will grant the motion. Fluent's opposition thereto is based on its concern that such

---

[10]Plaintiffs fail to identify the citizenship of each owner or member of 404 Publishing LLC. See Johnson, 437 F.3d at 899. Plaintiffs fail to allege the nature of LivingWyze.com; if said entity is an LLC, plaintiffs will need to allege the citizenship of each owner or member, see id.; if it is a corporation, plaintiffs will need to allege both the state in which it has its "principal place of business" and in which it is "incorporated," see 28 U.S.C. § 1332(c)(1). Plaintiffs fail to allege the state of which Anna Gracie, an individual, is a citizen. See 28 U.S.C. § 1332(a)(1).

12

addition will bring into the case the three new defendants who assertedly sent emails to her. As discussed above, however, plaintiffs have not been afforded leave to add those defendants, and, given that Bunny Segal's claim against Fluent "aris[es] out of the same transaction, occurrence, or series of transactions or occurrences" as those of the existing plaintiffs and shares with them common "questions of law [and] fact," the proposed addition of such plaintiff meets the statutory standard for joinder. See Fed. R. Civ. P. 20(a)(1).

Accordingly, to the extent plaintiffs seek leave to add defendants, plaintiffs' motion for leave to amend will be denied, and, in all other respects, plaintiffs' motion will be granted.

**CONCLUSION**

For the reasons stated above:

1. Panda Mail's motion to dismiss is hereby GRANTED, and the FAC, to the extent alleged against Panda Mail, is hereby DISMISSED with leave to amend.

2. Plaintiffs' motion to correct the names of Doe defendants is hereby DENIED without prejudice.

3. Plaintiffs' motion to substitute "Fluent LLC" for "Fluent Inc." is hereby GRANTED.

4. Plaintiffs' motion for leave to amend is hereby DENIED without prejudice to the extent plaintiffs seek to add defendants, and in all other respects is hereby GRANTED.

5. Should plaintiffs wish to file an SAC for purposes of amending their claim against Panda Mail and/or to make the other changes the Court has allowed, plaintiffs shall file such SAC no later than October 6, 2017.

6. To the extent plaintiffs wish to add any new defendant(s), plaintiffs shall file a renewed motion for leave to amend.

**IT IS SO ORDERED.**

Dated: September 22, 2017

MAXINE M. CHESNEY
United States District Judge