IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIRA BLANCHARD, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>FLUENT LLC, et al.,<br><br>    Defendants. | Case No. 17-cv-04497-MMC<br><br>**ORDER GRANTING DEFENDANT SAUPHTWARE, INC.'S MOTION TO DISMISS; AFFORDING PLAINTIFFS FURTHER LEAVE TO AMEND; CONTINUING CASE MANAGEMENT CONFERENCE**<br><br>Re: Dkt. No. 37 |

    Before the Court is defendant Sauphtware, Inc., d/b/a Panda Mail's ("Panda Mail") motion, filed October 20, 2017, "to Dismiss Plaintiffs' Second Amended Complaint." Plaintiffs have filed opposition, to which Panda Mail has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court hereby rules as follows.[1]

    The Second Amended Complaint ("SAC") consists of a single cause of action, a claim under § 17529.5 of the California Civil Code, which prohibits advertising in commercial emails that contain specified types of false or misleading statements. By order filed September 22, 2017, the Court dismissed the First Amended Complaint ("FAC"), as alleged against Panda Mail, finding plaintiffs had pleaded no facts to show Panda Mail advertised in any email challenged by plaintiffs and, further, that plaintiffs had failed to comply with Rule 9(b) of the Federal Rules of Civil Procedure. The Court afforded plaintiffs leave to amend, and plaintiffs subsequently filed the SAC. By the instant motion, Panda Mail argues that plaintiffs have failed to cure the deficiencies

---

[1] By order filed November 22, 2017, the Court took the matter under submission.

identified in the Court's order of September 22, 2017, which arguments the Court next considers.

**A. Failure to Plead Facts to State a Claim**

Here, as noted, the SAC contains a single cause of action, specifically, a claim under § 17529.5. Section 17529.5(a) provides as follows:

> It is unlawful for any person or entity to advertise in a commercial e-mail advertisement either sent from California or sent to a California electronic mail address under any of the following circumstances:
>
> (1) The e-mail advertisement contains or is accompanied by a third-party's domain name without the permission of the third party.
>
> (2) The e-mail advertisement contains or is accompanied by falsified, misrepresented, or forged header information. This paragraph does not apply to truthful information used by a third party who has been lawfully authorized by the advertiser to use that information.
>
> (3) The e-mail advertisement has a subject line that a person knows would be likely to mislead a recipient, acting reasonably under the circumstances, about a material fact regarding the contents or subject matter of the message.

See Cal. Bus. & Prof. Code § 17529.5(a).

In the prior operative complaint, the FAC, plaintiffs included no allegation that Panda Mail advertised in any email challenged by plaintiffs, but only that Panda Mail had "sent" plaintiffs emails in which products and services of "Fluent" were advertised. (See FAC ¶¶ 4, 25, 40.)[2] In the SAC, plaintiffs now allege that three of the plaintiffs received from Panda Mail commercial emails "advertising Fluent's websites" (see SAC ¶¶ 19, 29, Ex. A at 1), and that Panda Mail also "advertis[ed] its own email marketing services" in "at least 77" of the "spam" emails at issue (see SAC ¶ 29). In support thereof, plaintiffs allege that "[m]ost of the 77 spams expressly identify Panda [Mail] in the body," that the "sending domain names for the 77 spams are registered to Panda [Mail],"[3] and that

---

[2] As used in the FAC and SAC, "Fluent" is a reference to defendants Fluent LLC, Reward Zone USA LLC, RewardsFlow LLC, American Prize Center LLC and Mohit Singla (see FAC ¶¶ 19-24; SAC ¶¶ 20-25); Fluent has filed an answer to the SAC.

[3] The "sending domain name" is included in the "From" line of an email. (See, e.g., SAC at 3.)

2

1 "domain names registered to Panda [Mail] appear in the source code and 'clickthrough' links of the spams." (See SAC ¶ 29.)

Panda Mail argues the new allegations are insufficient to support a finding that it advertised in the subject emails. As discussed below, the Court agrees.

First, although there could be circumstances where the inclusion in an email of the sender's name might constitute an advertisement for the sender's email marketing services, plaintiffs fail to allege any facts to support a finding that any inclusion of "Panda Mail" in the challenged emails constituted such an advertisement, nor have plaintiffs filed, as an exhibit to the SAC or otherwise, any email sent to them by Panda Mail. Consequently, the context in which "Panda Mail" is used in the emails is unknown.

Second, even assuming that a sending domain name could constitute an advertisement for the sender's email marketing services, none of the seventeen sending domain names identified in the SAC refer to "Panda Mail,"[4] and plaintiffs have failed to allege any facts to support a finding that the domain names used by Panda Mail otherwise would be understood as an advertisement for Panda Mail's services.

Third, even assuming the inclusion of a domain name in the source code or in a click-through link could constitute an advertisement for the sender's email marketing services, plaintiffs have failed to identify any domain name used by Panda Mail for such purposes, let alone alleged any facts to support a finding that those domain names would be understood as an advertisement for Panda Mail's services.

Lastly, to the extent plaintiffs allege that Panda Mail, by sending plaintiffs emails in which Fluent advertised, can be held liable under a conspiracy theory for violations of § 17529.5 alleged against Fluent (see SAC ¶¶ 94, 97-99), the claim fails. Plaintiffs allege

---

[4]Plaintiffs allege the "sending domain names" used by Panda Mail were as follows: "badbizbulletin.com, bangappletime.com, beggarsblog.com, blogconnections.com, blogdater.com, bloggaro.com, hitinternet.com, homechurchblog.com, hothotclick2.com, meetingsitevisit.com, propertysupersite.com, quickclickweb.com, sendnewsrelease.com, softarinoclick.com, stocknewsbulletin.com, superglobalnews.com [and] usamoblog.com." (See SAC ¶ 29.)

3

that Fluent "contracted with" Panda Mail to "advertise [Fluent's] websites for the purpose of selling Fluent's products and services" (see SAC ¶ 94), which relationship plaintiffs, in each of their prior pleadings, alleged to be an agency relationship (see Compl. ¶¶ 4, 6, 13, 70, 74; FAC ¶¶ 4, 6, 18, 75, 79).[5] Under California law, "duly acting agents" cannot be held liable for "conspiracy with their own principals," see Applied Equipment Corp. v. Litton Saudi Arabia Ltd., 7 Cal. 4th 503, 512 (1994), in the absence of a showing that such agents were acting "as individuals for their own individual advantage," see id. at 512 n.4. Although plaintiffs allege Panda Mail acted for its own advantage by "advertis[ing]" its own services in the emails advertising Fluent's products and services (see SAC ¶ 96), the SAC, as discussed above, fails to allege sufficient facts to support a finding that Panda Mail advertised its own services in the challenged emails.

Accordingly, the SAC, as alleged against Panda Mail, is subject to dismissal for failure to plead sufficient facts to support a finding that Panda Mail violated § 17529.5.

**B. Failure to Comply with Rule 9(b)**

Rule 9(b) provides that, "[i]n alleging fraud . . ., a party must state with particularity the circumstances constituting fraud." See Fed. R. Civ. P. 9(b).

In its order dismissing the FAC, the Court found plaintiffs had failed to comply with Rule 9(b) because the FAC did not "identify the content" of the emails Panda Mail sent, "provide the date(s) on which those emails were sent," state "the names of the plaintiff(s) to whom they were sent," or allege "any evidentiary facts to support a finding that any statement in any email sent by Panda Mail was untrue or misleading at the time such email was sent." (See Order, filed September 22, 2017, at 6:22-26.)

In an exhibit attached to the SAC, plaintiffs now identify the number of emails each

---

[5]As Panda Mail notes, plaintiffs, in drafting the SAC, deleted all references to Panda Mail's being Fluent's "agent." As Panda Mail further notes, allegations made in an amended complaint must be "consistent with the [prior] pleading" and "not contradict the allegations in the [prior] complaint." See Rodriguez v. Sony Computer Entertainment America, LLC, 801 F.3d 1045, 1054 (9th Cir. 2015) (internal quotation and citation omitted). Accordingly, the Court construes the SAC to allege, consist with the allegations in the initial complaint and the FAC, that Panda Mail acted as an agent for Fluent.

4

plaintiff received from Panda Mail (see SAC Ex. A. at 1),[6] the date on which each such email was received (see SAC Ex. A at 7-8, 15-18), and the "From Name" and "Subject" in each email panda Mail sent to a plaintiff (see id.). Said allegations suffice to cure in part the deficiencies identified in the Court's prior order. The remaining issue, however, is whether the SAC includes evidentiary facts to support a finding that any "From Name" or "Subject" was false or misleading.

Plaintiffs allege the following "From Names" are false because they "misrepresent who was advertising in the spams": "Thank You," "Facebook Survey," "Walmart-Survey-Rewards," "SHIPMENT 3249-42 (approved 06/25/14 14:40pm by D.A.)," "SHIPMENT 3249-42 (approved 11/09/15 14:40pm by D.A.," and "Samsung Galaxy Note Edge." (See SAC ¶¶ 69-70.) In the SAC, in support of such allegation, plaintiffs cite to Balsam v. Trancos, Inc., 203 Cal. App. 4th 1083 (2012). (See SAC ¶¶ 64, 69-70). In Balsam, the California Court of Appeal held "header information," which includes the "information that appears in the line identifying, or purporting to identify, a person initiating the message," see Balsam, 203 Cal. App. 4th at 1092, is "falsified or misrepresented for purposes of § 17529.5(a)(2) when [the sender] uses a sender domain name that neither identifies the actual sender on its face nor is readily traceable to the sender using a publicly available online database such as WHOIS," see id. at 1101.[7] Plaintiffs' citation to Balsam, however, is unavailing, as plaintiffs do not allege that the sender domain names used by Panda Mail were not readily traceable to Panda Mail using a publicly available online database. Moreover, subsequent to Balsam, the California Court of Appeal has clarified that even where a header does not identify "the official name of the entity that sent the e-mail" or "an entity whose domain name is traceable via a database such as WHOIS," a

---

[6]The exhibit refers to Panda Mail as "Sauphtware." (See id.)

[7]"WHOIS" is a "publicly available online database through which users can access information regarding domains, including the registrant's name, address, phone number, and e-mail address." See Rosolowski v. Guthy-Renker LLC, 230 Cal. App. 4th 1403, 1407 n.3 (2014) (internal quotation and citation omitted).

5

plaintiff cannot establish a claim under § 17529.5(a)(2) where "the sender's identity is readily ascertainable from the body of [the] e-mail," see Rosolowski, 230 Cal. App. 4th at 1416; here, plaintiffs do not allege they were unable to readily ascertain such identity from the body of the emails they received from Panda Mail.

Accordingly, plaintiffs have failed to comply with Rule 9(b) with respect to their claim that the "From Names" used by Panda Mail were false or misleading.

With respect to the "Subject," plaintiffs identify four "examples" alleged to be "absolutely false" (see SAC ¶¶ 84-85), and five other "examples" alleged to be "misleading relative to the contents of subject matter of the emails" (see SAC ¶¶ 87-88). Although, as to those nine "examples," plaintiffs further allege how each such "Subject" was false or misleading, none of those "examples" is the "Subject" of an email plaintiffs received from Panda Mail. (Compare SAC ¶¶ 85, 88 with SAC Ex. A at 7-8, 15-18.)

Accordingly, plaintiffs have failed to comply with Rule 9(b) with respect to their claim that the "Subjects" used by Panda Mail were false or misleading.

**C. Leave to Amend**

As the SAC reflects plaintiffs' first effort to plead advertising on the part of Panda Mail, the Court will afford plaintiffs one further opportunity to allege sufficient facts to support a finding that each "From Line" and "Subject" included in an email in which Panda Mail advertised its services was false or misleading. If plaintiffs do file a TAC, plaintiffs are directed to attach thereto or otherwise include therein a copy of each email that contains the language plaintiffs allege constitutes an advertisement for Panda Mail's email marketing services; to the extent two or more of the challenged emails contain the same language, plaintiffs may submit a representative example.[8]

---

[8]In support of its reply, Panda Mail submitted copies of three documents they received in discovery from plaintiffs, each of which appears to be an email Panda Mail sent to a plaintiff and which includes the phrase, "If you'd prefer not to receive future emails please click here or write us at: Panda Email, 6130 W Flamingo #504, Las Vegas, NV 89103." (See Def.'s Req. for Judicial Notice Exs. A-C.) To the extent plaintiffs, in a TAC, seek to rely on the above-quoted language, plaintiffs are directed to indicate in the TAC whether said language is included in the body of any such email or only appears when the recipient clicks on "Click Here" or another link.

6

**CONCLUSION**

For the reasons stated above:

1. Panda Mail's motion to dismiss is hereby GRANTED, and the SAC, to the extent alleged against Panda Mail, is hereby DISMISSED with leave to amend.

2. Should plaintiffs wish to file a TAC for purposes of amending their claim against Panda Mail to cure the deficiencies identified above, plaintiffs shall file such pleading no later than December 22, 2017. If plaintiffs do not timely file a TAC, the instant action will proceed, as presently alleged, against the remaining defendants.

In light of the above, the Case Management Conference is hereby CONTINUED from December 15, 2017, to March 2, 2018, at 10:30 a.m. A Joint Case Management shall be filed no later than February 23, 2018.

**IT IS SO ORDERED.**

Dated: December 1, 2017

_____
MAXINE M. CHESNEY
United States District Judge