IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIRA BLANCHARD, ET AL.,<br>    Plaintiffs,<br>v.<br>REWARD ZONE USA LLC, et al.,<br>    Defendants. | Case No. 17-cv-04497-MMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT**<br><br>Re: Dkt. No. 55 |

Before the Court is plaintiffs' "Motion for Leave to Amend Complaint," filed February 16, 2018. Defendants have filed opposition, to which plaintiffs have replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court rules as follows.[1]

Plaintiffs seek leave to file a Third Amended Complaint ("Proposed TAC"),[2] in which they seek to make eleven categories of amendments. (See Pls.' Mot. at 6:16 - 8:11.)

With respect to the categories identified in plaintiffs' motion as "1" and "3" through "11" (see id. at 6:20-22, 6:29 - 8:11), defendants state no opposition thereto, and, accordingly, to the extent plaintiffs seek leave to file a Third Amended Complaint that includes those amendments, the motion will be granted. See Fed. R. Civ. P. 15(a)(2).

Defendants do oppose, however, the remaining proposed amendment identified in plaintiffs' motion as "2," specifically, the addition of 404 Publishing LLC ("404 Publishing")

---

[1] By order filed March 19, 2018, the Court took the matter under submission.

[2] The Proposed TAC is attached as Exhibit B to the motion.

1 as a new defendant. In particular, defendants argue that an amendment adding 404 Publishing as a defendant would be futile, as, according to defendants, plaintiffs' proposed claim against said proposed defendant is barred by the applicable statute of limitations.

Although a "court should freely give leave [to amend] when justice so requires," see Fed. R. Civ. P. 15(a)(2), a "court does not err in denying leave to amend where the amendment would be futile," see Missouri ex rel. Koster v. Harris, 847 F.3d 646, 656 (9th Cir. 2017) (internal quotation and citation omitted). A proposed amendment "is futile when no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim," see id. (internal quotation and citation omitted), such as a proposed amendment to add a claim barred by the statute of limitations, see, e.g., Somoza-Vega v. Brown, 2013 WL 4827994, at *4-6 (D. Ariz. September 10, 2013) (denying motion to amend where claims against proposed new defendants were barred by statute of limitations).

Here, plaintiffs seek to assert against 404 Publishing a single cause of action, specifically, a claim under § 17529.5 of the California Business and Professions Code, which statute prohibits, under circumstances identified therein, advertising in commercial emails. See Cal. Bus. & Prof. Code § 17529.5(a) (listing three "circumstances" under which it is "illegal for any person or entity to advertise in a commercial e-mail"). As relief, plaintiffs seek an award of liquidated damages under § 17529.5(b)(1)(B)(ii), as well as a declaration that 404 Publishing violated § 17529.5(a). (See Proposed TAC, prayer for relief.) "[C]laims for liquidated damages under . . . § 17529.5(b)(1)(B)(ii) [are] subject to California Code of Civil Procedure § 340(a)'s one-year statute of limitations," see Hypertouch, Inc. v. Azoogle.com, 386 Fed. Appx. 701, 702-03 (9th Cir. 2009), as is plaintiffs' claim for declaratory relief, see Maguire v. Hibernia Savings & Loan Soc., 23 Cal. 2d 719, 734 (1944) (holding "period of limitations applicable to ordinary actions at law . . . should be applied in like manner to actions for declaratory relief").

//

In the Proposed TAC, plaintiffs allege that 404 Publishing advertised in and sent plaintiff Bunny Segal ("Segal") six emails that violated § 17529.5(a). (See Proposed TAC ¶¶ 17, Ex. A at 1.) Plaintiffs allege that two of those six emails were sent to Segal on November 5, 2016, and that the remaining four were sent on, respectively, November 7, 2016, November 8, 2016, November 12, 2016, and November 18, 2016. (See Proposed TAC Ex. A at 20.) Consequently, the limitations period for a claim under § 17529.5 based on even the latest of those emails expired on November 18, 2017, three months prior to the filing of the instant motion.

Plaintiffs do not argue their proposed claim against 404 Publishing relates back to the First Amended Complaint, filed December 20, 2016, or the Second Amended Complaint, filed October 6, 2017.[3] Rather, plaintiffs rely on the principle that an amended complaint is, for purposes of the statute of limitations, "deemed filed" on the date the plaintiff files a motion seeking leave to file the amended complaint. See Mayes v. AT&T Information Systems, Inc., 867 F.2d 1172, 1173 (8th Cir. 1989) (holding, "where [a] petition for leave to amend the complaint has been filed prior to expiration of the statute of limitations," even though "the entry of the court order and the filing of the amended complaint have occurred after the limitations period has expired . . . , the amended complaint is deemed filed within the limitations period"); Weiner v. Superior Court, 58 Cal. App. 3d 525, 529-31 (1976) (holding claim alleged for first time in amended complaint is deemed to have "commenced," for purposes of statute of limitations, on date motion for leave to amend is filed).

In that regard, although the instant motion for leave to amend was filed on February 16, 2018, a date subsequent to the expiration of the one-year limitations period, plaintiffs argue their claim against 404 Publishing nonetheless is timely in light of an earlier motion for leave to amend, specifically, their "Motion for Leave to Amend

---

[3] The initial complaint was filed September 16, 2016, a date before plaintiffs allege 404 Publishing violated § 17529.5.

3

1  Complaint," which was filed on August 11, 2017, a date within the limitations period, and
2  in which, <u>inter alia</u>, plaintiffs also sought leave to amend to add 404 Publishing as a
3  defendant. As set forth below, however, plaintiffs' reliance on the above-cited principle is,
4  in this instance, unavailing.

By order filed September 22, 2017, the Court denied plaintiffs' prior motion to amend to the extent plaintiffs sought leave to add 404 Publishing as a defendant, finding the proposed claim alleged against 404 Publishing was futile for the reason that plaintiffs failed to allege any facts to support a finding that 404 Publishing had violated § 17529.5. (<u>See</u> Order, filed September 22, 2017, at 12:16-18; <u>see also id.</u> at 3:21-5:15, 9:16-19.) Under such circumstances, the principle on which plaintiffs rely is inapplicable to the instant case. In particular, in each of the cases in which such principle has been applied, although the plaintiff therein had filed a motion to amend within the limitations period and the ruling thereon had been issued after the limitations period had expired, that plaintiff's motion, in contrast to the motion on which plaintiffs here rely, was granted. <u>See</u> <u>Mayes</u>, 867 F.2d at 1173; <u>Weiner</u>, 58 Cal. App. 3d at 529-31. Consequently, unlike in the above-cited cases, the proposed amended complaint submitted in connection with plaintiffs' prior motion to amend cannot be "deemed filed" on any date, let alone a date within the limitations period, as it "was never accepted by the district court." <u>See</u> <u>Angles v. Dollar Tree Stores, Inc.</u>, 494 Fed. Appx. 326, 330 (4th Cir. 2012) (rejecting, where motion to amend to add new claim was denied, argument that statute of limitations applicable to new claim was tolled on date plaintiffs filed said motion). In sum, an amendment to add plaintiffs' claim against 404 Publishing would be futile.[4]

//

---

[4] The Court notes that it denied plaintiffs' prior motion to amend almost two months before the expiration of the limitations period, leaving plaintiffs ample time to file within the limitations period either a separate complaint against 404 Publishing or, in the alternative, a new motion for leave to amend supported by a proposed amended complaint that included, as against 404 Publishing, a cause of action supported by sufficient factual allegations to state a claim. Plaintiffs, however, did neither.

4

Accordingly, to the extent plaintiffs seek leave to file a Third Amended Complaint that includes 404 Publishing as a defendant, the motion will be denied.

**CONCLUSION**

Plaintiffs' motion for leave to file a Third Amended Complaint is hereby GRANTED in part and DENIED in part as follows:

1. To the extent plaintiffs seek leave to file a Third Amended Complaint that includes the amendments identified in the motion as "1" and "3" through "11" (see Mot. at 6:20-22, 6:29 - 8:11), the motion is GRANTED.

2. To the extent plaintiffs seek leave to file a Third Amended Complaint that adds 404 Publishing as a defendant, the motion is DENIED.

3. Should plaintiffs wish to file a Third Amended Complaint for purposes of making the changes the Court has allowed, plaintiffs shall file such pleading no later than April 27, 2018.

**IT IS SO ORDERED.**

Dated: April 12, 2018

MAXINE M. CHESNEY
United States District Judge