IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIRA BLANCHARD, et al., <br>     Plaintiffs, <br>   v. <br> FLUENT LLC, et al., <br>     Defendants. | Case No. 17-cv-04497-MMC <br><br> **ORDER GRANTING PLAINTIFFS' MOTION TO REMAND; DENYING PLANITIFFS' REQUEST FOR COSTS** <br><br> Re: Dkt. No. 77 |

Before the Court is plaintiffs' "Motion to Remand and Request for Costs," filed July 25, 2018.[1] Defendant Fluent, LLC ("Fluent") has filed opposition, to which plaintiffs have replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court hereby rules as follows.[2]

On August 7, 2017, Fluent removed from state court plaintiffs' First Amended Complaint ("FAC"). The action now proceeds on the Third Amended Complaint ("TAC"), in which plaintiffs, as they did in the FAC, allege a single cause of action, specifically, a claim under § 17529.5 of the California Business and Professions Code. Section 17529.5 prohibits advertising in a commercial email that "contains or is accompanied by a third-party's domain name without the permission of the third party," see Cal. Bus. & Prof. Code § 17529.5(a)(1), "contains or is accompanied by falsified, misrepresented, or forged

---

[1] The motion also includes a request to "extend/vacate plaintiffs' deadlines" to respond to defendants' answer and pending motion for partial summary judgment. (See Mot. 9:7 - 10:11.) To such extent, the motion is moot, the Court having ruled on said request by order filed July 30, 2018.

[2] By order filed August 27, 2018, the Court took the matter under submission.

1 header information," see Cal. Bus. & Prof. Code § 17529.5(a)(2), or "has a subject line that a person knows would be likely to mislead a recipient, acting reasonably under the circumstances, about a material fact regarding the contents or subject matter of the message," see Cal. Bus. & Prof. Code § 17529.5(a)(3). Here, plaintiffs allege, they received commercial emails advertising Fluent's "products and services" (see TAC ¶¶ 1, 45), which emails "had materially falsified and/or misrepresented information contained in or accompanying the email headers, contained [s]ubject [l]ines that were misleading in relation to the bodies of the emails, and/or contained third parties' domain names without permission" (see TAC ¶ 109).

Plaintiffs argue the entirety of the above-titled action should be remanded, for the reason that defendants cannot show plaintiffs have standing under Article III of the United States Constitution. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992) (holding "party invoking federal jurisdiction bears the burden of establishing [the] elements [of standing]"); Polo v. Innovations Int'l, LLC, 833 F.3d 1193, 1196 (9th Cir. 2016) (citing "rule" that "a removed case in which the plaintiff lacks Article III standing must be remanded to state court").

Article III standing consists of "three elements," the first of which is "an injury in fact." See Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1547 (2016). Where a plaintiff lacks an "injury in fact" caused by the assertedly wrongful conduct of the defendant, the plaintiff lacks standing under Article III and, consequently, the district court lacks subject matter jurisdiction over the claim. See id. To establish an "injury in fact," the plaintiff must show he "suffered an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical." See id. at 1548 (internal quotations and citation omitted). A plaintiff "does not automatically satisfy the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right"; the requirement is satisfied only where the alleged statutory violation "caused [the plaintiff] to suffer some harm that actually exists in the world." See Robins v. Spokeo, Inc., 867 F.3d 1108, 1112 (9th Cir.

2017) (internal quotation, citation and alteration omitted).

In the instant case, plaintiffs do not allege in the TAC, nor did they allege in prior versions of the complaint, any facts to support a finding that they have been injured by reason of their receipt of the subject emails. Nevertheless, Fluent argues, for purposes of Article III, an allegation that a plaintiff received an email sent in violation of § 17529.5(a) suffices. In support of such argument, Fluent relies on Van Patten v. Vertical Fitness Group, LLC, 847 F.3d 1037 (9th Cir. 2017).

In Van Patten, the Ninth Circuit considered the showing needed to establish standing to bring a claim under a different statute, the Telephone Consumer Protection Act ("TCPA"), which prohibits "making nonemergency, unsolicited calls advertising property, goods, or services using automatic dialing systems and prerecorded messages to telephones," see id. at 1041 (internal quotation and citation omitted), and determined a violation of that statute constitutes "a concrete, de facto injury" for purposes of Article III standing, see id. at 1043. In arriving at such decision, the Ninth Circuit, first noting that Congress, in enacting the TCPA, had made specific findings that "unrestricted telemarketing can be an intrusive invasion of privacy and [is] a nuisance," see id. (internal quotation and citation omitted), and further noting that "[u]nsolicited telemarketing phone calls or text messages, by their nature, invade the privacy and disturb the solitude of their recipients," concluded that a plaintiff alleging a violation of the TCPA need not, for purposes of Article III, assert any harm other than the receipt of an unsolicited telephone call or text message, see id.

Irrespective of whether the sending of unsolicited commercial emails likewise can be deemed an invasion of privacy or a nuisance, however, § 17529.5(a), by contrast, does not prohibit such activity. Consequently, the reasoning set forth in Van Patten is inapplicable to § 17529.5(a), which only prohibits false or misleading advertising. In other words, its purpose is to protect against harm caused by the content of commercial speech, not the willingness with which it is received.

Where, as here, a plaintiff brings a claim under a statute prohibiting the making of

3

false or misleading commercial speech, courts have found the plaintiff, to have standing, must allege an injury caused by such speech. See, e.g., Reid v. Johnson & Johnson, 780 F.3d 952, 958 (9th Cir. 2015) (holding, to establish Article III standing under California statutes prohibiting "false advertising," plaintiff "must meet an economic injury-in-fact requirement," such as by showing product was purchased in reliance on challenged advertisement); TrafficSchool.com, Inc. v. Edriver, Inc., 653 F.3d 820, 825 (9th Cir. 2011) (holding, for plaintiff/competitor to have standing to bring claim for "false advertising" under Lanham Act, plaintiff must show defendant's advertising has or could "harm plaintiff's business"); Beyond Systems, Inc. v. Kraft Foods, Inc., 972 F. Supp. 2d 748, 752, 766 (D. Md. 2013) (rejecting argument that standing to bring claim under § 17529.5, as well as under analogous Maryland state statute, can be established by showing "mere receipt of the offending e-mails").

As noted, plaintiffs do not allege any facts to support a finding that they have incurred an injury from their receipt of the challenged emails. Nor has Fluent otherwise shown such an injury was incurred. Consequently, Fluent has failed to show plaintiffs have standing under Article III. See FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 231(1990) (holding standing must "affirmatively appear in the record") (internal quotation and citation omitted).

Accordingly, to the extent plaintiffs seek an order remanding the above-titled action to state court, the motion will be granted. See Polo, 833 F.3d at 1197 (holding district court lacks subject matter jurisdiction over removed complaint that "lack[s] a named plaintiff with Article III standing"); see also 28 U.S.C. § 1447(c) (providing "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded").

Lastly, plaintiffs' request for an award of costs, in the form of attorney's fees, will be denied. Although courts "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal," see 28 U.S.C. § 1447(c), such an award, "[a]bsent unusual circumstances," ordinarily is appropriate "only where

the removing party lacked an objectively reasonable basis for seeking removal," see Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).  Here, as the issues presented by the instant motion have not been directly addressed in binding authority, the Court declines to find Fluent lacked an objectively reasonable basis for seeking removal and opposing the instant motion to remand.

## CONCLUSION

For the reasons stated:

1. Plaintiffs' motion to remand is hereby GRANTED, and the above-titled action is hereby REMANDED to the Superior Court of California, in and for the County of San Francisco.

2. Plaintiffs' request for an award of costs is hereby DENIED.

**IT IS SO ORDERED.**

Dated: September 13, 2018

MAXINE M. CHESNEY
United States District Judge